IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROMOS TECHNOLOGIES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) C.A. No. 06-788 (JJF) |
| FREESCALE SEMICONDUCTOR, INC., | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT FREESCALE'S ANSWER, ADDITIONAL
DEFENSES, AND COUNTERCLAIMS TO PROMOS'S COMPLAINT
FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Freescale Semiconductor, Inc. ("Freescale"), defendant in the above-entitled and numbered civil litigation, responds to the Complaint For Patent Infringement And Demand For Jury Trial of ProMOS Technologies, Inc. ("ProMOS") as follows:

**PARTIES**

1. Admitted.

2. Admitted.

3. As to the first sentence in Paragraph 3, admitted. As to the second sentence, Freescale admits that it is engaged in the business of designing, manufacturing, and selling semiconductor products, and that it is engaged in the business of selling semiconductor products, including microcontrollers and processors. Except as expressly admitted above, Freescale denies the allegations in this Paragraph.

## JURISDICTION AND VENUE

4. Admitted.

5. Admitted that some of Freescale's products are placed into the stream of commerce in the United States. Because Freescale is without knowledge or information regarding the identity of the "products related to this action," Freescale is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, denies these allegations.

6. Admitted.

7. Admitted that venue is proper in this judicial district and that Freescale is incorporated in this judicial district. Except as expressly admitted above, Freescale denies the allegations in this Paragraph.

## STATEMENT OF THE CLAIM

8. Freescale admits that United States Letters Patent No. 5,488,709 ("the '709 patent") entitled "Cache Including Decoupling Register Circuits" was issued on January 30, 1996, but denies any further characterization of the '709 patent. Freescale is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding inventorship and ownership history, or as to the truth of the allegation that ProMOS is the current legal owner of all rights, title, and interest in the '709 patent. Except as expressly admitted above, Freescale denies the allegations in this Paragraph.

9. Freescale admits that United States Letters Patent No. 5,732,241 ("the '241 patent") entitled "Random Access Cache Memory Controller and System" was issued on March 24, 1998, but denies any further characterization of the '241 patent. Freescale is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding

inventorship and ownership history, or as to the truth of the allegation that ProMOS is the current legal owner of all rights, title, and interest in the '241 patent. Except as expressly admitted above, Freescale denies the allegations in this Paragraph.

10. Freescale admits that United States Letters Patent No. 6,670,267 ("the '267 patent") entitled "Formation of Tungsten-Based Interconnect Using Thin Physically Vapor Deposited Titanium Nitride Layer" was issued on December 30, 2003, but denies any further characterization of the '267 patent. Freescale is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding inventorship and ownership history, or as to the truth of the allegation that ProMOS is the current legal owner of all rights, title, and interest in the '267 patent. Except as expressly admitted above, Freescale denies the allegations in this Paragraph.

11. Denied.

12. Denied.

### COUNT I
**(DIRECT INFRINGEMENT OF THE '709, '241, AND '267 PATENTS)**

13. Freescale refers to and incorporates herein its answers in Paragraphs 1-12, above.

14. Denied.

15. Freescale admits that it has knowledge of the '709 patent, the '241 patent, and the '267 patent. Except as expressly admitted above, Freescale denies the allegations in this Paragraph.

16. Denied.

## COUNT II
### (INDUCEMENT TO INFRINGE THE '709, '241, AND '267 PATENTS)

17. Freescale refers to and incorporates herein its answers in Paragraphs 1-16, above.

18. Denied.

19. Denied.

20. Denied.

## COUNT III
### (CONTRIBUTORY INFRINGEMENT OF THE '709 AND '241 PATENTS)

21. Freescale refers to and incorporates herein its answers in Paragraphs 1-20, above.

22. Denied.

23. Denied.

## FREESCALE'S ADDITIONAL DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Freescale did not, and does not, either literally or under the doctrine of equivalents, directly infringe, or indirectly infringe by contribution to or inducement of, any valid and/or enforceable claim of the '709, '241, and/or '267 patents.

3. The claims of the '709, '241 and '267 patents are invalid for failing to comply with one or more of the requirements for patentability specified by Title 35 U.S.C. § 101 et seq., including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

4. ProMOS is estopped from construing the claims of the '709, '241 and '267 patents to cover or include, either literally or by application of the doctrine of equivalents,

methods used or devices manufactured, used, imported, sold, or offered for sale by Freescale because of admissions and statements to the PTO during prosecution of the applications leading to the issuance of the patents, disclosure or language in the specifications of the patents, and/or limitations in the claims of the patents.

5.   The relief sought by ProMOS is barred in whole or in part by the doctrine of laches.

6.   ProMOS is equitably estopped from pursuing claims under the '709, '241 and '267 patents.

7.   ProMOS's claim for damages is statutorily limited by 35 U.S.C. § 286.

8.   ProMOS's claim for damages is statutorily limited by 35 U.S.C. § 287.

## FREESCALE'S COUNTERCLAIMS

1.   Freescale Semiconductor, Inc. ("Freescale") is a corporation duly organized under the laws of the State of Delaware, having a principal place of business at 6501 William Cannon Drive West, Austin, Texas 78735.

