**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PROMOS TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 06-788-JJF |
| v. ) | |
| ) | |
| FREESCALE SEMICONDUCTOR, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF PROMOS TECHNOLOGIES, INC.'S**
**REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANT**
**FREESCALE SEMICONDUCTOR, INC.'S COUNTERCLAIMS**

Plaintiff ProMOS Technologies, Inc. ("ProMOS"), by its undersigned attorneys, hereby responds to the Counterclaims filed by Defendant Freescale Semiconductor, Inc. ("Freescale") with the following Reply and Affirmative Defenses:

**REPLY TO FREESCALE'S COUNTERCLAIMS**

1.  ProMOS admits the allegations in paragraph 1.

2.  ProMOS admits the allegations in the first sentence in paragraph 2. With respect to the allegations in the second sentence in paragraph 2, ProMOS admits that it filed a Complaint in the above-captioned matter in this jurisdiction. The remainder of the second sentence of paragraph 2 states a legal conclusion as to which no response is required. To the extent a response is nonetheless deemed to be required, ProMOS states that it does not contest personal jurisdiction in this matter. With respect to the allegations in the third sentence in paragraph 3, ProMOS lacks knowledge or information sufficient to form a belief as to whether its products have been offered for sale, sold, and/or purchased in this judicial district. With respect to the remaining allegations in the third sentence of paragraph 2, they state a legal conclusion as to

which no response is required. To the extent a response is nonetheless deemed to be required, ProMOS states that it does not contest personal jurisdiction in this matter. With respect to the allegations in the fourth sentence of paragraph 4, ProMOS admits that it places its semiconductor memory products, including dynamic random access memories ("DRAMS") and synchronous dynamic random access memories ("SDRAMS") within the stream of commerce directly and/or through its distribution network. ProMOS lacks knowledge or information sufficient to form a belief as to whether that stream of commerce is directed at this judicial district. The fifth sentence of paragraph 2 states a legal conclusion as to which no response is required. To the extent a response is nonetheless deemed to be required, ProMOS states that it does not contest personal jurisdiction in this matter.

3. ProMOS admits the allegations in paragraph 3.

4. ProMOS admits the allegations in paragraph 4.

## COUNT I

**Declaratory Judgment for Invalidity and Non-Infringement Of United States Patent No. 5,488,709 ("the '709 patent")**

5. In response to the allegations in paragraph 5, ProMOS re-alleges its responses to paragraphs 1-4 of Freescale's Counterclaim as if fully set forth herein.

6. ProMOS denies the allegations in paragraph 6.

7. ProMOS denies the allegations in paragraph 7.

8. In response to the allegations in paragraph 8, ProMOS admits that an actual controversy exists between it and Freescale by virtue of Freescale's infringement of the '709 patent. The remainder of paragraph 8 is denied.

9. ProMOS denies the allegations in paragraph 9.

10. ProMOS denies the allegations in paragraph 10.

## COUNT II

**Declaratory Judgment for Invalidity and Non-Infringement Of
United States Patent No. 5,732,241 ("the '241 patent")**

11.     In response to the allegations in paragraph 11, ProMOS re-alleges its responses to paragraphs 1-10 of Freescale's Counterclaim as if fully set forth herein.

12.     ProMOS denies the allegations in paragraph 12.

13.     ProMOS denies the allegations in paragraph 13.

14.     In response to the allegations in paragraph 14, ProMOS admits that an actual controversy exists between it and Freescale by virtue of Freescale's infringement of the '241 patent. The remainder of paragraph 14 is denied.

15.     ProMOS denies the allegations in paragraph 15.

16.     ProMOS denies the allegations in paragraph 16.

## COUNT III

**Declaratory Judgment for Invalidity and Non-Infringement Of
United States Patent No. 6,670,267 ("the '267 patent")**

17.     In response to the allegations in paragraph 17, ProMOS re-alleges its responses to paragraphs 1-16 of Freescale's counterclaim as if fully set forth herein.

18.     ProMOS denies the allegations in paragraph 18.

19.     ProMOS denies the allegations in paragraph 19.

20.     In response to the allegations in paragraph 20, ProMOS admits that an actual controversy exists between it and Freescale by virtue of Freescale's infringement of the '267 patent. The remainder of paragraph 20 is denied.

21.     ProMOS denies the allegations in paragraph 21.

22.     ProMOS denies the allegations in paragraph 22.

## RESPONSE TO FREESCALE'S PRAYER
## FOR RELIEF AND AFFIRMATIVE DEFENSES

ProMOS denies that Freescale is entitled to any relief whatsoever against ProMOS in this action, either as prayed for in its Counterclaims or otherwise. ProMOS further denies the allegations in Freescale's First through Eighth Affirmative Defenses.

## AFFIRMATIVE DEFENSES

Further replying to Freescale's Counterclaims, ProMOS asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim upon which relief can be granted.

## DEMAND FOR A JURY TRIAL

ProMOS hereby requests a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all issues so triable.

WHEREFORE, having fully replied, ProMOS prays that Freescale's Counterclaims be dismissed with prejudice and that ProMOS be awarded its costs and attorneys' fees and such other relief as this Court deems just and proper.

 

ASHBY & GEDDES

/s/ *John G. Day*

_____
Steven J. Batlick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
Telephone: (302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*
*ProMOS Technologies, Inc.*

*Of Counsel*:

William H. Wright
Hogan & Hartson LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4672
Facsimile: (31) 785-4601
E-Mail: whwright@hhlaw.com

Steven J. Routh
Sten A. Jensen
Hogan & Hartson LLP
555 Thirteenth Street, NW
Washington, DC  20004
Telephone: (202) 637-6472
Facsimile: (202) 637-5910
E-Mail:sjrouth@hhlaw.com
sajensen@hhlaw.com

Dated:  February 2, 2007
177412.1