# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

April 18, 2007

The Honorable Joseph J. Farnan                          *VIA ELECTRONIC FILING*
United States District Court
844 King Street
Wilmington, Delaware 19801

Re:     *ProMOS Technologies, Inc. v. Freescale Semiconductor, Inc.*
         C.A. No. 06-788-JJF

Dear Judge Farnan:

In preparation for the Rule 16 conference scheduled for Friday April 20, 2007 at 11:35 a.m., the parties to the above action jointly submit the enclosed proposed Scheduling Order for the Court's consideration. For Your Honor's convenience, with respect to dates and issues on which the parties do not agree, the plaintiff's proposals are highlighted in blue type, and the defendant's proposals are highlighted in red type.

Respectfully,

*/s/ John G. Day*

John G. Day

JGD/rg
Enclosure
179823.1

c:     Mary B. Graham, Esquire (by hand; w/ enclosure)
        Sten A. Jensen, Esquire (via electronic mail; w/ enclosure)
        David L. Witcoff, Esquire (via electronic mail; w/ enclosure)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PROMOS TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-788-JJF |
| | ) | |
| FREESCALE SEMICONDUCTOR, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**RULE 16 SCHEDULING ORDER**

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

1.    **PRE-DISCOVERY DISCLOSURES**.  The parties will exchange by **April 30,
2007**, the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.    **JOINDER OF OTHER PARTIES**.  All motions to join other parties shall be
filed on or before **May 30, 2007**.

3.    **DISCOVERY**.

(a)    Exchange and completion of contention interrogatories, identification of
fact witnesses and document production shall be commenced so as to be completed by
[Plaintiff's Proposal: **July 15, 2007**.] [Defendant's Proposal: **September 15, 2007**.]  Fact
discovery shall be completed by [Plaintiff's Proposal: **December 20, 2007**.] [Defendant's
Proposal: **February 28, 2008**.]

(b)    A maximum of **thirty-five (35)** interrogatories, including contention
interrogatories, for each side.

\\\DC - 022856/000005 - 2493129 v1

(c)    A maximum of **sixty (60)** requests for admission by each side.

(d)    Each side is allotted ninety (90) hours of fact depositions, with each fact deposition, other than depositions pursuant to Rule 30(b)(6), to be limited to seven (7) hours unless otherwise agreed by the parties or permitted by the Court. [Defendant's proposal: Because he is the inventor of two of the three asserted patents, Mr. Chan may be deposed for 14 hours.] Depositions which require a translator shall be accounted for with a reduction of [Plaintiff's proposal: one third of the actual time (i.e. every three hours of a foreign language deposition will count as two hours).] [Defendant's proposal: one half of the actual time (i.e., every two hours of a foreign language deposition will count as one hour).] With the exception of technical experts who submit reports relating to the Chan patents, depositions of expert witnesses shall be limited to seven (7) hours per expert; in the event a party designates a single expert who submits multiple reports, the deposition of that expert shall be limited to seven (7) hours per report submitted. After expert reports have been exchanged, the parties will confer and attempt to agree on appropriate limitations for depositions of technical experts relating to the Chan patents. In the event the parties cannot agree as to appropriate time limits for such expert depositions, they will promptly present the issue to the Court for resolution.

(e)    Reports from retained experts required by Fed. R. Civ. P. 26 (a)(2) are due from the party carrying the burden of proof on an issue by [Plaintiff's proposal: **December 20, 2007**.] [Defendant's proposal: **March 28, 2008**, or thirty (30) days after the Markman ruling, whichever is later.] Responsive expert reports are due by [Plaintiff's proposal: **January 25, 2008**.] [Defendant's proposal: **April 28, 2008**, or thirty (30) days after the opening reports, whichever is later.] Only the final expert report served on an opposing party and the materials which the expert relied upon or otherwise considered in forming his or her opinions are

discoverable.  Draft reports, draft declarations or draft affidavits, or notes taken by experts or prepared by testifying experts will not be subject to discovery.  Documents relating to communications between experts and counsel (including e-mail communications), except for documents, information, and things included in or attached to such communications that are relied upon by the expert in his or her expert report, will not be subject to discovery.

(f)    Unless otherwise agreed in writing by the parties or ordered by the Court, any party desiring to depose an expert witness shall notice and complete said deposition no later than the Expert Discovery Cut-off of [Plaintiff's proposal **February 29, 2008**.] [Defendant's proposal: **May 30, 2008**, or five (5) weeks after the answering reports, whichever is later.]

(g)    [Defendant's proposal: Discovery on the issue of willful infringement is stayed until after trial on the liability issues.] [Note:  if the Court does not wish to stay willfulness discovery, the parties would agree on the following language for paragraph 3(g): Defendant shall disclose any opinion of counsel upon which it may wish to rely as a defense to willful infringement and furnish related documents and privilege logs pertinent to willful infringement five (5) weeks before the deadline to complete fact discovery set forth in paragraph 3(a) above.]

(h)    With the exception of documents relating to the issue of willful infringement to be handled pursuant to paragraph 3(g) above, privileged documents and things created, and communications made after, the filing of this lawsuit or relating to the parties' pre-filing license negotiations are not required to be logged.

4.    **NON-CASE DISPOSITIVE MOTIONS.**

(a)    Any non-case dispositive motion, along with an Opening Brief, shall be filed with a Notice of Motion.

(b)    The Notice of Motion shall indicate the Motion Day on which the movant seeks to have the motion heard.  The Motion Day selected shall be within thirty (30) days of the filing of the motion and allow for briefing in accordance with the Federal and Local Rules.

(c)    Upon filing of the Notice of Motion, a copy of said Notice should be sent to chambers at: jjf_civil@ded.uscourts.gov.

(d)    At the motion hearing, each side is allocated twenty (20) minutes to argue and respond to questions from the Court.

5.    **AMENDMENT OF THE PLEADINGS**.  All motions to amend the pleadings shall be filed on or before **July 16, 2007**.

6.    **CASE DISPOSITIVE MOTIONS**.  Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before [Plaintiff's proposal: **March 14, 2008**.] [Defendant's proposal: **June 20, 2008**, or three weeks after the close of expert discovery, whichever is later.]  Briefing shall be pursuant to D. Del. LR 7.1.2.  No case dispositive motion may be filed more than ten (10) days prior to the above date without leave of the Court.  The Court will issue a separate Order regarding procedures for filing summary judgment motions.

7.    **MARKMAN**.  [Plaintiff's proposal:  A Markman Hearing will be held on **October 26, 2007.**  Opening Markman briefs shall be served and filed on or before **October 1, 2007**.  Responsive Markman briefs shall be served and filed on or before **October 21, 2007**.]

[Defendant's proposal: A Markman Hearing will be held in **mid-December 2007.**  Opening Markman briefs shall be served and filed on or before **October 31, 2007**.  Responsive Markman briefs shall be served and filed on or before **November 20, 2007**.]  The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

8.     **APPLICATIONS BY MOTION.**

(a)     Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-case dispositive motion shall contain the statement required by D. Del. LR 7.1.1, and shall comply with the procedures set forth above in paragraph 4. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b)     No facsimile transmissions will be accepted.

(c)     No telephone calls shall be made to Chambers.

(d)     Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

9.     **PRETRIAL CONFERENCE AND TRIAL**. After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference. The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

_____          _____
DATE                                  UNITED STATES DISTRICT JUDGE

\\\DC - 022856/000005 - 2493129 v1