**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PROMOS TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-788 (JJF) |
| | ) | |
| FREESCALE SEMICONDUCTOR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF PROMOS TECHNOLOGIES, INC.'S**
**OBJECTIONS TO RULE 30(b)(6) NOTICE OF DEPOSITION**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiff ProMOS Technologies, Inc. ("ProMOS") hereby submits the following general and specific objections to Freescale's Notice of Deposition of ProMOS Technologies (the "Notice") and the definitions, instructions and deposition topics set forth in Schedule A of the Notice:

**GENERAL OBJECTIONS**

1. ProMOS objects to the requested topics of testimony set forth in the Notice ("topics") to the extent any topic seeks information that is protected from discovery by the attorney-client privilege, the work product doctrine, the common interest privilege, the joint defense privilege and/or any other applicable privilege or that is otherwise immune from discovery. Nothing contained in these objections is intended to be, or in any way shall be deemed, a waiver of such an available privilege, protection or immunity.

2. ProMOS further objects to any topic to the extent that it seeks information protected or otherwise exempted from disclosure by the United States Constitution, applicable State Constitutions, federal or state law, the applicable law of any foreign country, the Federal Rules of Evidence, and/or any other applicable statutory or common law privilege.

3. ProMOS objects to the topics to the extent they call for ProMOS' legal conclusions, contentions, and/or legal theories.

4. ProMOS objects to the topics to the extent they call for information protected by confidentiality agreements with third parties.

5.      ProMOS objects to the topics to the extent that they seek information already in the possession of or readily available to Freescale, including but not limited to documents produced in this litigation or available from the United States Patent and Trademark Office.

6.      ProMOS objects to the Notice to the extent that it seeks discovery of information that is available through other means that are less burdensome or more appropriate than through deposition, such as through documents or written discovery.

7.      ProMOS objects to the topics to the extent that they seek testimony or information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence.

8.      ProMOS objects to the topics to the extent they are vague and ambiguous and therefore do not describe with reasonable particularity the matters on which examination is requested.

9.      ProMOS objects to the topics to the extent they seek information not within ProMOS's possession, custody, or control or to the extent they seek information regarding third parties or information that is uniquely within Freescale's control.

10.      ProMOS objects to the topics to the extent they seek information that is outside the time period at issue in this case.

11.      ProMOS objects to the topics to the extent they assume facts which are incorrect or do not exist.

12.      ProMOS objects to Freescale's definitions to the extent they are overly broad, seek to impose obligations with respect to discovery beyond those required by the applicable statutes and rules of court, and to the extent that they attempt to ascribe to certain words or phrases meaning other than their customary and ordinary meanings.

13.      ProMOS objects to Freescale's instructions to the extent that they attempt to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or by the Local Civil Rules of the U.S. District Court for the District of Delaware and/or that may contravene orders of the Court.

14.      ProMOS objects to the definition of "Accused Instrumentalities" as vague, ambiguous, overbroad and unduly burdensome.

## OBJECTIONS TO SPECIFIC TOPICS

**DEPOSITION TOPIC NO. 1:**

Documents and things (and their location) relating to the making of any alleged invention claimed in the Patents-in-Suit, including without limitation the circumstances leading up to the idea of the invention, the persons involved and their contribution to the idea of the invention, and the work involved in and circumstances relating to reducing the invention to practice.

**RESPONSE TO TOPIC NO. 1:**

ProMOS objects to this topic to the extent it seeks information that is not within ProMOS's possession, custody or control.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic, and it will produce such witness[es] at a mutually-acceptable time and location.

**DEPOSITION TOPIC NO. 2:**

Documents and things (and their location) relating to the design, development, manufacture, operation and testing of any alleged invention claimed in the Patents-in-Suit, including any prototypes or products embodying or leading up to any alleged invention claimed in the Patents-in-Suit.

**RESPONSE TO TOPIC NO. 2:**

ProMOS objects to this topic on the ground that it is overbroad, vague, ambiguous, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Among other things, ProMOS objects to this topic on the ground that it has previously advised Freescale that it is not taking the position that any of its products embody the inventions disclosed in the patents in suit. ProMOS also objects to this topic to the extent it seeks information that is not within ProMOS's possession, custody or control.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic, and it will produce such witness[es] at a mutually-acceptable time and location.

**DEPOSITION TOPIC NO. 3:**

Documents and things (and their location) that evidence the design or features of any cache memories or cache controllers, or that evidence how they are accessed or used, contained in any product or prototype embodying or leading up to any alleged invention claimed in the Patents-in-Suit.

