IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROMOS TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-788 (JJF) |
| ) | |
| FREESCALE SEMICONDUCTOR, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## SECOND NOTICE OF DEPOSITION OF PROMOS TECHNOLOGIES

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Freescale Semiconductor, Inc. ("Freescale") will take the oral deposition of ProMOS Technologies, Inc. ("ProMOS") on the matters set forth in the attached Schedule A. ProMOS shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and at least five days before the date set for the deposition, ProMOS shall identify, by name and position, each person so designated and set forth the matters on which that person will testify. The deposition will commence at 9:00 a.m. on November 26, 2007, at Morris, Nichols, Arst & Tunnell LLP, 1201 Market Street, Wilmington, Delaware 19899, or at such time, date and place as may be agreed to with ProMOS' counsel. The deposition will be taken before an officer authorized to administer oaths and will be recorded by audio, stenographic and/or videographic means.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
302.658.9200

*Attorneys for Freescale Semiconductor, Inc.*

OF COUNSEL:

David L. Witcoff
Kevin P. Ferguson
John M. Michalik
JONES DAY
77 West Wacker
Chicago, IL  60601-1692
312.782.3939

F. Drexel Feeling
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
216.586.3939

Dated:  October 25, 2007
1295674

## SCHEDULE A

### Definitions and Instructions

1. "ProMOS" shall mean ProMOS Technologies, Inc. and all parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors, and assigns of each of the foregoing, and all officers, employees, directors, agents, consultants, attorneys, and all other persons acting or purporting to act on behalf of or under the control of any of the foregoing.

2. "Patents-in-Suit" means U.S. Patent Nos. 5,488,709 ("the '709 patent") and 5,732,241 ("the '241 patent").

3. "Refer," "referring", "relate", and "relating" shall be construed to encompass all things and information which constitute, mention, refer or relate in any way, in whole or in part, to any one or more of the matters described in the discovery request involved.

4. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## Specific Topics

1. The conception, development, and reduction to practice of the alleged inventions claimed in the '709 patent or '241 patent, including but not limited to, the identity of persons with knowledge of each such subject, the circumstances and need that led to the inventions and documents relating to said subjects.

2. Any testing of, or prototypes made incorporating or using any of, the inventions of the '709 and '241 patents, including but not limited to, the persons involved, the dates, the manner of testing, the results, and the current location of such prototypes.

3. The first written description, first public use, first public disclosure, first embodiment, first offer for sale, and first sale of the inventions claimed in the ''709 and '241 patents, including but not limited to, the identity of persons with knowledge of each such subject, the dates, the surrounding circumstances and documents relating to said subjects.

4. Any consideration of whether to market a product using any invention of the '709 and '241 patents, including but not limited to the persons involved, the date of such consideration, the surrounding circumstances, the factors considered and the result of the consideration.

5. When the alleged inventions claimed in the '709 and '241 patents were ready for patenting.

6. The best mode of practicing any of the alleged inventions claimed in the '709 and '241 patents.

7. The structure, design, use, and operation of any of ProMOS' products covered by the '709 and '241 patents.

8.      The prior art known to each named inventor of the '709 patent and '241 patent, including the prior art of record in each of the '709 and '241 patents and any related patent to those two patents, whether foreign or domestic.

9.      All publications, speeches, presentations, or the like authored, co-authored, or presented by the named inventor of the '709 and '241 patents, including but not limited to, the subject matter of any aspect of said patents.

10.     All articles, press releases, promotional materials (such as brochures, manuals, etc.) or the like that refer to the '709 and '241 patents, in whole or in part.

11.     Each ProMOS patent that incorporates by reference either of the '709 or '241 patents.

12.     The prosecution of the '709 and '241 patents, including any and all parent applications, divisionals, continuations, continuations in part, foreign equivalents, and applications containing claiming the benefit of the filing date of any of the foregoing (all whether abandoned or not), including but not limited to the identity of the individuals who drafted, reviewed, contributed to, or were otherwise involved in the prosecution of said patent applications.

13.     ProMOS' invention documentation and disclosure procedures, including the preparation and submission of invention disclosure statements for the '709 and '241 patents.

14.     The identification of all prior art known to ProMOS or the named inventor, including any art described by other persons to ProMOS as prior art, that refers or relates to the subject matter of each of the '709 and '241 patents, including without limitation any sale, offer to sell, public use, prior use, prior patent application filing, patent, and publication, and the identity of each person with knowledge concerning each piece of prior art.

2

15. All results of prior art searches, investigations or analyses relating to the infringement, validity or enforceability of the '709 and '241 patents, including but not limited to the identity of individuals involved in requesting or conducting any of the foregoing, and the documents relating to any of the foregoing.

16. Any efforts to market a product incorporating or made using any of the inventions of the '709 and '241 patents.

17. Any long felt need for, commercial success of, unexpected results of, and benefits of or problems with the inventions of the '709 and '241 patents.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2007, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

>John G. Day, Esquire
>Steven J. Balick, Esquire
>ASHBY & GEDDES

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on October 25, 2007 upon the following individuals in the manner indicated:

**BY E-MAIL AND HAND DELIVERY**

John G. Day, Esquire
Steven J. Balick, Esquire
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899

jday@ashby-geddes.com
sbalick@ashby-geddes.com

**BY E-MAIL**

Steven J. Routh, Esquire
HOGAN & HARTSON LLP
sjrouth@hhlaw.com

William H. Wright, Esquire
HOGAN & HARTSON LLP
whwright@hhlaw.com

William C. Gooding, Esquire
GOODING & CRITTENDEN, L.L.P.
billgooding@gooding-crittenden.com

Sten A. Jensen, Esquire
HOGAN & HARTSON LLP
sajensen@hhlaw.com

/s/ *Mary B. Graham*
-------------------------------
Mary B. Graham (#2256)