IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROMOS TECHNOLOGIES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FREESCALE SEMICONDUCTOR, INC., ) <br> ) <br> Defendant. ) <br> ) | C.A. No. 06-788 (JJF) |

### **FOURTH NOTICE OF DEPOSITION OF PROMOS TECHNOLOGIES**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Freescale Semiconductor, Inc. ("Freescale") will take the oral deposition of ProMOS Technologies, Inc. ("ProMOS") on the matters set forth in the attached Schedule A.  ProMOS shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and at least five days before the date set for the deposition, ProMOS shall identify, by name and position, each person so designated and set forth the matters on which that person will testify.  The deposition will commence at 9:00 a.m. on November 27, 2007, at Morris, Nichols, Arst & Tunnell LLP, 1201 Market Street, Wilmington, Delaware  19899, or at such time, date and place as may be agreed to with ProMOS' counsel.  The deposition will be taken before an officer authorized to administer oaths and will be recorded by audio, stenographic and/or videographic means.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
302.658.9200

*Attorneys for Freescale Semiconductor, Inc.*

OF COUNSEL:

David L. Witcoff
Kevin P. Ferguson
John M. Michalik
JONES DAY
77 West Wacker
Chicago, IL  60601-1692
312.782.3939

F. Drexel Feeling
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
216.586.3939

Dated:  October 25, 2007
1295672

## SCHEDULE A

### Definitions and Instructions

1. "ProMOS" shall mean ProMOS Technologies, Inc. and all parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors, and assigns of each of the foregoing, and all officers, employees, directors, agents, consultants, attorneys, and all other persons acting or purporting to act on behalf of or under the control of any of the foregoing.

2. "Patents-in-Suit" means U.S. Patent Nos. 6,670,267 ("the '267 patent"), 5,488,709 ("the '709 patent") and 5,732,241 ("the '241 patent").

3. "Refer," "referring", "relate", and "relating" shall be construed to encompass all things and information which constitute, mention, refer or relate in any way, in whole or in part, to any one or more of the matters described in the discovery request involved.

4. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5. "Freescale Accused Products" shall mean any product manufactured by Freescale which ProMOS asserts infringes one or more claims of the Patents-in-Suit.

## Specific Topics

1.  ProMOS' licensing policies, practices and procedures, including but not limited to any written licensing policies, practices or procedures and the policies, practices and/or procedures involved in any license agreement entered into by ProMOS for the Patents-in-Suit, including any policies that would have been in place at the time infringement first began.

2.  The payment terms of each license agreement for the Patents-in-Suit, including any license agreement produced by ProMOS in discovery in this litigation, as well as the dates of all such agreements and the parties who entered into any such agreements.

3.  The nature and substance of each negotiation that led to a license agreement for the Patents-in-Suit, including any and all facts or factors that affected the amount of any royalty agreed upon and/or paid.

4.  The nature and substance of presentations made to any potential licensees regarding either (a) technical information designed to convince the prospective licensee of a need to take a license to one or more of the Patents-in-Suit, or (b) sales or licensing information designed to convince the prospective licensee to pay a particular lump sum or running royalty rate for said Patents-in-Suit.

5.  The nature and substance of presentations made to any potential licensees regarding either (a) technical information designed to convince the prospective licensee of a need to take a license to any ProMOS patent, or (b) sales or licensing information designed to convince the prospective licensee to pay a particular lump sum or running royalty rate

6.  Royalty reports or other financial records that reflect the royalties actually collected or paid by ProMOS in connection with its license agreements.

7. When ProMOS first became aware of each of the Freescale Accused Products, the circumstances under which ProMOS became aware of each such product and any investigation of any accused product prior to the filing of the complaint in this action.

8. Any reverse engineering analysis of any Freescale Accused Products, includings it dates, the persons involved and the conclusions reached..

9. The identity of any products (whether manufactured by ProMOS or another party other than Freescale) that come within the scope of any of the claims of the Patents-in-Suit and the dates such products were on the market.

10. Any instance in which ProMOS or any other person has contended or asserted that the Patents-in-Suit are infringed by any person (other than Freescale).

11. Any instance in which ProMOS or any other person has placed a value, monetary or otherwise, for any of the Patents-in-Suit, including the circumstances surrounding those instances, the value placed, the persons involved and the dates of all such instances.

12. The nature of the claimed inventions of the Patents-in-Suit, including the benefits and problems to those who have licensed or used the claimed inventions

13. Any alternative to the claimed inventions of the Patents-in-Suit, including the identity of any non-infringing substitutes.

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2007, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> John G. Day, Esquire
> Steven J. Balick, Esquire
> ASHBY & GEDDES

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on October 25, 2007 upon the following individuals in the manner indicated:

**BY E-MAIL AND HAND DELIVERY**

John G. Day, Esquire
Steven J. Balick, Esquire
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899

jday@ashby-geddes.com
sbalick@ashby-geddes.com

**BY E-MAIL**

Steven J. Routh, Esquire
HOGAN & HARTSON LLP
sjrouth@hhlaw.com

William H. Wright, Esquire
HOGAN & HARTSON LLP
whwright@hhlaw.com

William C. Gooding, Esquire
GOODING & CRITTENDEN, L.L.P.
billgooding@gooding-crittenden.com

Sten A. Jensen, Esquire
HOGAN & HARTSON LLP
sajensen@hhlaw.com


*/s/ Mary B. Graham*
_____
Mary B. Graham (#2256)