IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PROMOS TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 06-788-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| FREESCALE SEMICONDUCTOR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF PROMOS TECHNOLOGIES, INC.'S
OBJECTIONS TO FOURTH RULE 30(b)(6) NOTICE OF DEPOSITION**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiff ProMOS Technologies, Inc. ("ProMOS") hereby submits the following general and specific objections to Freescale's Fourth Notice of Deposition of ProMOS Technologies (the "Notice") and the definitions, instructions and deposition topics set forth in Schedule A of the Notice:

**GENERAL OBJECTIONS**

1.      ProMOS objects to the requested topics of testimony set forth in the Notice ("topics") to the extent any topic seeks information that is protected from discovery by the attorney-client privilege, the work product doctrine, the common interest privilege, the joint defense privilege and/or any other applicable privilege or that is otherwise immune from discovery.   Nothing contained in these objections is intended to be, or in any way shall be deemed, a waiver of such an available privilege, protection or immunity.

2.      ProMOS further objects to any topic to the extent that it seeks information protected or otherwise exempted from disclosure by the United States Constitution, applicable State Constitutions, federal or state law, the applicable law of any foreign country, the Federal Rules of Evidence, and/or any other applicable statutory or common law privilege.

3.  ProMOS objects to the topics to the extent they call for ProMOS' legal conclusions, contentions, and/or legal theories.

4.  ProMOS objects to the topics to the extent they call for information protected by confidentiality agreements with third parties.

5.  ProMOS objects to the topics to the extent that they seek information already in the possession of or readily available to Freescale, including but not limited to documents produced in this litigation or available from the United States Patent and Trademark Office.

6.  ProMOS objects to the Notice to the extent that it seeks discovery of information that is available through other means that are less burdensome or more appropriate than through deposition, such as through documents or written discovery.

7.  ProMOS objects to the topics to the extent that they seek testimony or information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence.

8.  ProMOS objects to the topics to the extent they are vague and ambiguous and therefore do not describe with reasonable particularity the matters on which examination is requested.

9.  ProMOS objects to the topics to the extent they seek information not within ProMOS's possession, custody, or control or to the extent they seek information regarding third parties or information that is uniquely within Freescale's control.

10. ProMOS objects to the topics to the extent they seek information that is outside the time period at issue in this case.

11. ProMOS objects to the topics to the extent they assume facts which are incorrect or do not exist.

12. ProMOS objects to Freescale's definitions to the extent they are overly broad, seek to impose obligations with respect to discovery beyond those required by the applicable statutes and rules of court, and to the extent that they attempt to ascribe to certain words or phrases meaning other than their customary and ordinary meanings.

13.     ProMOS objects to Freescale's instructions to the extent that they attempt to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or by the Local Civil Rules of the U.S. District Court for the District of Delaware and/or that may contravene orders of the Court.

<b><u>OBJECTIONS TO SPECIFIC TOPICS</u></b>

**<u>DEPOSITION TOPIC NO. 1</u>**

ProMOS' licensing policies, practices and procedures, including but not limited to any written licensing policies, practices or procedures and the policies, practices and/or procedures involved in any license agreement entered into by ProMOS for the Patents-in-Suit, including any policies that would have been in place at the time infringement first began.

**<u>RESPONSE TO TOPIC NO. 1</u>**

ProMOS objects to this topic to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, the joint defense privilege, or other applicable claim of privilege.   ProMOS further objects to this topic to the extent it seeks information that is subject to any confidentiality agreements with third parties.   ProMOS further objects to this topic on the grounds that the terms "policies," "practices," "procedures" and "the time infringement first began," and the topic as a whole, are vague and ambiguous.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic.

**<u>DEPOSITION TOPIC NO. 2</u>**

The payment terms of each license agreement for the Patents-in-Suit, including any license agreement produced by ProMOS in discovery in this litigation, as well as the dates of all such agreements and the parties who entered into any such agreements.

3

**RESPONSE TO TOPIC NO. 2**

ProMOS objects to this topic to the extent it seeks information that is protected from disclosure by confidentiality agreements with third-parties.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic.

**DEPOSITION TOPIC NO. 3**

The nature and substance of each negotiation that led to a license agreement for the Patents-in-Suit, including any and all facts or factors that affected the amount of any royalty agreed upon and/or paid.

**RESPONSE TO TOPIC NO. 3**

ProMOS objects to this topic on the grounds that the terms "nature," "substance" and "affected", and the topic as a whole, are vague and ambiguous.   ProMOS also objects to this topic to the extent that it seeks information that is protected from discovery by the attorney-client privilege, the work product doctrine, the joint defense privilege and/or any other applicable claim of privilege.   ProMOS further objects to this topic to the extent it seeks information that is protected from disclosure by confidentiality agreements with third-parties.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic.

**DEPOSITION TOPIC NO. 4**

The nature and substance of presentations made to any potential licensees regarding either (a) technical information designed to convince the prospective licensee of a need to take a license to one or more of the Patents-in-Suit, or (b) sales or licensing information designed to convince the prospective licensee to pay a particular lump sum or running royalty rate for said Patents-in-Suit.

