# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE  19899-1347

302 658 9200
302 658 3989 FAX

MARY B. GRAHAM
302.351.9199
mgraham@mnat.com

December 19, 2007

**VIA E-FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
Federal Building
844 King Street
Wilmington, DE  19801

>    Re:    *ProMOS Technologies, Inc. v. Freescale Semiconductor, Inc.*
>           C.A. No. 06-788 (JJF)

Dear Judge Farnan:

In connection with the Court's review of the deposition of Freescale's Rule 30(b)(6) witness, Michael Snyder, Freescale notes the following support for certain points discussed at the hearing on Thursday, December 13:

**Examination of witness preparation:**

1.   As noted, Mr. Snyder was prepared for his deposition exclusively by counsel for Freescale.  Although he was instructed not to answer generally-worded questions about his preparation with other persons, he then was allowed to answer whether he had met with counsel (p. 14, *l.* 6) and for how long ( p. 16, *ll.* 10-14).  He also testified, "No," in response to the question, "Did you do anything to prepare for your deposition today other than meeting with counsel?" (p. 15, *l.* 16 - p. 16, *l.* 8).  He answered various specific questions that would have revealed the identity of other persons he might have consulted, had there been others, and his answers confirmed that he had not met with persons other than counsel (*see, e.g.,* p. 103 at *ll.* 4-7 [; p. 104, *l.* 20 - p. 105, *l.* 3).  Thus, in the end, the witness testified as to the persons with whom he had prepared.

2.   The documents used for Mr. Snyder's preparation were collected by counsel and are highly protected work product under *Sporck v Peil*, 759 F.2d 312, 316 (3rd Cir. 1985).  That case is strict on the foundation required for discovery of such documents.  759 F.2d at 318.  Under *Sporck*, one may not ask generally, "Which documents did you review," or even

The Honorable Joseph J. Farnan, Jr.
December 19, 2007
Page 2

generally, "Which documents did you review that refreshed your recollection." *Id.* Rather, examining counsel must establish a foundation by (1) eliciting "specific testimony" and (2) only then asking "which, if any, documents informed that testimony." *Id.*

Here, the witness in fact was allowed to testify about the document used to refresh his recollection that listed, by core, the various accused products, the types of caches they contain, and the related Freescale documents (*see* pp. 19-20). ProMOS has not suggested that they have otherwise established the requisite foundation of *Sporck*. Instead, ProMOS asked general questions, without reference to specific testimony, such as, "Did you review any documents that refreshed your recollection about any facts that you're here to testify about before you appeared for today's deposition?" (*see* p. 18, *ll.* 8-11; *see also* p. 21, *ll.* 4-5). Under *Sporck*, Freescale was not required to have the witness answer such general questions.

       3.    At the hearing, the Court appeared interested in the conduct of depositions in the Texas case. As can be seen from the attached excerpt from the rough transcript of yesterday's rule 30(b)(6) deposition of ProMOS, ProMOS's counsel engaged in the same type of conduct that he complained at the hearing was improper, e.g. instructing the 30(b)(6) witness on grounds of privilege not to answer the question of how much time had been spent in preparation for the deposition (an instruction that came *after* and despite the parties' agreement mentioned at the hearing, and below). Thus, ProMOS's own conduct confirms the propriety of Freescale's objections to similar lines of inquiry.

**Subsequent agreement:**

As noted, the parties have now reached an agreement that will apply as far as the questions that Rule 30(b)(6) witnesses will be allowed to answer (*see* attached). Thus, the issues raised by ProMOS about proper examination permitted of the preparation of a Rule 30(b)(6) witness are moot.

**Breaks taken where question pending:**

ProMOS complained that Freescale took breaks while questions were pending. From the transcript, it appears that ProMOS believed this occurred in two instances. The breaks were explained at the deposition and were legitimate (*see* pp. 57 and 76).

**Objections as to scope:**

Attached are the objections Freescale served prior to the deposition, based on Freescale's understanding of the parties' agreement narrowing the topics to products ProMOS had actually identified as accused ("Exhibit E products"). That objection is also discussed in the first portion of the transcript. The witness was prepared in accordance with Freescale's understanding of that agreement.

