IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PROMOS TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-788 (JJF) |
| | ) | |
| FREESCALE SEMICONDUCTOR, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**FREESCALE'S MOTION TO ENFORCE THE OCTOBER 31 ORDER COMPELLING PROMOS TO PROVIDE CHAN PATENT INFRINGEMENT CONTENTIONS**

Defendant Freescale Semiconductor, Inc. ("Freescale") hereby moves for an Order to enforce the Court's October 31 Order compelling ProMOS Technologies, Inc. ("ProMOS") to provide its final infringement contentions regarding the two Chan patents it has asserted against Freescale in this case (D.I. 83). ProMOS has accused approximately 150 different Freescale products of infringing 52 claims of the Chan patents, and has received substantial discovery on those 150 different Freescale products, including Freescale's highly confidential RTL code for each of those products. In spite of that substantial discovery, ProMOS has refused to provide its final infringement contentions or even commit to a date by when it will provide such contentions.

Freescale has sought ProMOS's infringement contentions since the beginning of discovery, but ProMOS has steadfastly refused to provide them. ProMOS has not provided even preliminary infringement contentions, except for one claim and two product types for each patent. The few preliminary contentions provided are the same contentions ProMOS made pre-suit during licensing negotiations. Freescale, therefore, is essentially no further along as far as what it knows about ProMOS's case than before the litigation began, which was not much.

Consequently, on August 23, 2007, Freescale moved this Court for an Order compelling ProMOS to provide its infringement contentions. In its October 31 Order, the Court, among other things, ordered ProMOS to provide its final infringement contentions by November 30, 2007. In a separate order that same day, Freescale was also ordered to generate schematics, produce RTL code, and produce a witness for deposition in Delaware. The parties cooperated with respect to that production, and ProMOS has had, for some time, the RTL code for all accused products;[1] this is the very code that ProMOS represented to the Court that it needed "to permit ProMOS to prove its infringement case at trial more efficiently and more definitively." (*See* ProMOS's Motion to Compel filed August 23, 2007 (D.I. 55) at p. 13). Even though the parties had to, and did, work cooperatively with respect to Freescale's voluminous production of this RTL code, ProMOS still has not provided any final infringement contentions, and will not even commit to a date by which to provide them. (ProMOS had promised to provide these contentions by December 17, but did not do so.)

As was evident at the December 13 *Markman* hearing, ProMOS is complaining about the sufficiency of the Chan-related discovery Freescale has provided to date. Even though Freescale disagrees with ProMOS's position on this issue, it is indisputable that ProMOS has all the RTL code for the accused products and, thus, by its own words as previously represented to the Court, has sufficient information to provide its infringement contentions. (Although not

---

[1] Core level RTL code was produced the week of November 19, 2007. The day before Thanksgiving, ProMOS asked for complete *product* level RTL code. Freescale began producing it during the week after Thanksgiving, and as of December 5, 2007, ProMOS had been provided with the complete *product* level RTL code for all accused products (which includes the core RTL), except for five products for which the RTL code could not be located. ProMOS agreed that it would not require the product level RTL code for the five products for which the code could not be located and that Freescale had satisfied its obligations under the Court's Order with respect to RTL code production.

relevant to this motion, Freescale believes ProMOS already had sufficient information even before the production of this RTL code.)  In any event, ProMOS should not be able to use its complaints as an excuse to indefinitely ignore the Court's Order and refuse to provide infringement contentions.  Freescale has repeatedly advised ProMOS that, to the extent that any information later provided by Freescale materially changes ProMOS's infringement contentions, Freescale will not object to ProMOS promptly supplementing its contentions on this basis.

Freescale needs ProMOS's infringement contentions.  Freescale has already been prejudiced by ProMOS's failure to provide contentions by, among other things, having to prepare for claim construction without the benefit of knowing which claims or specific claim elements might legitimately be at issue, or how ProMOS was contending those claims were allegedly infringed by Freescale's products. (ProMOS has simply asserted, without explanation, all 52 claims of both Chan patents).  Moreover, the end of fact discovery is quickly approaching – January 21, 2008 – and Freescale is not able to properly prepare its defenses or assess fully whether additional discovery might be needed.  For example, Freescale needs to have ProMOS's infringement contentions to properly search for and consider prior art and prepare its prior art defenses (ProMOS may be asserting the Chan claims so broadly that the claims also capture the prior art).  This is obviously a case-critical issue, and we submit that Freescale should not be required to keep guessing as to how ProMOS is asserting its Chan claims.

To prevent further unfair prejudice to Freescale, Freescale asks that the Court issue an Order enforcing its October 31 Order, requiring ProMOS to immediately provide its final infringement contentions, and precluding ProMOS from accusing any Freescale products for which final and complete infringement contentions are not provided by December 31, 2007, and for any other relief deemed appropriate by the Court.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham (#2256)*

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
302.658.9200

*Attorneys for Freescale Semiconductor, Inc.*

OF COUNSEL:

David L. Witcoff
John M. Michalik
JONES DAY
77 West Wacker
Chicago, IL 60601-1692
312.782.3939

F. Drexel Feeling
Karl Maersch
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
216.586.3939

Dated: December 19, 2007
1344004

**CERTIFICATE PURSUANT TO D. DEL. LR 7.1.1**

Counsel for the parties have communicated about the subject of the foregoing motion and have not reached agreement.

*/s/ Mary B. Graham (#2256)*
_____
Mary B. Graham (#2256)

December 19, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2007, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> John G. Day, Esquire
> Steven J. Balick, Esquire
> ASHBY & GEDDES

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on December 19, 2007 upon the following individuals in the manner indicated:

**BY E-MAIL AND HAND DELIVERY**

John G. Day, Esquire
Steven J. Balick, Esquire
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899

**jday@ashby-geddes.com**
**sbalick@ashby-geddes.com**

**BY E-MAIL**

Sten A. Jensen, Esquire
HOGAN & HARTSON LLP
**sajensen@hhlaw.com**

Steven J. Routh, Esquire
HOGAN & HARTSON LLP
**sjrouth@hhlaw.com**

William H. Wright, Esquire
HOGAN & HARTSON LLP
**whwright@hhlaw.com**

William C. Gooding, Esquire
GOODING & CRITTENDEN, L.L.P.
**billgooding@gooding-crittenden.com**

*/s/ Mary B. Graham (#2256)*
_____
Mary B. Graham (#2256)