IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PROMOS TECHNOLOGIES, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 06-788-JJF |
| | : | |
| FREESCALE SEMICONDUCTOR, INC., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION and ORDER**

Plaintiff, Promos Technologies, Inc., noticed a Rule 30(b)(6) deposition to depose Defendant, Freescale Semiconductor, Inc.'s, designee on topics related to the accused products. After some strained negotiations over topics and location, a videotape deposition was held on Friday, November 30, 2007 in Wilmington, Delaware ("the November 30th deposition"). Defendant produced an employee, Michael Dean Snyder ("Mr. Snyder"), as its designee in response to Plaintiff's notice.

Pursuant to the Court's discovery dispute procedure, Plaintiff has requested the Court to compel Defendant to re-produce Mr. Snyder and require him to respond to questions Plaintiff attempted at the November 30th deposition. Defendant opposes Plaintiff's application, contending the assertion of a work product privilege was appropriate.[1] Further, Defendant

---

[1] Defendant has cited <u>Sporck v. Piel</u>, 759 F.2d 312, 316 (3d Cir. 1985), as support for counsel's work product privilege assertion. The <u>Sporck</u> case facts are clearly distinguishable from the facts here, specifically with regard to the questions

argues that it has provided Plaintiff with all the technical information Plaintiff is entitled to in the context of Plaintiff's infringement claims. Defendant contends Plaintiff should be focused only on the core of the accused products in seeking infringement discovery. The Court held a hearing on Thursday, December 13, 2007 ("the December 13th hearing"), and heard the arguments of counsel. Subsequent to the hearing, the Court reviewed the transcript and videotape of the November 30th deposition.

After reading the November 30th deposition transcript and viewing the videotape, the Court finds that Defendant's counsel obstructed the questioning of Mr. Synder by the improper assertion of work product privilege and interposing numerous objections unsupported by the rules of evidence. The Court need not list the errors of Defendant's counsel to demonstrate the conduct of counsel, because the inappropriateness of the objections is plain from a reading of the deposition transcript.[2]

For the reasons detailed above, the Court will order the following relief for Plaintiff: (1) all costs and attorneys' fees for the November 30th deposition and the re-deposition will be paid by Defendant's counsel; (2) a second deposition of Mr.

---

asked, information sought and the fact that the deponent was a 30(b)(6) witness, not a party.

[2]For example, see pages 14, 15, 17, 18, 21, 22, 23, and 25.

1

Snyder will be held at a time and place designated by Plaintiff. This second deposition will not be charged to Plaintiff's allocation of depositions; (3) the topics of the second deposition will be as noticed and explained by Plaintiff at the November 30 deposition. In ordering the relief provided in item 3 above, the Court accepts the assertions made by Plaintiff at the December 13th hearing and the testimony of Mr. Snyder at the November 30th deposition. (Tr. p. 29).

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. All costs and attorneys' fees for the November 30, 2007 deposition of Mr. Snyder, and the re-deposition shall be paid by Defendant's counsel.

2. A second 30(b)(6) deposition of Mr. Snyder shall be held at a time and place designated by Plaintiff. This second deposition will not be charged to Plaintiff.

3. The topics of the second deposition shall be as noticed and explained by Plaintiff at the November 30, 2007 deposition and the December 13, 2007 hearing.

December 20, 2007
DATE

UNITED STATES DISTRICT JUDGE