IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROMOS TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-788 (JJF) |
| ) | |
| FREESCALE SEMICONDUCTOR, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF PROMOS TECHNOLOGIES, INC.'S
FIFTH NOTICE OF 30(b)(6) DEPOSITION
OF DEFENDANT FREESCALE SEMICONDUCTOR, INC.**

PLEASE TAKE NOTICE that pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, plaintiff ProMOS Technologies, Inc. will take the deposition of defendant Freescale Semiconductor, Inc. ("Freescale"), through its corporate designee(s), before a person authorized to administer an oath at the offices of Ashby & Geddes, 500 Delaware Avenue, 8th Floor, Wilmington DE 19899, commencing at 9:30 a.m. on January 14, 2007, or at such other date and time as counsel for the parties shall agree, and continuing from day to day until completed. The deposition may be recorded by audio-visual means as well as stenographically.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Freescale shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf concerning the subjects identified in Attachment A, and if more than one person is so named, designate for each person the subject or subjects on which that person will testify.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff
ProMOS Technologies, Inc.*

*Of Counsel*:

William H. Wright
Hogan & Hartson LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4672


Steven J. Routh
Sten A. Jensen
Hogan & Hartson LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-6472
Facsimile: (202) 637-5910

Dated: January 2, 2008
186983.1

## ATTACHMENT A

### Definitions and Instructions

1. The terms herein will have the same meaning as given in the "Definitions" section of ProMOS Technology Inc.'s First Request for Production of Documents served April 12, 2007 and Exhibit 1 to ProMOS Technology Inc.'s Third Notice of 30(b)(6) Deposition.

2. The term "U.S.-Based Customer" shall mean a customer of Freescale whose parent company is organized under the laws of any state within the United States.

### Topics

1. The identity of any product, whether manufactured by Freescale or a third-party, that incorporates or includes any Freescale Products, as that term is defined in the "Definitions" section of ProMOS Technology Inc.'s First Request for Production of Documents served April 12, 2007 and as amended by Exhibit 1 to ProMOS Technology Inc.'s Third Notice of 30(b)(6) Deposition.

2. Documents (such as data sheets, promotional or marketing materials) provided by Freescale to its customers or Distributors concerning the use of any Freescale Products, including communications between Freescale and its customers and/or Distributors relating to the installation, operation, structure, function, implementation and use of any of the Freescale Products.

3. The date of first sale for each of the Freescale Products.

4. Research and development (and associated research and development costs) of the Freescale Products.

5. Profit margins on the sale of Freescale Products.

6. Pricing of the Freescale Products and the manner in which the Freescale Products are priced for sale by Freescale.

7. Freescale's channels of distribution for the Freescale Products, from the date of first sale of such products.

8. Financial projections, forecasts, budgets, business plans, strategic plans, marketing plans, and sales forecasts relating to the sale, cost, profit, distribution and pricing of the Freescale Products., including but not limited to documents created at or before the time when such products were first sold.

9. Factors influencing the purchasing decisions made by customers purchasing the Freescale Products, including customer demand for the Freescale Products.

10. Marketing of the Freescale Products, including but not limited to the difference between how different Freescale Products are marketed.

11. Documents generated or maintained by Freescale relating to marketing of the Freescale Products.

12. Warranty claims, product complaints and/or returns, whether submitted by Freescale's customers or any other person or entity, relating to the Freescale Products.

13. Documents generated or maintained by Freescale relating to the distribution of products, including but not limited to any documents that reflect where or to whom any products are sold by distributors and distributor resale reports.

14. Qualification of any Freescale Products for use in the United States and any documents relating thereto.

15. Competition in the market for the Freescale Products, including but not limited to size of the pertinent market(s), competitor and competitors' products in the market, and competitors' market shares.

16. Design-around alternatives to the claims asserted by ProMOS of the ProMOS patents-in-suit relative to the Freescale Products, and the development costs associated with such design-around alternatives.

17. Rates paid by Freescale for the use of patents (including but not limited to the running royalty rates and lump sum payments) covering any of the Freescale Products.

18. All agreements, sales contracts or distribution arrangements between (a) Freescale and U.S.-Based Customers; and (b) Freescale and Distributors.

19. All agreements, contracts or other terms and conditions of sales of Freescale Products to foundry customers.

20. Communications between Freescale and U.S.-Based Customers or Distributors regarding any of the Freescale Products.

21. Documents maintained by Freescale relating to the foregoing topics.