**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PROMOS TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-788 (JJF) |
| | ) | |
| FREESCALE SEMICONDUCTOR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF PROMOS TECHNOLOGIES, INC.'S
OBJECTIONS TO THIRD RULE 30(b)(6) NOTICE OF DEPOSITION**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiff ProMOS

Technologies, Inc. ("ProMOS") hereby submits the following general and specific objections to

Freescale's Third Notice of Deposition of ProMOS Technologies (the "Notice") and the

definitions, instructions and deposition topics set forth in Schedule A of the Notice:

**GENERAL OBJECTIONS**

1.      ProMOS objects to the requested topics of testimony set forth in the Notice

("topics") to the extent any topic seeks information that is protected from discovery by the

attorney-client privilege, the work product doctrine, the common interest privilege, the joint

defense privilege and/or any other applicable privilege or that is otherwise immune from

discovery.   Nothing contained in these objections is intended to be, or in any way shall be

deemed, a waiver of such an available privilege, protection or immunity.

2.      ProMOS further objects to any topic to the extent that it seeks information

protected or otherwise exempted from disclosure by the United States Constitution, applicable

State Constitutions, federal or state law, the applicable law of any foreign country, the Federal

Rules of Evidence, and/or any other applicable statutory or common law privilege.

3.      ProMOS objects to the topics to the extent they call for ProMOS' legal

conclusions, contentions, and/or legal theories.

4.      ProMOS objects to the topics to the extent they call for information protected by confidentiality agreements with third parties.

5.      ProMOS objects to the topics to the extent that they seek information already in the possession of or readily available to Freescale, including but not limited to documents produced in this litigation or available from the United States Patent and Trademark Office.

6.      ProMOS objects to the Notice to the extent that it seeks discovery of information that is available through other means that are less burdensome or more appropriate than through deposition, such as through documents or written discovery.

7.      ProMOS objects to the topics to the extent that they seek testimony or information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence.

8.      ProMOS objects to the topics to the extent they are vague and ambiguous and therefore do not describe with reasonable particularity the matters on which examination is requested.

9.      ProMOS objects to the topics to the extent they seek information not within ProMOS's possession, custody, or control or to the extent they seek information regarding third parties or information that is uniquely within Freescale's control.

10.     ProMOS objects to the topics to the extent they seek information that is outside the time period at issue in this case.

11.     ProMOS objects to the topics to the extent they assume facts which are incorrect or do not exist.

12.      ProMOS objects to Freescale's definitions to the extent they are overly broad, seek to impose obligations with respect to discovery beyond those required by the applicable statutes and rules of court, and to the extent that they attempt to ascribe to certain words or phrases meaning other than their customary and ordinary meanings.

13.      ProMOS objects to Freescale's instructions to the extent that they attempt to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or by the Local Civil Rules of the U.S. District Court for the District of Delaware and/or that may

contravene orders of the Court.

## OBJECTIONS TO SPECIFIC TOPICS

### DEPOSITION TOPIC NO. 1

The conception, development, and reduction to practice of the alleged inventions claimed in the '267 patent, including but not limited to the identity of persons with knowledge of each such subject, the circumstances and need that led to the inventions and documents relating to said subjects.

### RESPONSE TO TOPIC NO. 1

ProMOS objects to this topic to the extent it seeks information that is protected from discovery by the attorney-client privilege, the work product doctrine, the joint defense privilege and/or any other applicable privilege.   ProMOS also objects to this topic to the extent it calls for legal conclusions, contentions and/or legal theories and/or seeks testimony that is expected to be provided by experts.   ProMOS further objects to this topic to the extent that it seeks information that is not within the possession, custody or control of ProMOS.   In addition, ProMOS objects on the ground that the terms "circumstances and need" and the topic overall are vague, ambiguous and overbroad and therefore the topic does not describe with reasonable particularity the matters on which examination is requested.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic.

### DEPOSITION TOPIC NO. 2

Any testing of, or prototypes made incorporating or using any of, the inventions of the '267 patent, including but not limited to, the persons involved, the dates, the manner of testing, the results, and the current location of such prototypes.

