IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROMOS TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-788 (JJF) |
| ) | |
| FREESCALE SEMICONDUCTOR, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF PROMOS TECHNOLOGIES, INC.'S
<u>NOTICE OF SUBPOENA AND THIRD-PARTY DEPOSITION OF MOTOROLA, INC.</u>**

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, plaintiff ProMOS Technologies, Inc. will take the deposition of Motorola, Inc. before a person authorized to administer an oath at the Park Hyatt Hotel, 800 N. Michigan Ave., Chicago, Illinois 60611, commencing at 9:30 a.m. on January 22, 2007, or at such other date and time as counsel for the parties shall agree, and continuing from day to day until completed. A true and correct copy of the executed deposition subpoena is attached to this Notice. The deposition may be recorded by audio-visual means as well as stenographically.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff ProMOS Technologies, Inc.*

*Of Counsel*:

William H. Wright
Hogan & Hartson LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4672
Facsimile: (310) 785-4601
E-Mail: whwright@hhlaw.com

Steven J. Routh
Sten A. Jensen
Hogan & Hartson LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-6472
Facsimile: (202) 637-5910
E-Mail: sjrouth@hhlaw.com
sajensen@hhlaw.com

Dated: January 10, 2008
187198.1

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

FREESCALE SEMICONDUCTOR, INC.

V.

PROMOS TECHNOLOGIES, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 06-788 (JFF)
In The United States
District Court For
The District Of Delaware

TO: Motorola, Inc.
1303 East Algonquin Road
Schaumburg, Illinois 60196

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.     PLEASE SEE ATTACHMENT "A"

| PLACE OF DEPOSITION   Park Hyatt Hotel, 800 N. Michigan Ave., Chicago, IL 60611 | DATE AND TIME  1/22/2008 9:30 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
PLEASE SEE ATTACHMENT "A"

| PLACE   HOGAN & HARTSON LLP, 555 13TH STREET, N.W., WASHINGTON, D.C. 20004 | DATE AND TIME  1/18/2008 9:30 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Steven J. Routh | 1/9/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Steven J. Routh, Attorney for Plaintiff ProMOS Technologies, Inc., Hogan & Hartson LLP, 555 13th Street, N.W., Washington, D.C. 20004  (202) 637-5600

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | Time: 12:25 PM 1/9/2008 | CT Corporation System, 208 S LaSalle St., Ste 814 Chicago, IL 60604 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Dawn Schulz / Sr Process Specialist W/F, 53, 5'2", 200 lbs, Brown Hair | Authorized to accept |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Robert D Fairbanks | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    1/9/2008
                  DATE

SIGNATURE OF SERVER

Capitol Process Services, Inc.
ADDRESS OF SERVER   1827 18th Street, NW
Washington, DC 20009

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **ATTACHMENT A**

### **DEFINITIONS**

1.  The terms "Plaintiff" and "ProMOS" refer to ProMOS Technologies, Inc., and its officers, agents, employees, and representatives.

2.  The terms "Motorola," "you," and "your," refer to Motorola, Inc., including but not limited to its divisions, subsidiaries, directors, agents, representatives, attorneys and employees, and any predecessor in interest.

3.  The term "Freescale" refers to Freescale Semiconductor, Inc., including but not limited to its divisions, subsidiaries, directors, agents, representatives, attorneys and employees, and any predecessor in interest.

4.  The term "document" as used herein is employed in the broadest possible sense under Rule 34 and includes, but is not limited to, any printed, written, recorded, taped, electronic (including e-mail and deleted electronic media that is recoverable in any form), graphic, or other tangible matter from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received or neither, including the original, all amendments and addenda and any non-identical copy (whether different from the original because of notes made on or attached to such copy or otherwise) of any and all writings, correspondence, letters, telegraphs, telex communicants, cables, notes, notations, papers, newsletters, memoranda, interoffice communications, e-mails, releases, agreements, contracts, books, pamphlets, studies, minutes of meetings, recordings or other memorials of any type of personal or telephone conversations, meetings or conferences, reports, analyses, test results, examinations, evaluations, estimates, projections, forecasts, receipts, statements, accounts, books of account, diaries, calendars, desk pads, appointment books, stenographer's notebooks, transcripts, ledgers,

registers, worksheets, journals, statistical records, cost sheets, summaries, lists, tabulations, digests, canceled or uncanceled checks or drafts, vouchers, charge slips, invoices, purchase orders, hotel charges, accountant's reports, financial statements, newspapers, periodicals or magazine materials, and any materials underlying, supporting, or used in the preparation of any documents. The term "document(s)" also specifically includes any records stored on computer tape or computer disk or otherwise stored by or in a computer, including telephone voice mail or electronic mail, whether or not a hard copy (i.e., paper copy) of the document is or was at any time in existence. A document includes all documents appended thereto. The documents requested shall include all marked copies. A "marked copy" is any document containing any writing or any markings of any kind in the text, in the margins, or on the reverse side of the document.

