# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. Box 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

MARY B. GRAHAM
302 351 9199
mgraham@mnat.com

February 21, 2008

**VIA E-FILING AND HAND DELIVERY**

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre, Suite 800
Wilmington, DE 19801-4226

Re:   *ProMOS Technologies, Inc. v. Freescale Semiconductor, Inc.*
      C.A. No. 06-788 (JJF)

Dear Judge Poppiti:

In accordance with the Special Master's order, this responds to the request made by ProMOS to increase the maximum number of allowable hours of fact depositions.

Certain background information is in order. The existing limit of 90 hours for fact depositions in the Scheduling Order was the product of a negotiated agreement between the parties. The same limit was agreed to in the patent case which had been previously brought by Freescale against ProMOS in the Eastern District of Texas. As such, it is a limit that should not lightly be set aside.

As Freescale indicated when ProMOS raised this issue during the February 11, 2008 teleconference with the Special Master, ProMOS's request is premature, given that ProMOS still has a large amount of time left under the agreed limit. We further believe that the request is unnecessary and excessive. ProMOS's request for 60 more hours is based on an estimate that it will need on average 5 hours per deposition under its Third 30(b)(6) Notice on technical issues relating to the Chan patents. However, the total time used for three depositions that ProMOS took this week (on February 19, 20 and 21) was fewer than 5 hours combined. At that rate, ProMOS does not need any increase in the limit, let alone 60 more hours over the next month.

Freescale also objects to ProMOS's attempt to blame Freescale for its request. In particular, ProMOS's assertion that "Freescale has designated a greater-than-anticipated number of persons to address the Chan-related 30(b)(6) notice" should be rejected. The Third 30(b)(6)

The Honorable Vincent J. Poppiti
February 21, 2008
Page 2

Notice served by ProMOS contains 23 separately-numbered topics, each relating to "Freescale Products," a term defined in the Notice as referring to the more than 150 accused products identified on a five-page, single-spaced list attached as Exhibit 1 to the Notice. Freescale told ProMOS long ago that it would need to produce a large number of witnesses to respond to this Notice. Indeed, Mr. Witcoff made that clear in the first (January 17, 2008) teleconference with the Special Master, emphasizing that, "we have identified over 20 responsive witnesses to these notices." (Tr. at 50.) ProMOS should not be heard now to complain about a "larger-than-anticipated" number of witnesses under these circumstances. ProMOS has been on notice for a long time of the large number of witnesses that their overly broad 30(b)(6) Notice would require Freescale to produce.

Moreover, as Freescale explained to ProMOS months ago, a number of the accused "Freescale Products" listed on Exhibit 1 lack anything that could remotely be equated to the particular cache memory structure claimed in the Chan patents. (While Freescale submits that none of its products infringes the Chan patents, for this particular group of "Freescale Products," noninfringement should not even be arguable.) Any deposition that ProMOS proposes to take on these products is unnecessary, and can and should be dispensed with.

It imposes an unnecessary and undue burden on Freescale to subject it to additional depositions that ProMOS should not be taking, and in fact, would not be taking, had it been willing to agree with Freescale to limit its discovery to representative products, as Freescale suggested months ago. Even without such an agreement, ProMOS could and should have done the right thing by not pursuing discovery on virtually every Freescale product it could find that has, or works with, a cache. Products with caches existed long before the particular cache structure described and claimed in the Chan patents, and the mere presence of a cache in a product is an insufficient basis for an infringement claim under those patents. The overreaching list of accused products is one of the reasons that Freescale has been seeking, even on a preliminary basis, infringement contentions from ProMOS for nearly a year now.

Freescale further objects to ProMOS's complaint about the alleged impact of Freescale's document production. ProMOS knew when it served its Third 30(b)(6) Notice that additional documents would be produced for the "Freescale Products." Contrary to ProMOS's charge, Freescale has not misrepresented its document production to the Court. Rather, ProMOS belatedly expanded its document demands, requiring Freescale to go back and produce additional documents. Nor has Freescale "dumped" documents on ProMOS, but rather has produced the very documents that ProMOS demanded, on a rolling basis, as promised. It is true that there were a few inadvertent occasions where documents relating to particular products were produced a few days before the scheduled deposition on those products. Freescale offered to reschedule those depositions to give ProMOS more time with the documents. Each time, ProMOS declined to do so, making a deliberate choice to proceed in such an allegedly "less efficient" way. As witnessed by ProMOS's ability to complete <u>two</u> depositions earlier this week in well under 5 hours total, Freescale's document production provides no basis for ProMOS's premature and excessive request for additional deposition time.

The Honorable Vincent J. Poppiti
February 21, 2008
Page 3

        Notwithstanding the foregoing, and based on the expectation that ProMOS will proceed in good faith and use as few deposition hours as it can, Freescale will not oppose the request made by ProMOS. However, Freescale reserves its right to apply for a protective order in the event it is necessary to protect the company or its witnesses from undue burden or interrogation exceeding the appropriate limits of discovery in this action.

