## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PROMOS TECHNOLOGIES, INC.,               )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )        Civil Action No. 06-788 (JJF)
                                         )
FREESCALE SEMICONDUCTOR, INC.,           )
                                         )
        Defendant.                       )
                                         )

### ORDER AMENDING DISCOVERY SCHEDULE

Upon consideration of the February 11, 2008 submissions of plaintiff ProMOS

Technologies, Inc. ("ProMOS") and Freescale Semiconductor, Inc. ("Freescale"), as well as the

argument of counsel during the telephone conference with Special Master Vincent J. Poppiti on

that same date, the Court being otherwise fully advised and good cause having been shown;[1]

IT IS HEREBY ORDERED:

1.      Freescale shall complete production of documents relating to accused products

and cores described in paragraph 2 of the Stipulated Order Extending Discovery Deadline

(Docket No. 132) on or before February 25, 2008. Freescale will produce the documents on a

rolling basis, as they are located, prior to that date. If any such documents are located after

February 25, 2008, Freescale shall so notify ProMOS and promptly produce them.

---

[1] The Special Master by accepting ProMOS's proposed language for ¶¶ 5 and 6 and
declines to accept Freescale's proposed language regarding same. While the Special Master is
mindful that the Eastern District of Texas has adopted local rules making mandatory the
Disclosure of Infringement Contentions (E.D. Texas Local Rule 3-1) as well as the serving of
Invalidity Contentions (E.D. Texas Local Rule 3-3) both in a structured formulaec format, and
while the Special Master understands and appreciates the value of such an approach particularly
in patent litigation, the fact remains that the District Court of Delaware has not by local rule,
decisional law, or chamber practice mandated such an approach. Moreover, the time for
consideration of such an approach has long since past with the issuance of its Pre-Trail Order.

The Special Master also declines to accept Freescale's language in ¶ 5 which states,
"ProMOS" will make a good-faith effort in these contentions to reduce by one-half or more the
number of patent claims asserted per patent." This is not yet ripe for consideration.

2.      With respect to schematics previously produced by Freescale in discovery, if ProMOS gives notice that it is unable to identify the product or core to which a schematic relates, then Freescale shall promptly provide ProMOS with information sufficient to so identify the product(s) or core(s). If Freescale produces additional schematics, it shall provide information regarding the core(s) and product(s) to which the schematics relate at the time of the production or as soon thereafter as possible.

3.      The fact discovery deadline will be extended until March 21, 2008 for the limited purpose of completing discovery propounded prior to January 21, 2008. No new discovery will be permitted without agreement of the parties or leave of the Special Master upon a showing of good cause.

4.      The discovery to be completed pursuant to Paragraph 3 shall include completion of the Rule 30(b)(6) deposition of Freescale relating to the Chan-accused products, pursuant to the deposition notice dated December 19, 2007. Freescale already has produced a number of Rule 30(b)(6) designees in response to that notice to testify regarding certain accused products and cores, and it has agreed to provide additional designees for deposition on twelve dates on or before March 13, 2008. To the extent Freescale produces additional documents pursuant to Paragraph 1 that may be relevant to the subject(s) on which a Rule 30(b)(6) deponent is designated to testify, Freescale will make every effort to produce such documents sufficiently in advance of the deposition to permit their use at the deposition.

5.      Within 10 business days following completion of the each of the depositions discussed in Paragraph 4, ProMOS shall provide Freescale with supplemental infringement contentions with respect to any accused product(s) and/or core(s) that were the subject of the depositions. For the Rule 30(b)(6) depositions taken by ProMOS on January 24 and 25, 2008, ProMOS shall provide its supplemental infringement contentions by February 18, 2008. For the

CLI-1591328v3
062038.00618/40173465v.1

2

Fortin patent-in-suit, ProMOS shall provide its supplemental infringement contentions within 10 business days following Freescale's production of documents responsive to the ProMOS requests in its letter of February 8, 2008. By so providing Freescale with supplemental infringement contentions on a rolling basis, ProMOS shall provide Freescale with supplemental infringement contentions with respect to all accused products, cores, and processes on or before March 21, 2008.

6.      On or before March 28, 2008, defendant Freescale Semiconductor will serve supplemental invalidity contentions.

7.      Except as provided for in Paragraphs 5 and 6, each party will supplement its outstanding responses to interrogatories by February 29, 2008. This deadline is intended to set a milepost by which the parties are to consider the need for, and to provide, supplemental discovery responses; it is not intended to replace or diminish each parties obligations under Fed. R. Civ. P. 26(e) either before or after February 29, 2008.

8.      Within five days after the Court issues its claim construction ruling, the parties shall meet, confer, and report to the Special Master on whether they believe any additional discovery, supplementation of discovery, or other steps are needed in light of the ruling.

ENTERED this ⁄5 day of February, 2008.

Vincent J. Poppiti
Special Master

SO ORDERED this 21 day of February, 2008.

United States District Judge