2.   ProMOS Technologies, Inc. ("ProMOS") is a Taiwanese company, having a principal place of business at No. 19, Li-Hsin Road, Hsinchu Science Park, Hsinchu, Taiwan 30078, R.O.C.  This Court has personal jurisdiction over ProMOS by virtue of ProMOS's filing of the Complaint in this matter.  Furthermore, ProMOS has established minimum contacts with the forum by manufacturing and/or assembling products that are and have been offered for sale, sold, and purchased in this judicial district.  ProMOS, directly and/or through its distribution network, places its Dynamic Random Access Memories ("DRAMs") within the stream of commerce, which stream is directed at this district.  Therefore, the exercise of jurisdiction over ProMOS would not offend traditional notions of fair play and substantial justice.

3.  This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, and 2201 as it arises under the Act of Congress relating to patents.

4.  Venue is proper in this district under 28 U.S.C. §§ 1391(b), (c), (d), and 1400(b).

### COUNT I
#### DECLARATORY JUDGMENT FOR INVALIDITY AND NON-INFRINGEMENT OF UNITED STATES PATENT NO. 5,488,709

5.  Freescale incorporates by reference the allegations set forth in Paragraphs 1-4 of its Counterclaims, above.

6.  Freescale has not, either literally or under the doctrine of equivalents, directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '709 patent, nor is Freescale, either literally or under the doctrine of equivalents, directly infringing, contributing to infringement of, or inducing infringement of any valid claim of the '709 patent.

7.  The '709 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35, U.S.C. § 101 *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

8.  An actual controversy exists between Freescale and ProMOS regarding the alleged infringement and validity of the '709 patent by virtue of ProMOS's allegation of infringement.

9.  Freescale is entitled to judgment from this Court that the '709 patent is not infringed by Freescale and is invalid.

10. This case is an exceptional case pursuant to 35 U.S.C. § 285 entitling Freescale to an award of its attorneys' fees.

## COUNT II

**DECLARATORY JUDGMENT FOR INVALIDITY AND NON-INFRINGEMENT OF UNITED STATES PATENT NO. 5,732,241**

11.     Freescale incorporates by reference the allegations set forth in Paragraphs 1-10 of its Counterclaims, above.

12.     Freescale has not, either literally or under the doctrine of equivalents, directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '241 patent, nor is Freescale, either literally or under the doctrine of equivalents, directly infringing, contributing to infringement of, or inducing infringement of any valid claim of the '241 patent.

13.     The '241 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35, U.S.C. § 101 *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

14.     An actual controversy exists between Freescale and ProMOS regarding the alleged infringement and validity of the '241 patent by virtue of ProMOS's allegation of infringement.

15.     Freescale is entitled to judgment from this Court that the '241 patent is not infringed by Freescale and is invalid.

16.     This case is an exceptional case pursuant to 35 U.S.C. § 285 entitling Freescale to an award of its attorneys' fees.

## COUNT III

**DECLARATORY JUDGMENT FOR INVALIDITY AND NON-INFRINGEMENT OF UNITED STATES PATENT NO. 6,670,267**

17.     Freescale incorporates by reference the allegations set forth in Paragraphs 1-16 of its Counterclaims, above.

- 8 -

18. Freescale has not, either literally or under the doctrine of equivalents, directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '267 patent, nor is Freescale, either literally or under the doctrine of equivalents, directly infringing, contributing to infringement of, or inducing infringement of any valid claim of the '267 patent.

19. The '267 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35, U.S.C. § 101 *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

20. An actual controversy exists between Freescale and ProMOS regarding the alleged infringement and validity of the '267 patent by virtue of ProMOS's allegation of infringement.

21. Freescale is entitled to judgment from this Court that the '267 patent is not infringed by Freescale and is invalid.

22. This case is an exceptional case pursuant to 35 U.S.C. § 285 entitling Freescale to an award of its attorneys' fees.

**PRAYER FOR RELIEF**

Freescale prays for the following relief:

A. That the Court enter judgment that ProMOS is not entitled to any relief with respect to its allegations against Freescale;

B. That the Court enter a judgment that Freescale has not infringed and is not infringing directly, or indirectly by way of inducing or contributing to infringement of, whether willfully or otherwise, any valid and/or enforceable claim of the '709, '241 and '267 patents, as alleged by ProMOS;

C. That the Court enter a declaratory judgment that the claims of the '709, '241, and '267 patents are invalid;

D. That the Court enter a declaratory judgment that Freescale has not infringed and does not infringe the '709, '241, and '267 patents;

E. That the Court declare this an exceptional case and award Freescale its costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

F. That the Court award Freescale such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
302.658.9200

*Attorneys for Freescale Semiconductor, Inc.*

OF COUNSEL:

Michael J. Newton
Jason W. Cook
Stacey L. Garrett
JONES DAY
2727 North Harwood Street
Dallas, TX  75201-1515
214.220.3939

Kevin P. Ferguson
John M. Michalik
JONES DAY
77 West Wacker
Chicago, IL  60601-1692
312.782.3939

F. Drexel Feeling
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
216.586.3939

Dated:  January 22, 2007
680855

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2007, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

>Steven J. Balick, Esquire
>ASHBY & GEDDES

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on January 22, 2007 upon the following individuals in the manner indicated:

**BY E-MAIL AND HAND DELIVERY**

Steven J. Balick, Esquire
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE  19899

**sbalick@ashby-geddes.com**

**BY E-MAIL**

William H. Wright, Esquire
HOGAN & HARTSON LLP
**whwright@hhlaw.com**

Steven J. Routh, Esquire
HOGAN & HARTSON LLP
**sjrouth@hhlaw.com**

Sten A. Jensen, Esquire
HOGAN & HARTSON LLP
**sajensen@hhlaw.com**

*/s/ Mary B. Graham*

Mary B. Graham (#2256)