**RESPONSE TO TOPIC NO. 3:**

ProMOS objects to this topic on the ground that it is overbroad, vague, ambiguous, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Among other things, ProMOS objects to this topic on the ground that it has previously advised Freescale that it is not taking the position that any of its products embody the inventions disclosed in the patents in suit. ProMOS also objects to this topic to the extent it seeks information that is not within ProMOS's possession, custody or control.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic, and it will produce such witness[es] at a mutually-acceptable time and location.

**DEPOSITION TOPIC NO. 4:**

Documents and things (and their location) relating to any person's or entity's ownership of the Patents-in-Suit, including but not limited to, acquisitions, assignments and transfers of ownership of the Patents-in-Suit.

**RESPONSE TO TOPIC NO. 4:**

ProMOS objects to this topic to the extent it seeks information that is protected by confidentiality agreements. ProMOS also objects to this topic to the extent it seeks information that is not within ProMOS's possession, custody or control.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic, and it will produce such witness[es] at a mutually-acceptable time and location.

**DEPOSITION TOPIC NO. 5:**

Documents and things (and their location) relating to any person's or entity's valuation or

evaluation of the Patents-in-Suit.

**RESPONSE TO TOPIC NO. 5:**

ProMOS objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest privilege, or any other applicable claim of privilege. ProMOS also objects to this topic to the extent it seeks premature disclosure of expert opinions.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic, and it will produce such witness[es] at a mutually-acceptable time and location. ProMOS believes, however, that there are no documents or things responsive to this topic that are not protected by the attorney-client privilege and/or the work product doctrine.

**DEPOSITION TOPIC NO. 6:**

The ownership of the Patents-in-Suit, including but not limited to, acquisitions, assignments and transfer of ownership of Patents-in-Suit and any person's or entity's valuation or evaluation of the Patents-in-Suit.

**RESPONSE TO TOPIC NO. 6:**

ProMOS objects to this topic to the extent it seeks information that is protected by confidentiality agreements. ProMOS further objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest privilege, or any other applicable claim of privilege. ProMOS further objects to this topic to the extent it seeks premature disclosure of expert opinions. ProMOS further objects to this topic to the extent it seeks information that is not within ProMOS's possession, custody or control.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic, and it will produce such witness[es] at a mutually-acceptable time and location.

**DEPOSITION TOPIC NO. 7:**

Documents and things (and their location) relating to any person's or entity's effort to

license, transfer any rights to, provide a covenant not to sue with respect to, or enforce the Patents-in-Suit.

**RESPONSE TO TOPIC NO. 7:**

ProMOS objects to this topic to the extent it seeks information that is protected by confidentiality agreements.  ProMOS further objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest privilege, or any other applicable claim of privilege.  ProMOS also objects to this topic to the extent it seeks information that is not within ProMOS's possession, custody or control.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic, and it will produce such witness[es] at a mutually-acceptable time and location.

**DEPOSITION TOPIC NO. 8:**

Documents and things (and their location) relating to any applications on which the Patents-in-Suit rely for an earlier filing date, any continuation, divisional, abandoned, continuation-in-part, or CPA applications of the Patents-in-Suit and foreign counterparts of the Patents-in-Suit, including all prosecution history files.

**RESPONSE TO TOPIC NO. 8:**

ProMOS objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest privilege, or any other applicable claim of privilege.  ProMOS further objects to the extent this topic seeks information not in the possession, custody or control of ProMOS.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic, and it will produce such witness[es] at a mutually-acceptable time and location.

**DEPOSITION TOPIC NO. 9:**

Identification of all persons involved in each of the foregoing topics, including current location, and their roles.

**RESPONSE TO TOPIC NO. 9:**

ProMOS objects to this topic on the grounds that the term "all persons involved in each of the foregoing topics" is vague, ambiguous, and has no discernable meaning.  ProMOS also objects to this topic on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
Telephone: (302) 654-1888
Telecopier: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*
*ProMOS Technologies, Inc.*

*Of Counsel*:

William H. Wright
Hogan & Hartson LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4672
Facsimile: (31) 785-4601

Steven J. Routh
Sten A. Jensen
Hogan & Hartson LLP
555 Thirteenth Street, NW
Washington, DC  20004
Telephone: (202) 637-6472
Facsimile: (202) 637-5910

Dated:  September 25, 2007
184445.1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of September, 2007, I caused a true and correct copy of the foregoing Plaintiff ProMOS Technologies, Inc.'s Objections to Rule 30(b)(6) Notice of Deposition to be served on all counsel of record pursuant to the court's E-service system.

/s/ *Lauren E. Maguire*

Lauren E. Maguire