**RESPONSE TO TOPIC NO. 4**

ProMOS objects to this topic on the grounds that the terms "nature," "substance" and "regarding either", and the topic as a whole, are vague and ambiguous. ProMOS also objects to this topic to the extent it seeks information protected from discovery by the attorney client privilege, the work product doctrine, the joint defense privilege, or any other applicable claim of privilege. ProMOS also objects to this topic to the extent it seeks information that is protected from disclosure by confidentiality agreement with third-parties. ProMOS further objects to this topic as overly broad and unduly burdensome in scope and time.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf regarding technical, sales and marketing information of ProMOS' license agreements regarding the patents in suit, and will produce such witness[es] at a mutually-acceptable time and location

**DEPOSITION TOPIC NO. 5**

The nature and substance of presentations made to any potential licensees regarding either (a) technical information designed to convince the prospective licensee of a need to take a license to any ProMOS patent, or (b) sales or licensing information designed to convince the prospective licensee to pay a particular lump sum or running royalty rate

**RESPONSE TO TOPIC NO. 5**

ProMOS specifically objects to this topic on the grounds that the terms "nature", "substance" and "regarding either", and the topic as a whole, are vague and ambiguous. ProMOS further objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense privilege and/or other applicable claim of privilege. ProMOS also objects to this topic to the extent it seeks information that is protected from disclosure by confidentiality agreement with third-parties.

5

ProMOS further objects to this topic as overly broad and unduly burdensome in scope and time, particularly to the extent that the topic does not specify a relevant time frame and is not limited to licensing of the patents in suit.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic.

**DEPOSITION TOPIC NO. 6**

Royalty reports or other financial records that reflect the royalties actually collected or paid by ProMOS in connection with its license agreements.

**RESPONSE TO TOPIC NO. 6**

ProMOS objects to this topic on the grounds it is vague and ambiguous. ProMOS also objects to this topic to the extent it seeks information that is protected from disclosure by confidentiality agreement with third-parties. ProMOS further objects to this topic as overly broad and unduly burdensome in scope and time. The topic does not specify a relevant time frame, nor is it limited to licensing of the patents in suit.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic.

**DEPOSITION TOPIC NO. 7**

When ProMOS first became aware of each of the Freescale Accused Products, the circumstances under which ProMOS became aware of each such product and any investigation of any accused product prior to the filing of the complaint in this action.

**RESPONSE TO TOPIC NO. 7**

ProMOS specifically objects to this topic to the extent it seeks information that is protected from discovery by the attorney-client privilege, the work product doctrine, the joint defense privilege and/or any other applicable privilege.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic.

**DEPOSITION TOPIC NO. 8**

Any reverse engineering analysis of any Freescale Accused Products, including dates, the persons involved and the conclusions reached.

**RESPONSE TO TOPIC NO. 8**

ProMOS objects to this topic to the extent it seeks information that is protected from discovery by the attorney-client privilege, the work product doctrine, the joint defense privilege and/or any other applicable privilege.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic.

**DEPOSITION TOPIC NO. 9**

The identity of any products (whether manufactured by ProMOS or another party other than Freescale) that come within the scope of any of the claims of the Patents-in-Suit and the dates such products were on the market.

**RESPONSE TO TOPIC NO. 9**

ProMOS objects to this topic on the grounds it is vague and ambiguous. ProMOS further objects to this topic to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense privilege, and/or other applicable claim of privilege. ProMOS also objects to this topic to the extent it calls for legal conclusions, contentions and/or legal theories. ProMOS further objects to this topic to the extent it seeks information that is protected from disclosure by any confidentiality agreements with third-parties. ProMOS also objects to this topic as overly broad and unduly burdensome in scope and time.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic.

**DEPOSITION TOPIC NO. 10**

Any instance in which ProMOS or any other person has contended or asserted that the Patents-in-Suit are infringed by any person (other than Freescale).

**RESPONSE TO TOPIC NO. 10**

ProMOS objects to this topic on the grounds it is vague and ambiguous. ProMOS further objects to this topic to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense privilege, any confidentiality agreements with third parties, and/or any other applicable privilege. ProMOS also objects to this topic as overly broad and unduly burdensome in scope and time.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf regarding instances in which ProMOS has asserted infringement of the patents in suit, and will produce such witness[es] at a mutually-acceptable time and location

**DEPOSITION TOPIC NO. 11**

Any instance in which ProMOS or any other person has placed a value, monetary or otherwise, for any of the Patents-in-Suit, including the circumstances surrounding those instances, the value placed, the persons involved and the dates of all such instances.

**RESPONSE TO TOPIC NO. 11**

ProMOS specifically objects to this topic on the grounds that the term "value" in this context and the topic overall is vague and ambiguous.   ProMOS further objects to this topic to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense privilege and/or any other applicable privilege.

ProMOS also objects to this topic to the extent it seeks information protected from disclosure by any confidentiality agreements with third parties. ProMOS also objects to this topic as overly broad and unduly burdensome in scope and time.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic.

**DEPOSITION TOPIC NO. 12**

The nature of the claimed inventions of the Patents-in-Suit, including the benefits and problems to those who have licensed or used the claimed inventions

**RESPONSE TO TOPIC NO. 12**

ProMOS objects to this topic on the grounds that the terms "nature," "benefits," and "problems" are vague and ambiguous. ProMOS also objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense privilege and/or any other applicable claim of privilege. ProMOS also objects to this topic to the extent it seeks information that is not in ProMOS's possession, custody or control.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic.

**DEPOSITION TOPIC NO. 13**

Any alternative to the claimed inventions of the Patents-in-Suit, including the identity of any non-infringing substitutes.

**RESPONSE TO TOPIC NO. 13**

ProMOS objects to this topic on the grounds that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense privilege and/or any other applicable privilege. ProMOS also objects to this topic to

9

the extent it calls for legal conclusions, contentions and/or legal theories. ProMOS also objects to this topic as vague, ambiguous, overly broad and unduly burdensome in scope and time.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*
*ProMOS Technologies, Inc.*

*Of Counsel*:

William H. Wright
HOGAN & HARTSON LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA   90067
Telephone:   (310) 785-4600

Steven J. Routh
Sten A. Jensen
HOGAN & HARTSON LLP
555 Thirteenth Street, NW
Washington, DC   20004
Telephone:   (202) 637-5600
Facsimile:   (202) 637-5910

Dated: December 18, 2007
186752.1