The Honorable Joseph J. Farnan, Jr.
December 19, 2007
Page 3

                                              Respectfully,

                                              */s/ Mary B. Graham*

                                              Mary B. Graham (#2256)

MBG/dam
Enclosures
cc:    Dr. Peter Dalleo, Clerk (via e-filing and hand delivery)
        John G. Day, Esquire (via email)
        Sten A. Jensen, Esquire (via email)
        David L. Witcoff, Esquire (via email)
1341137

# ATTACHMENT 1

### EXCERPT FROM ROUGH TRANSCRIPT OF RULE 30(b)(6) DEPOSITION OF ProMOS TAKEN BY FREESCALE DATED DECEMBER 18, 2007

17  Q. [MR. BLACKMAN, counsel for Freescale] You said you spoke to Steve Routh in

18  preparation for the deposition? When did you speak with

19  him?

20  A. Yesterday.

21  Q. And any day other than yesterday?

22  A. Not other than scheduling matters like what day

23  are you available.

24  Q. How long did you speak for [sic with] him?

25  MR. ROUTH [counsel for ProMOS]: I'm going to object and instruct

151

1  him not to answer. I don't know that there's any

2  possible reason to inquire into this and it does begin

3  to intrude into the attorney/client privilege. So

4  anything beyond that we spoke, I'm going to object to.

5  MR. BLACKMAN: I did not ask him for the

6  subtance of the communications.

7  MR. ROUTH: You asked how long which begins

8  down the road of substance, at least gives some

9  indication of the nature of the decisions I'm going to

10  object and draw the line there.

11   BY MR. BLACKMAN:

12   Q.  How long did you speak to Mr. Routh yesterday?

13   MR. ROUTH:  Object.  And instruct the witness

14   not to answer.

15   BY MR. BLACKMAN:

16   Q.  Are you refusing to answer the question?

17   A.  On the advice of counsel, I'm refusing to

18   answer the question.

19   MR. ROUTH:  We have to draw the line some with.

20   That's why where I'm going to diswriew [MR. BLACKMAN] but that's not

21   privileged communications.  But that's not privileged

22   that's not where you draw the line.

23   MR. ROUTH:  I appreciate your advice on that.

24   But that's not where I see it.  And I sept don't see any

25   reason for that information if I did.  I might think it

152

1   would be more likely to try to draw the line elsewhere

2   but I can't possible for you to know the length of our

3   discussion to try and get some insight into the obs

4   instance or nature of the discussions that's why I'm

5   drawing the line there.

1343580

### SHEET 1   PAGE 1

```
0001
 1            REALTIME AND/OR ROUGH DRAFT STIPULATIONS
 2     REPORTER'S NOTE:  YOU MAY BE IN POSSESSION OF A ROUGH
       DRAFT, UNEDITED, UNCERTIFIED TRANSCRIPT.  PLEASE BE
 3     AWARE THAT THERE WILL BE A DISCREPANCY REGARDING PAGE
       AND LINE NUMBERS WHEN COMPARING THE ROUGH DRAFT AND
 4     THE FINAL VERSION.  ALSO PLEASE BE AWARE THAT THE
       ROUGH DRAFT VERSION MAY CONTAIN UNTRANSLATES, ^^,
 5     MISSPELLINGS, AND/OR NONSENSICAL ENGLISH.  THESE ARE
       NOT "MISTAKES" BUT ARE CAUSED BY THE LIMITATIONS OF
 6     WRITING PHONETICALLY.  ALL SUCH ENTRIES ARE CORRECTED
       IN THE FINAL CERTIFIED TRANSCRIPT.
 7
       ATTORNEY'S AGREEMENT:  BY ACCEPTING A ROUGH DRAFT
 8     TRANSCRIPT OF ANY KIND, I HEREBY AGREE TO THE TERMS
       SPECIFIED BELOW.  BY ACCEPTING A ROUGH DRAFT
 9     TRANSCRIPT, I AGREE THAT I DO NOT FOREGO RENDERING
       PAYMENT FOR A FINAL CERTIFIED TRANSCRIPT.
10
       AS THE PARTY WORKING WITH A ROUGH DRAFT TRANSCRIPT, I
11     UNDERSTAND THAT IF I USE A ROUGH DRAFT TRANSCRIPT
       THAT I DO SO WITH THE FULL KNOWLEDGE AND
12     UNDERSTANDING THAT THE ROUGH DRAFT IS UNCERTIFIED.
       IT MAY BE USED IN PLACE OF OR IN ADDITION TO MY
13     DEPOSITION NOTES.  SPECIFICALLY, IF I CROSS-EXAMINE
       OR PREPARE A WITNESS USING A ROUGH DRAFT, I DO SO AT
14     MY OWN RISK; BUT ALSO UNDERSTAND THAT I MAY CONTACT
       THE COURT REPORTER TO REQUEST A SPECIFIC PORTION OF
15     THE TRANSCRIPT BE CERTIFIED FOR MY USE.
16     I FURTHER AGREE THAT I WILL NOT SHARE OR DISTRIBUTE
       THE ROUGH DRAFT IN ANY FORM WITH ANY OTHER PARTY;
17     HOWEVER, MY OWN EXPERTS, CO-COUNSEL AND STAFF MAY
       HAVE LIMITED INTERNAL USE OF THE ROUGH DRAFT, AND I
18     AGREE TO DESTROY ALL ROUGH DRAFTS IN ANY FORM AND
       REPLACE THEM WITH THE FINAL VERSION UPON RECEIPT OF
19     THE COMPLETED FINAL TRANSCRIPT.
20     I FURTHER AGREE THAT I WILL RENDER PAYMENT FOR THIS
       AND ALL RELATED EXTRA SERVICES AS SET FORTH IN THE
21     REPORTER'S RATE STRUCTURE.  IF I CHOOSE NOT TO ORDER
       A FINAL TRANSCRIPT, I AGREE TO PAY FOR THE HARD COPY
22     OR ELECTRONIC FORM OF THE ROUGH DRAFT AS IF IT WERE
       THE FINAL TRANSCRIPT.
```