**RESPONSE TO TOPIC NO. 2**

ProMOS objects on the ground that the topic is vague, ambiguous and overbroad and therefore the topic does not describe with reasonable particularity the matters on which examination is requested.   ProMOS further objects to this topic to the extent it purports to require information that is not within the possession, custody or control of ProMOS.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic.

**DEPOSITION TOPIC NO. 3**

The first written description, first public use, first public disclosure, first embodiment, first offer for sale, and first sale of the inventions claimed in the '267 patent, including but not limited to the identity of persons with knowledge of each such subject, the dates, the surrounding circumstances and documents relating to said subjects.

**RESPONSE TO TOPIC NO. 3**

ProMOS objects to this topic to the extent it seeks information that is protected from discovery by the attorney-client privilege, the work product doctrine, the joint defense privilege and/or any other applicable privilege.    ProMOS also objects to this topic to the extent it calls for legal conclusions, contentions and/or legal theories and/or seeks testimony that is expected to be provided by experts.    ProMOS further objects to the extent this topic seeks information that is not within the possession, custody or control of ProMOS.    In addition, ProMOS objects to this topic on the ground that it does not contend in this case that it is practicing or has ever practiced the inventions in the '267 patent.    Finally, ProMOS objects to this topic to the extent it calls for claim constructions and/or correspondence between claim terms and ProMOS products.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic.

## DEPOSITION TOPIC NO. 4

Any consideration of whether to market a product using any invention of the '267 patent, including but not limited to the persons involved, the date of such consideration, the surrounding circumstances, the factors considered and the results of such consideration.

## RESPONSE TO TOPIC NO. 4

ProMOS objects on the ground that the topic overall is vague, ambiguous and overbroad to the extent it calls for "any consideration" and "any invention" and therefore the topic does not describe with reasonable particularity the matters on which examination is requested. ProMOS also objects to this topic to the extent that it calls for legal conclusions, contentions and/or legal theories. ProMOS further objects to this topic to the extent that it calls for claim constructions or correspondence between claim terms and ProMOS products.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic.

## DEPOSITION TOPIC NO. 5

When the alleged inventions claimed in the '267 patent were ready for patenting.

## RESPONSE TO TOPIC NO. 5

ProMOS objects to this topic to the extent it seeks information that is protected from discovery by the attorney-client privilege, the work product doctrine, the joint defense privilege and/or any other applicable privilege. ProMOS further objects on the ground that the terms "ready for patenting" and the topic overall are vague, ambiguous and overbroad and therefore the topic does not describe with reasonable particularity the matters on which examination is requested.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic.

## DEPOSITION TOPIC NO. 6

The best mode of practicing any of the alleged inventions claimed in the '267 patent.

## RESPONSE TO TOPIC NO.   6

ProMOS objects to this topic to the extent it calls for legal conclusions, contentions and/or legal theories.   ProMOS also objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense privilege and/or any other applicable claim of privilege.   ProMOS further objects to this topic on the ground that the topic overall is vague, ambiguous and overbroad and therefore the topic does not describe with reasonable particularity the matters on which examination is requested.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic.

## DEPOSITION TOPIC NO. 7

Any manufacturing process used by ProMOS or any other person where the process is covered by the '267 patent.

## RESPONSE TO TOPIC NO. 7

ProMOS objects to this topic on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and therefore the topic does not describe with reasonable particularity the matters on which examination is requested.   ProMOS also objects to this topic to the extent it calls for legal conclusions, contentions and/or legal theories, and/or seeks testimony that is expected to be provided by experts.   ProMOS further objects to this topic to

the extent it calls for claim constructions and/or correspondence between claim terms and

ProMOS products.    In addition, ProMOS objects to this topic on the ground that it does not

contend in this case that it is practicing or has ever practiced the inventions in the '267 patent.

Subject to and without waiving any general or specific objection, ProMOS will

designate one or more witnesses to testify on its behalf on this topic.