5. The term "person(s)" includes any natural person, corporation, partnership, association, joint venture, sole proprietorship, firm, business enterprise, governmental or quasi-governmental body or agency, or legal entity of any type, and includes both the singular and plural.

6. The term "communications" means all oral, visual, or other sensory means of transmitting information, messages, or statements, including but not limited to correspondence, letters, memoranda, e-mails (with any attachment(s)), meeting minutes, transcripts of telephone conversations, and presentations.

7. The terms or phrases "relating to," "relate(s)," or "related to" includes, but is not limited to, constituting, comprising, consisting of, containing, setting forth, describing, discussing, citing, regarding, pertaining to, mentioning, proposing, showing, disclosing, containing, analyzing, explaining, summarizing, supporting, evidencing, authorizing, concerning,

embodying, reflecting, identifying, incorporating, considering, recommending, continuing, enumerating, dealing with, commenting on, referring to directly or indirectly, dealing with, responding to, or in any way logically or factually relevant to the matter described in the request.

8.     The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents that otherwise would be construed to be outside their scope.

9.     The term "market," as a verb, shall mean to sell, lease, license, exhibit or distribute; or to offer to sell, lease, license, exhibit or distribute.

10.    The term "sale" means and refers to any exchange of goods, services or other property for value and includes transferring goods to another party on a consignment basis, regardless of whether title has passed.

11.    The term "Semiconductor Product(s)" includes: microcontrollers, microprocessors, processors, digital signal processors, controller cores, processor cores and all other components or goods that use, incorporate, work with or rely on cache memory; systems, components, products and goods that use, incorporate work with or rely on microcontrollers, microprocessors, processors, digital signal processors, controller cores, processor cores or other components or goods that use, incorporate, work with or rely on cache memory; and integrated circuits and semiconductor products that incorporate one or more conductors that includes tungsten metallization overlying a layer of titanium nitride, such conductors including, but not limited to, those formed using Damascene and dual Damascene processes.

12.    The term "Freescale Product(s)" includes: microcontrollers, microprocessors, processors, digital signal processors, controller cores, processor cores and all other components or goods you manufacture or market for sale or sell in any way that use, incorporate, work with

or rely on cache memory; systems, components, products and goods that use, incorporate work with or rely on microcontrollers, microprocessors, processors, digital signal processors, controller cores, processor cores or other components or goods that use, incorporate, work with or rely on cache memory; and integrated circuits and semiconductor products that incorporate one or more conductors that includes tungsten metallization overlying a layer of titanium nitride, such conductors including, but not limited to, those formed using Damascene and dual Damascene processes.

## INSTRUCTIONS

1. In responding to these requests, you shall furnish all documents that are in your possession, custody, or control; or are within the possession, custody, or control of your officers, directors, employees, agents, representatives, present or former contractors, consultants, investigators, or attorneys; or otherwise available to you, regardless of whether documents are possessed directly by you, or any parent, subsidiary or affiliated corporation, or any of such entity's officers, directors, employees, agents, representatives, present or former contractors, consultants, investigators or attorneys.

2. Organize and label each document or set of documents, indicating by number the request to which the document(s) relates. In your written response, provide the document production (i.e. "Bates") number(s) for document(s) responsive to each request.

3. Electronic and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering of the materials intelligible.

4. If any document responding to all or any part of this Request is not currently available, include a statement to that effect and furnish whatever documents are available. Include in your statement when such documents were most recently in your possession or subject

to your control and what disposition was made of them, identifying the name, job title, and the last known address of each person currently in possession or control of such documents. If any of such documents were destroyed, identify the name, job title and the last known business address of each person who directed that the documents be destroyed, and state the reasons the documents were destroyed. If you do not have a document responsive to a request, but you know of person(s) or organization(s) who may have all or any portion of the document, then all such information, including names, addresses, and telephone numbers, shall be disclosed in your written response.

5. If any document or portion of any document covered by this Request for Production is withheld from production due to a claim of privilege, protection, or other grounds for non-disclosure, furnish a list of all such documents withheld that provides the following information: (a) the "Bates" number(s); (b) the identity of the person(s) who prepared or authorized the preparation of the document and, if applicable, the person(s), addresses, and organization to whom the document was sent or shown; (c) the date (or your best approximation thereof) on which the document was prepared; (d) a description of the type of document (e.g., letter, ledger, etc.); (e) the subject matter of the document; (f) a brief reason why the document is claimed to be privileged, protected, or subject to non-disclosure; and (g) the paragraph(s) of this Request to which the document responds.

6. This Request is continuing and requires, to the extent authorized by Rule 26(e) of the Federal Rules of Civil Procedure, production of any additional responsive documents that may be located or acquired by you or your employees after the date of your original production.

7. Unless otherwise indicated in a particular request, the relevant time period for each Request shall be from January 1, 2000, to the present.