        Given Freescale's position, we do not see the need for a conference on this issue, although we will be pleased to participate if the Special Master feels otherwise.

        Respectfully,

        */s/ Mary B. Graham*

        Mary B. Graham (#2256)

MBG/dam
Enclosure
cc:   John G. Day, Esquire (via e-mail and hand delivery)
       Steven J. Routh, Esquire (via e-mail)
       Susan M. Cook, Esquire (via e-mail)
       James L. Wamsley, Esquire (via e-mail)
       David L. Witcoff, Esquire (via e-mail)
1629886

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PROMOS TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-788 (JJF) |
| ) | |
| FREESCALE SEMICONDUCTOR, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF PROMOS TECHNOLOGIES, INC.'S
THIRD NOTICE OF 30(b)(6) DEPOSITION
OF DEFENDANT FREESCALE SEMICONDUCTOR, INC.**

PLEASE TAKE NOTICE that pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, plaintiff ProMOS Technologies, Inc. will take the deposition of defendant Freescale Semiconductor, Inc. ("Freescale"), through its corporate designee(s), before a person authorized to administer an oath at the offices of Ashby & Geddes, 500 Delaware Avenue, 8th Floor, Wilmington DE 19899, commencing at 9:30 a.m. on January 14, 2007, or at such other date and time as counsel for the parties shall agree, and continuing from day to day until completed. The deposition may be recorded by audio-visual means as well as stenographically.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Freescale shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf concerning the subjects identified in Attachment A, and if more than one person is so named, designate for each person the subject or subjects on which that person will testify.

ASHBY & GEDDES

/s/ *John G. Day*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff
ProMOS Technologies, Inc.*

*Of Counsel*:

William H. Wright
Hogan & Hartson LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4672
E-Mail: whwright@hhlaw.com

Steven J. Routh
Sten A. Jensen
Hogan & Hartson LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-6472
E-Mail:sjrouth@hhlaw.com
sajensen@hhlaw.com

Dated: December 19, 2007
186810.1

2

# ATTACHMENT A

1.   The design, layout, architecture, and structure of each of the products listed in Exhibit 1 hereto (each, a "Freescale Product" and collectively, the "Freescale Products").

2.   The identity of any product that incorporates or includes any Freescale Product.

3.   Code names, project designations, product families, part numbers and any other naming or grouping conventions used for Freescale Products.

4.   The features, functionality, uses, and operation of each Freescale Product and of each product that incorporates or includes a Freescale Product, including but not limited to the processor(s), core(s), cache memory(ies), cache controller(s), memory(ies), memory subsystem(s), memory controller(s), memory management unit(s), register(s), buffer(s), bus(es), bus interface unit(s), and all other portions thereof.

5.   User manuals, reference manuals, workbooks, datasheets, microarchitecture documents, block guides, specifications, and technical documents for each of the Freescale Products and/or the processor(s) or core(s) contained therein and/or each product that incorporates or includes a Freescale Product.

6.   RTL documentation and circuit schematics for each Freescale Product and/or the processors contained therein.

7.   Research, development, testing, and manufacturing of each Freescale Product, including the costs associated therewith.

8.   Documents (such as communications, data sheets, promotional or marketing materials) and things (such as demonstration boards or other implementations) provided by Freescale to or used by Freescale with its customers or distributors concerning the use of each Freescale Product and/or each product that incorporates or includes a Freescale Product, including

those relating to the installation, operation, structure, function, implementation and use of each Freescale Product and/or each product that incorporates or includes a Freescale Product.

     9.     The date of first use, first public use, and first sale for each of the Freescale Products.

     10.    Any efforts by Freescale to change or modify any Freescale Product to design around any of the patents-in-suit, including all communications relating to such efforts.

     11.    Freescale's consideration of and views about the use of system or external memory, including but not limited to why it is essential and which of the Freescale Products either have system or external memory or are specifically designed to work with system or external memory.

     12.    Any prior art related to the patents-in-suit, including but not limited to designs developed within Motorola or Freescale.

     13.    Any contracts between Freescale and Motorola, whether written or otherwise, including but not limited to any assumption by Freescale of Motorola's liability for any past, present, or future claims of infringement.

     14.    The features, functionality, uses, and operation of cache memory incorporated or used by the Freescale Products, including but not limited to (a) the data path and connection between the cache memory and the executing units of the processor or core; (b) the data path and connection between the cache memory and the system, external or other memory; (c) data transmission between the cache memory and the executing units of the processor or core; (d) data transmission between the cache memory and the system, external or other memory; (e) the timing and the interdependency (or the lack of it) between (c) and (d), (f) circuits, functions, macros, programs or instructions related to the operation, function, or scheduling of cache memory, and (g) circuits, functions, macros, programs or instructions related to the operation, function, or

2

scheduling of transmission of data and control information to or from the cache memory and to or from any registers or buffers associated with the cache memory.