### PAGE 2

```
0002
 1
 2                    P R O C E E D I N G S
 3
 4            THE VIDEOGRAPHER:  THIS IS THE
       VIDEOTAPED DEPOSITION OF RICHARD FLINCHBAUGH, TAKEN
 5     ON BEHALF OF THE PLAINTIFF IN THE MATTER OF PROMOS
       TECHNOLOGIES, INC. VERSUS FREESCALE SEMICONDUCTOR,
 6     INC., CIVIL ACTION NO. 06-788-JJF, FOR THE UNITED
       STATES DISTRICT COURT, DISTRICT OF DELAWARE; HELD IN
 7     THE OFFICES OF FULBRIGHT & JAWORSKI AT 600 CONGRESS,
 8     SUITE 2400, AUSTIN, TEXAS 78701.
 9            THE VIDEOGRAPHER'S NAME IS ANGELICA
10     RODRIGUEZ.  THE COURT REPORTER'S NAME IS MARY DOPICO.
11
12            THIS IS THE BEGINNING OF TAPE 1.
13     TODAY'S DATE IS DECEMBER 6, 2007.  WE ARE ON THE
14     RECORD AT 9:26.
15            WOULD COUNSEL INTRODUCE THEMSELVES FOR
16     THE RECORD?
17
18            MS. COOK:  SUSAN COOK FROM HOGAN &
19     HARTSON FOR THE PLAINTIFF, PROMOS TECHNOLOGIES.
20            MR. AGOZZINO:  LEO AGOZZINO WITH JONES
21     DAY, REPRESENTING THE DEFENDANT, FREESCALE
22     SEMICONDUCTOR, INC. AND THE WITNESS, THE CORPORATE
```

### PAGE 3

```
0003
 1     REPRESENTATIVE, RICHARD FLINCHBAUGH.
 2            MS. COOK:  CAN WE SWEAR IN THE
 3     WITNESS?
 4            (THE WITNESS WAS SWORN.)
 5
 6            RICHARD FLINCHBAUGH,
 7     HAVING FIRST BEEN DULY SWORN, TESTIFIED AS FOLLOWS:
 8
 9                      EXAMINATION
10
11     BY MS. COOK:
12        Q.   COULD YOU PRONOUNCE YOUR NAME FOR ME?  I'M
13     AFRAID I'LL DO IT WRONG IF I DO IT MY OWN.
14        A.   YEAH.  IT'S MR. FLINCHBAUGH.
15        Q.   FLINCHBAUGH.
16            MR. FLINCHBAUGH, COULD YOU STATE YOUR
17     FULL NAME FOR THE RECORD?
18        A.   RICHARD FLINCHBAUGH.
19        Q.   COULD YOU PROVIDE YOUR CURRENT RESIDENTIAL
20     STREET ADDRESS?
21        A.   COLLINGWOOD DRIVE.
22        Q.   DO YOU UNDERSTAND THAT WE ARE HERE TODAY
```