## DEPOSITION TOPIC NO. 8

The prior art known to each named inventor of the '267 patent, including the prior

art of record in the '267 patent and any related patent to that patent, whether foreign or domestic.

## RESPONSE TO TOPIC NO. 8

ProMOS objects to this topic to the extent it seeks information that is not in

ProMOS's possession, custody or control.    ProMOS also objects to this topic to the extent it

calls for legal conclusions, contentions and/or legal theories, and to the extent it seeks

information protected from disclosure by the attorney-client privilege, the work product doctrine,

the joint defense privilege and/or any other applicable claim of privilege.    ProMOS also objects

to this topic to the extent it seeks testimony that is expected to be provided by experts and/or to

the extent it calls for claim construction or correspondence between claim terms and prior art.

Subject to and without waiving any general or specific objection, ProMOS will

designate one or more witnesses to testify on its behalf on this topic.

## DEPOSITION TOPIC NO. 9

All publications, speeches, presentations, or the like authored, co-authored, or

presented by the named inventor of the '267 patent, including but not limited to, the subject

matter of any aspect of said patent.

**RESPONSE TO TOPIC NO. 9**

   ProMOS objects on the ground that the topic is vague, ambiguous, overbroad and unduly burdensome and therefore the topic does not describe with reasonable particularity the matters on which examination is requested.   ProMOS also objects to this topic to the extent it purports to require information that is not within ProMOS's possession, custody or control.

   Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic.

**DEPOSITION TOPIC NO. 10**

   All articles, press releases, promotional materials (such as brochures, manuals, etc.) or the like that refer to the '267 patent, in whole or in part.

**RESPONSE TO TOPIC NO. 10**

   ProMOS objects on the ground that the topic is vague, ambiguous, overbroad and unduly burdensome and therefore the topic does not describe with reasonable particularity the matters on which examination is requested.   ProMOS also objects to this topic to the extent it purports to require information that is not within ProMOS's possession, custody or control.   In addition, ProMOS objects to this topic on the ground that it does not contend in this case that it is practicing or has ever practiced the inventions in the '267 patent.

   Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic.

**DEPOSITION TOPIC NO. 11**

   Each ProMOS patent that incorporates by reference the '267 patent.

**RESPONSE TO TOPIC 11**

   ProMOS objects to this topic on the ground that it is vague, ambiguous, overbroad and therefore the topic does not describe with reasonable particularity the matters on which

examination is requested.    ProMOS specifically objects to this topic on the grounds that it is not clear what is meant by a "patent that incorporates by reference" other patents.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic.

**DEPOSITION TOPIC NO. 12**

The prosecution of the '267 patent, including any and all parent applications, divisions, continuations, continuations in part, foreign equivalents, and applications containing claiming the benefit of the filing date of any of the foregoing (all whether abandoned or not), including but not limited to the identity of the individuals who drafted, reviewed, contributed to, or were otherwise involved in the prosecution of said patent applications.

**RESPONSE TO TOPIC NO. 12**

ProMOS objects to this topic to the extent it seeks information that is protected from discovery by the attorney-client privilege, the work product doctrine, the joint defense privilege and/or any other applicable privilege.    ProMOS further objects to this topic to the extent that it seeks information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic.

**DEPOSITION TOPIC NO. 13**

ProMOS' invention documentation and disclosure procedures, including the preparation and submission of invention disclosure statements for the '267 patent.

**RESPONSE TO TOPIC NO. 13**

ProMOS objects to this topic as vague, ambiguous, overly broad and unduly burdensome in scope and time.   ProMOS further objects to this topic to the extent it seeks information that is not within ProMOS's possession, custody or control.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic.

**DEPOSITION TOPIC NO. 14**

The identification of all prior art known to ProMOS or the named inventor, including any art described by other persons to ProMOS as prior art, that refers or relates to the subject matter of the '267 patent, including without limitation any sale, offer to sell, public use, prior use, prior patent application filing, patent, and publication, and the identity of each person with knowledge concerning each piece of prior art.