## SPECIFIC REQUESTS FOR PRODUCTION

1.  Documents sufficient to identify the sale or marketing for sale of any Semiconductor Products prior to April 2004.

2.  Documents sufficient to identify the purchase or acquisition by Motorola of any Freescale Products after and including April 2004.

3.  Documents relating to the features, functionality, uses, and operation of each product manufactured or sold by Motorola that incorporates or includes Freescale Products, including but not limited to the processor(s), core(s), cache memory(ies), cache controller(s), memory(ies), memory subsystem(s), memory controller(s), memory management unit(s), register(s), buffer(s), bus(es), bus interface unit(s), and all other portions thereof.

4.  User manuals, reference manuals, workbooks, datasheets, microarchitecture documents, block guides, specifications, and technical documents for any Freescale Products and/or the processor(s) or core(s) contained therein and/or each product manufactured or sold by Motorola that incorporates a Freescale Product.

5.  Documents (including communications, data sheets, promotional or marketing materials) and things (including demonstration boards, application notes, reference designs or other implementations) prepared or provided by Freescale concerning uses or applications of any Freescale Product and/or any product that incorporates or includes a Freescale Product, including documents and things relating to the installation, operation, structure, function, implementation and use of each Freescale Product and/or each product that incorporates or includes a Freescale Product.

6. Documents reflecting communications between Motorola and Freescale regarding the actual, intended, or possible use, shipment and/or distribution in the United States of any Freescale Product (including products that incorporate a Freescale Produce).

7. Documents reflecting communications between Motorola and Freescale regarding Freescale's litigation with ProMOS Technologies, Inc. (*Freescale Semiconductor, Inc. v. ProMOS Technologies, Inc.* Civ. A. No. 4:06-CV-491 (RAS) in the U.S. District Court for the Eastern District of Texas, Sherman Division, and *ProMOS Technologies, Inc. v. Freescale Semiconductor, Inc.*, Civ. A. No. 06-788 (JJF) in the U.S. District Court for the District of Delaware).

8. Documents reflecting communications between Motorola and Freescale regarding the Chan and Fortin Patents.

9. Documents reflecting any agreements and/or communications between Motorola and Freescale regarding Freescale's indemnification or assumption of liability for products manufactured, marketed for sale or sold by Motorola.

### Topics For Examination At Deposition

1. Documents produced in response to this Subpoena.

2. The sale or marketing for sale of any Semiconductor Products that incorporate, use, rely upon or otherwise embody the Chan and/or Fortin patents prior to April 2004.

3. The purchase or acquisition by Motorola of any Freescale Products after and including April 2004.

4. The features, functionality, uses, and operation of each product manufactured or sold by Motorola that incorporates or includes Freescale Products, including but not limited to the processor(s), core(s), cache memory(ies), cache controller(s), memory(ies), memory

- 7 -

subsystem(s), memory controller(s), memory management unit(s), register(s), buffer(s), bus(es), bus interface unit(s), and all other portions thereof.

5.  User manuals, reference manuals, workbooks, datasheets, microarchitecture documents, block guides, specifications, and technical documents for any Freescale Products and/or the processor(s) or core(s) contained therein and/or each product manufactured or sold by Motorola that incorporates a Freescale Product.

6.  Communications, data sheets, promotional or marketing materials) and things (including demonstration boards, application notes, reference designs or other implementations) prepared or provided by Freescale concerning uses or applications of any Freescale Product and/or any product that incorporates or includes a Freescale Product, including communications relating to the installation, operation, structure, function, implementation and use of each Freescale Product and/or each product that incorporates or includes a Freescale Product.

7.  Communications between Motorola and Freescale regarding the actual, intended, or possible use, shipment and distribution in the United States of any Freescale Product (including products that incorporate a Freescale Produce).

8.  Communications between Motorola and Freescale regarding Freescale's litigation with ProMOS Technologies, Inc. (*Freescale Semiconductor, Inc. v. ProMOS Technologies, Inc.* Civ. A. No. 4:06-CV-491 (RAS) in the U.S. District Court for the Eastern District of Texas, Sherman Division, and *ProMOS Technologies, Inc. v. Freescale Semiconductor, Inc.*, Civ. A. No. 06-788 (JJF) in the U.S. District Court for the District of Delaware).

- 9 -

9. Communications between Motorola and Freescale regarding the Chan and Fortin Patents.

10. Any agreements or communications between Motorola and Freescale regarding Freescale's indemnification or assumption of liability for products manufactured, marketed for sale or sold by Motorola.

                                    ASHBY & GEDDES

                                    /S/
                            _____
Steven J. Batlick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Telecopier: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*
*ProMOS Technologies, Inc.*

*Of Counsel*:

William H. Wright
Hogan & Hartson LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4672
Facsimile: (31) 785-4601
E-Mail: whwright@hhlaw.com

Steven J. Routh
Sten A. Jensen
Hogan & Hartson LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-6472
Facsimile: (202) 637-5910
E-Mail: sjrouth@hhlaw.com
sajensen@hhlaw.com

Dated: January 9, 2008