15. The similarities and differences between MC68060 and M68040, including but not limited to similarities and differences relating to (a) the data path and connection between the cache memory and the executing units of the processor or core; (b) the data path and connection between the cache memory and the system, external or other memory; (c) data transmission between the cache memory and the executing units of the processor or core; (d) data transmission between the cache memory and the system, external or other memory; (e) the timing and the interdependency (or the lack of it) between (c) and (d).

16. The features, functionality, uses, and operation of circuits that affect the operation of the cache memory incorporated or used by the Freescale Products, including but not limited to (a) cache controller, (b) control logic of the cache memory, (c) cache control registers (d) tag memory, (e) memory management unit, and (f) memory controller.

17. The features, functionality, uses, and operation of buffers, registers, or storage that affect the operation of the cache memory incorporated or used by the Freescale Products and/or any product that incorporates or includes a Freescale Product, including but not limited to data transmission and data path between such buffers, registers, or storage and (a) cache memory, (b) the executing units of the processor or core, and (c) system, external or other memory.

18. The features, functionality, uses, and operation of system, external or other memory incorporated or used by the Freescale Products, including but not limited to (a) data transmission and data path between system or external memory with Freescale Products, (b) the type, specification, and requirement for system, external or other memory so that it works with Freescale Products; (c) how and why Freescale Products use or operate with system, external or

3

other memory, and (d) the features of the Freescale products that are specifically designed to work with system, external or other memory.

19. Data coherency policy and snooping operation of the cache memory incorporated or used by the Freescale Products.

20. Joint research and development effort relating to Freescale Products with third parties, including but not limited to joint efforts with ARM Holding PLC ("ARM") and International Business Machines Corp. ("IBM").

21. Indemnification, insurance, guaranty, surety, or agreement under which any third party may be liable to satisfy part or all of a judgment of patent infringement relating to Freescale Products, including but not limited to any agreement between Freescale and Motorola, or any agreement between Freescale and ARM Holding PLC ("ARM").

22. The types and locations of documents relevant to each of the foregoing topics.

23. The similarities and differences among each of the Freescale Products, including similarities and differences relating to each of the foregoing topics.

**EXHIBIT 1**

603e
e200
e200z1
e200z0
e200z6
e300
e300c2
e500
e500v2
e600
dual e600
G2
G4
8xx
Coldfire v2
Coldfire v3
Coldfire v4
Coldfire v4e
Coldfire v5
MC68060
ARM 920T
ARM926EJ-S
ARM1136JF-S
800 MHz/1GHz
StarCore SC3400
DSP extended core
800 MHz/1GHz
StarCore SC3400
DSP core
SC1400
DSP 56300

any products that incorporate any of the foregoing cores

MPC7400
MPC7450
MPC604
MPC604e
MPC604ev
MPC603

MPC603e
MPC603ev
MPC601
MPC620
MPC750
MPC740
MPC755
MPC2605
K2
8569
8526
MPC5200
MPC5200B

MPC5510

MPC5553

MPC5554

MPC5561
MPC5565

MPC5566
MPC5567
MPC7410
MPC7445
MPC7455
MPC7447
MPC7457
MPC7447A
MPC7448
MPC823
MPC823E
MPC850
MPC852T
MPC853T
MPC855T
MPC857DSL
MPC857T
MPC859DSL
MPC859T
MPC860
MPC860P
MPC862
MPC866
MPC870

6

MPC875
MPC880
MPC885
MPC8247
MPC8248
MPC8250
MPC8255
MPC8260
MPC8264
MPC8265
MPC8266
MPC8270
MPC8271
MPC8272
MPC8275
MPC8280
MPC8313
MPC8313E
MPC8321
MPC8321E
MPC8323
MPC8323E
MPC8343E
MPC8347E
MPC8349E
MPC8358E
MPC8360E
MPC8533E
MPC8540
MPC8541E
MPC8543E
MPC8544E
MPC8545E
MPC8547E
MPC8548E
MPC8555E
MPC8560
MPC8567E
MPC8568E

MPC8641

MPC8641D
MCF5206e
MCF5207
MCF5208
MCF5211

MCF5212
MCF5213
MCF5214
MCF5216
MCF5232
MCF5233
MCF5234
MCF5235
MCF5249
MCF5270
MCF5271
MCF5272
MCF5274
MCF5274L
MCF5275
MCF5275L
MCF5280
MCF5281
MCF5282
MCF5307
MCF5327
MCF5328
MCF5329
MCF5372
MCF5372L
MCF5373
MCF5373L
MCF5407
MCF5470
MCF5471
MCF5472
MCF5473
MCF5474
MCF5475
MCF5480
MCF5481
MCF5482
MCF5483
MCF5484
MCF5485
MC68060
MC68LC060
MC68EC060
i.MX1
(MC9328MX1)
i.MX21

i.MX21S
i.MX27
i.MX31
i.MX31L
i.MXL
i.MXS


MSC8144


MSC8144E


MSC8144EC
MSC7110
MSC7112
MSC7113
MSC7115
MSC7116
MSC7118
MSC7119
MSC7120


DSP56301

DSP56311

DSP56321

DSP56L307

9