### PAGE 4

```
0004
 1     FOR THE PURPOSE OF TAKING YOUR DEPOSITION?
 2        A.   YES.
 3        Q.   I'M GOING TO ASK YOU A SERIES OF QUESTIONS
 4     AND THE REPORTER SITTING NEXT TO ME WILL TRANSCRIBE
 5     MY QUESTIONS AND YOUR ANSWERS.  DO YOU UNDERSTAND
 6     THAT?
 7        A.   YES.
 8        Q.   HAVE YOU EVER BEEN DEPOSED BEFORE?
 9        A.   NO.
10        Q.   HAVE YOU EVER TESTIFIED IN COURT?
11        A.   NO.
12        Q.   DO YOU UNDERSTAND THAT YOU WILL BE
13     TESTIFYING UNDER OATH TODAY AND UNDER THE PENALTIES
14     OF PERJURY?
15        A.   YES.
16        Q.   DO YOU UNDERSTAND THAT YOU SHOULD GIVE THE
17     SAME SERIOUSNESS AND TRUTHFULNESS IN ANSWERING MY
18     QUESTIONS HERE TODAY AS YOU WOULD IF YOU WERE
19     TESTIFYING BEFORE A JUDGE OR A JURY?
20        A.   YES.
21        Q.   ARE YOU CURRENTLY EMPLOYED?
22        A.   YES.
```

SHEET 2  PAGE 5

0005
```
 1    Q.   BY WHOM?
 2    A.   FREESCALE SEMICONDUCTOR, INC.
 3    Q.   WHAT IS YOUR TITLE?
 4    A.   CONTRACTS DIRECTOR.
 5    Q.   WHAT ARE YOUR RESPONSIBILITIES?
 6    A.   I MANAGE A GROUP OF PEOPLE, CONTRACT
 7  MANAGERS, THAT REVIEW CONTRACTS FOR OUR INTERNAL
 8  CLIENTS IN ADDITION TO REVIEWING THEM ON MY OWN AND
 9  THE -- HANDLE THE CLAIMS FOR THE COMPANY, CUSTOMER
10  CLAIMS, WARRANTY CLAIMS.
11    Q.   I UNDERSTAND THAT FREESCALE AT SOME POINT
12  WAS SPUN OFF FROM MOTOROLA.  SO IF MY QUESTIONS TODAY
13  ABOUT FREESCALE WOULD BE ANSWERED DIFFERENTLY BASED
14  ON TIME PERIOD, PLEASE LET ME KNOW; AND I WILL
15  CLARIFY THE QUESTION.  IS THAT OKAY WITH YOU?
16    A.   YES.
17           (30(B)(A) EXB. NO. 1 WAS MARKED.)
18    Q.   (BY MS. COOK)  I'M GOING TO BE HANDING YOU
19  A DOCUMENT THAT'S BEEN MARKED AS EXHIBIT 1.
20    A.   OKAY.
21    Q.   HAVE YOU SEEN THIS DOCUMENT BEFORE?
22    A.   NO.
```