**RESPONSE TO TOPIC NO. 14**

ProMOS objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense privilege and/or any other applicable claim of privilege.   ProMOS also objects to this topic to the extent it calls for legal conclusions, contentions and/or legal theories, and/or seeks testimony that is expected to be provided by experts.   ProMOS further objects to this topic to the extent it seeks information that is not within ProMOS's possession, custody or control.   ProMOS further objects to this topic to the extent it calls for claim constructions or correspondence of claim terms with prior art.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic.

**DEPOSITION TOPIC NO. 15**

All results of prior art searches, investigations or analyses relating to the infringement, validity or enforceability of the '267 patent, including but not limited to the identity of individuals involved in requesting or conducting any of the foregoing, the results and the documents relating to any of the foregoing.

**RESPONSE TO TOPIC NO. 15**

ProMOS objects to this topic to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense privilege and/or any other applicable claim of privilege.   ProMOS also objects to this topic to the extent it calls for legal conclusions, contentions and/or legal theories, and/or seeks testimony that is expected to be provided by experts.   ProMOS also objects to this topic to the extent it calls for claim constructions or correspondence between claim terms and prior art or accused products.

Subject to and without waiving any general or specific objection, ProMOS will designate one or more witnesses to testify on its behalf on this topic.

**DEPOSITION TOPIC NO. 16**

Any efforts to market a product incorporating or made using any invention of the '267 patent.

**RESPONSE TO TOPIC NO. 16**

ProMOS objects to this topic on the ground that it is vague, ambiguous, and overbroad and therefore the topic does not describe with reasonable particularity the matters on which examination is requested.   ProMOS also objects to this topic to the extent that it seeks information that is not within ProMOS's possession, custody or control.   ProMOS further objects to this topic to the extent it calls for legal conclusions, contentions and/or legal theories,

and/or seeks testimony that is expected to be provided by experts.    In addition, ProMOS objects

to this topic to the extent it calls for claim constructions or correspondence between claim terms

and ProMOS products.    Finally, ProMOS objects to this topic on the ground that it does not

contend in this case that it is practicing or has ever practiced the inventions in the '267 patent.

Subject to and without waiving any general or specific objection, ProMOS will

designate one or more witnesses to testify on its behalf on this topic.

**DEPOSITION TOPIC NO. 17**

Any long-felt need for, commercial success of, unexpected results of or benefits

of or problems with the inventions of the '267 patent.90.

**RESPONSE TO TOPIC NO. 17**

ProMOS objects to this topic to the extent it seeks information that is protected

from discovery by the attorney-client privilege, the work product doctrine, the joint defense

privilege and/or any other applicable privilege.    ProMOS also objects to this topic to the extent

it calls for legal conclusions, contentions and/or legal theories, and/or seeks testimony that is

expected to be provided by experts.    ProMOS further objects to this topic as vague and

ambiguous; it is not clear what is meant or intended by the terms "long felt need," "commercial

success," "unexpected results," "benefits of," and "problems."    ProMOS also objects to this

topic as overly broad and unduly burdensome in scope and time.    In addition, ProMOS objects

to this topic to the extent it seeks information that is not within ProMOS's possession, custody or

control.

Subject to and without waiving any general or specific objection, ProMOS will designate

one or more witnesses to testify on its behalf on this topic.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE    19899
Telephone: (302) 654-1888
Telecopier: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*
*ProMOS Technologies, Inc.*

*Of Counsel*:

William H. Wright
Hogan & Hartson LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4672
Facsimile: (31) 785-4601
E-Mail: whwright@hhlaw.com

Steven J. Routh
Sten A. Jensen
Hogan & Hartson LLP
555 Thirteenth Street, NW
Washington, DC    20004
Telephone: (202) 637-6472
Facsimile: (202) 637-5910
E-Mail:sjrouth@hhlaw.com
sajensen@hhlaw.com

Dated:    January 8, 2008
187114.1