PAGE 6

0006
```
 1    Q.   YOU UNDERSTAND THAT YOU'VE BEEN DESIGNATED
 2  TODAY TO SPEAK ON BEHALF OF FREESCALE AS TO CERTAIN
 3  TOPICS; IS THAT CORRECT?
 4    A.   YES.
 5    Q.   DO YOU KNOW WHAT TOPICS YOU WERE DESIGNATED
 6  TO SPEAK ABOUT?
 7    A.   YES.  LET ME ACTUALLY MAKE CORRECT.  I'M
 8  SORRY.  I DID -- I HAVE SEEN THIS.  I -- I HAVE SEEN
 9  IT BECAUSE I'VE SEEN THE ONE -- ONE SECTION OF IT.
10    Q.   OKAY.
11    A.   YEAH.
12    Q.   WHICH SECTION ARE YOU REFERRING TO?
13    A.   THE -- THERE IS ONE ON HERE REGARDING
14  CONTRACTS.
15    Q.   CAN I HELP YOU OUT?
16    A.   SURE.
17    Q.   ARE YOU -- IS IT YOUR UNDERSTANDING THAT
18  YOU ARE HERE TODAY TO TESTIFY ON BEHALF OF FREESCALE
19  ABOUT TOPIC NUMBER 11?
20    A.   YES.  SALES AGREEMENTS, YES.
21         MR. AGOZZINO:  SUSAN, IS NOW A GOOD
22  TIME TO MAKE THE STATEMENT THAT I TALKED TO YOU
```

PAGE 7

0007
```
 1  ABOUT?
 2         MS. COOK:  SURE.
 3         MR. AGOZZINO:  THE PARTIES HAVE
 4  REACHED AN AGREEMENT WITH RESPECT TO AT LEAST
 5  30(B)(6) WITNESSES THAT THERE WILL BE NO WAIVER OF
 6  ATTORNEY/CLIENT PRIVILEGE BY ALLOWING THE EXAMINING
 7  LAWYER TO PROBE INTO THE WITNESS' PREPARATION IN
 8  TERMS OF WHO THE PERSON MAY HAVE SPOKEN TO, IN TERMS
 9  OF WHAT HE DISCUSSED WITH THOSE OTHER PEOPLE, WHAT
10  DOCUMENTS HE REVIEWED TO PREPARE HIMSELF TO PROVIDE
11  TESTIMONY AS A CORPORATE REPRESENTATIVE.
12         IN DOING SO AND ALLOWING THAT
13  EXAMINATION, THERE IS NO WAIVER OF THE
14  ATTORNEY/CLIENT PRIVILEGE; AND THE COMMUNICATIONS
15  BETWEEN THE LAWYER AND THE WITNESS WILL REMAIN
16  PRIVILEGED.
17         MS. COOK:  AND -- AND JUST TO -- TO
18  CLARIFY ON THAT POINT, WE AGREE WITH THAT STATEMENT.
19  WE DON'T VIEW IT AS A DEPARTURE FROM THE NORMAL
20  RULES --
21         MR. AGOZZINO:  OKAY.
22         MS. COOK:  -- THAT APPLY, BUT -- BUT
```

PAGE 8

0008
```
 1  YOU ASKED FOR OUR UNDERSTANDING; AND -- AND WE'RE
 2  CERTAINLY PREPARED TO CLARIFY OUR UNDERSTANDING ON
 3  THAT POINT, AND WE DON'T VIEW ANSWERING THOSE TYPES
 4  OF QUESTIONS AS A WAIVER.
 5         MR. AGOZZINO:  THANK YOU.
 6    Q.   (BY MS. COOK)  AND THAT LEADS US RIGHT INTO
 7  THE NEXT QUESTION, WHICH IS:  WHAT DID YOU DO TO
 8  PREPARE FOR YOUR DEPOSITION TODAY?
 9    A.   I JUST HAD SPOKE WITH LEO ABOUT WHAT TO
10  EXPECT AT A DEPOSITION, AND LEO PROVIDED A -- JUST
11  A --
12         MR. AGOZZINO:  OKAY.  YOU DON'T GET
13  INTO -- EXCUSE ME.
14         WITH RESPECT TO COMMUNICATIONS BETWEEN
15  US, THOSE REMAIN CONFIDENTIAL; BUT YOU'RE FREE TO
16  TALK ABOUT DOCUMENTS THAT YOU MAY HAVE REVIEWED --
17         THE WITNESS:  RIGHT.
18         MR. AGOZZINO:  -- OR PERSONS THAT YOU
19  MAY HAVE CONTACTED IN PREPARATION FOR THE TOPIC, BUT
20  THE SUBSTANCE OF OUR COMMUNICATION -- YOU REALLY
21  HAVEN'T GOTTEN INTO IT, BUT PLEASE REFRAIN FROM
22  PROVIDING --
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROMOS TECHNOLOGIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-788 (JJF) |
| | ) |
| FREESCALE SEMICONDUCTOR, INC., | ) |
| | ) |
| Defendant. | ) |

**FREESCALE'S OBJECTIONS TO PROMOS'S**
**SECOND NOTICE OF DEPOSITION PURSUANT TO RULE 30(B)(6)**

Freescale Semiconductor, Inc. ("Freescale") provides the following objections to the second notice of deposition served on Freescale by ProMOS Technologies, Inc. ("ProMOS") in the above-captioned matter, dated August 3, 2007.[1]

## GENERAL BACKGROUND TO OBJECTIONS

ProMOS's First and Second Notices of Deposition were the subject of correspondence and several meet-and-confer sessions between counsel in order to resolve the objections that Freescale had to their overbreadth and lack of particularity. After several other discussion, in a July 20 meet-and-confer involving Drexel Feeling, David Witcoff and Mary Graham for Freescale and Steve Routh, Susan Cook and Sten Jensen for ProMOS, ProMOS clarified and agreed that the deposition scope: (1) would be limited to the identification of documents; (2) would not be used to address the technical details of Freescale's products, and in particular, would not be used as a back-door vehicle to address technical details at the level of the Chan patents' claims; and (3) would be limited to the types of documentation Freescale has

---

[1] Freescale understands that the Second Notice replaced and rendered inoperative the First Notice of Deposition.

generated for the cache-related sections of the Freescale products identified in Exhibit E to ProMOS's first motion to compel. ProMOS further agreed that its deposition questions would not be directed to claim language or whether certain Freescale technology met claim limitations. After reaching that agreement on the deposition scope, ProMOS served its Second Notice of Deposition Pursuant to Rule 30(b)(6), to which these objections respond.

Freescale hereby understands the deposition topics in ProMOS's Second Notice of Deposition Pursuant to Rule 30(b)(6) to be limited to the parties' agreement as delineated above, and Freescale will object to questioning that strays outside the bounds of this agreement (or outside the topics of the Notice). As indicated during the meet-and-confer, Freescale also reserves the right to instruct its witness(es) not to answer questions outside the scope of this agreement. Finally, Freescale invited ProMOS to provide its topics in greater particularity, but it declined. Thus, Freescale will prepare its witness to testify to the below topics at a reasonable level of detail given the general level of the topics, and ProMOS should not be heard to complain if Freescale has not anticipated every question that ProMOS asserts is within the scope of the topics, regardless of its level of detail.

## SPECIFIC OBJECTIONS

**DEPOSITION TOPIC NO. 1:**

Documents maintained by Freescale that evidence the design and/or features of cache memories contained in Freescale Products.

**OBJECTIONS TO DEPOSITION TOPIC:**

Freescale objects to this topic to the extent it is not limited in scope to the Freescale products identified in Exhibit E to ProMOS's first Motion to Compel. Freescale also specifically objects to this topic because it is overly broad and lacks reasonable particularity with respect to any parameters reasonably related to the claims of the Chan patents. Freescale further

objects to this topic to the extent it calls for claim constructions or the correspondence between claim terms and Freescale products.

Without waiving any and subject to all of the foregoing objections and pursuant to the parties' agreement, Freescale will produce a witness(es) with knowledge regarding the types of documentation Freescale generates for the cache-related sections of the Freescale products identified in Exhibit E to ProMOS's motion to compel.

**DEPOSITION TOPIC NO. 2:**

Documents maintained by Freescale that evidence how cache memories are accessed in and/or used in Freescale Products.

**OBJECTIONS TO DEPOSITION TOPIC:**

Freescale objects to this topic to the extent it is not limited in scope to the Freescale products identified in Exhibit E to ProMOS's first Motion to Compel. Freescale also specifically objects to this topic because it is overly broad and lacks reasonable particularity with respect to any parameters reasonably related to the claims of the Chan patents. Freescale further objects to this topic to the extent it calls for claim constructions or the correspondence between claim terms and Freescale products.

Without waiving any and subject to all of the foregoing objections and pursuant to the parties' agreement, Freescale will produce a witness(es) with knowledge regarding the types of documentation Freescale generates for the cache-related sections of the Freescale products identified in Exhibit E to ProMOS's motion to compel.

**DEPOSITION TOPIC NO. 3:**

Documents maintained by Freescale that evidence the design and/or features of cache memory controllers contained in Freescale Products.

**OBJECTIONS TO DEPOSITION TOPIC:**

Freescale objects to this topic to the extent it is not limited in scope to the Freescale products identified in Exhibit E to ProMOS's first Motion to Compel. Freescale also specifically objects to this topic because it is overly broad and lacks reasonable particularity with respect to any parameters reasonably related to the claims of the Chan patents. Freescale further objects to this topic to the extent it calls for claim constructions or the correspondence between claim terms and Freescale products.

Without waiving any and subject to all of the foregoing objections and pursuant to the parties' agreement, Freescale will produce a witness(es) with knowledge regarding the types of documentation Freescale generates for the cache-related sections of the Freescale products identified in Exhibit E to ProMOS's motion to compel..

**DEPOSITION TOPIC NO. 4:**

Features associated with cache memories contained in Freescale Products.

**OBJECTIONS TO DEPOSITION TOPIC:**

Freescale objects to this topic to the extent it is not limited in scope to the Freescale products identified in Exhibit E to ProMOS's first Motion to Compel. Freescale also specifically objects to this topic because it is overly broad and lacks reasonable particularity with respect to any parameters reasonably related to the claims of the Chan patents. Freescale also objects to this topic to the extent it is not limited to the types of documentation Freescale generated for the cache-related sections of the Freescale products identified in Exhibit E to ProMOS's first motion to compel. Freescale further objects to this topic to the extent it calls for claim constructions or the correspondence between claim terms and Freescale products.

Without waiving any and subject to all of the foregoing objections and pursuant to the parties' agreement, Freescale will produce a witness(es) with knowledge regarding the types

of documentation Freescale generates for the cache-related sections of the Freescale products identified in Exhibit E to ProMOS's motion to compel.

**DEPOSITION TOPIC NO. 5:**

Features associated with cache memory controllers contained in Freescale Products.

**OBJECTIONS TO DEPOSITION TOPIC:**

Freescale objects to this topic to the extent it is not limited in scope to the Freescale products identified in Exhibit E to ProMOS's first Motion to Compel. Freescale also specifically objects to this topic because it is overly broad and lacks reasonable particularity with respect to any parameters reasonably related to the claims of the Chan patents. Freescale also objects to this topic to the extent it is not limited to the types of documentation Freescale generated for the cache-related sections of the Freescale products identified in Exhibit E to ProMOS's first motion to compel. Freescale further objects to this topic to the extent it calls for claim constructions or the correspondence between claim terms and Freescale products.

Without waiving any and subject to all of the foregoing objections and pursuant to the parties' agreement, Freescale will produce a witness(es) with knowledge regarding the types of documentation Freescale generates for the cache-related sections of the Freescale products identified in Exhibit E to ProMOS's motion to compel.

**DEPOSITION TOPIC NO. 6:**

Any website maintained by Freescale and any information set forth therein that discloses features associated with cache memories or cache memory controllers contained in Freescale Products.

**OBJECTIONS TO DEPOSITION TOPIC:**

Freescale objects to this topic to the extent it is not limited in scope to the Freescale products identified in Exhibit E to ProMOS's first Motion to Compel. Freescale also

specifically objects to this topic because it is overly broad and lacks reasonable particularity with respect to any parameters reasonably related to the claims of the Chan patents. Freescale also objects to this topic to the extent it is not limited to the types of documentation Freescale generated for the cache-related sections of the Freescale products identified in Exhibit E to ProMOS's first motion to compel. Freescale further objects to this topic to the extent it calls for claim constructions or the correspondence between claim terms and Freescale products.

Without waiving any and subject to all of the foregoing objections and pursuant to the parties' agreement, Freescale will produce a witness(es) with knowledge regarding the types of documentation Freescale generates for the cache-related sections of the Freescale products identified in Exhibit E to ProMOS's motion to compel.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Mary B. Graham (#2256)

OF COUNSEL:

David L. Witcoff
Kevin P. Ferguson
John M. Michalik
JONES DAY
77 West Wacker
Chicago, IL 60601-1692
312.782.3939

F. Drexel Feeling
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
216.586.3939

November 28, 2007
1323754

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
302.658.9200

*Attorneys for Freescale Semiconductor, Inc.*