# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

March 5, 2008

The Honorable Joseph J. Farnan, Jr.              <u>VIA ELECTRONIC FILING</u>
United States District Court
844 King Street
Wilmington, DE 19801

      Re:    *ProMOS Technologies, Inc. v. Freescale Semiconductor, Inc.*,
             <u>C.A. No. 06-788-JJF</u>

Dear Judge Farnan:

      Pursuant to Local Rule 7.1.2, ProMOS hereby responds to the letter submitted by Freescale on February 28, 2008 regarding the Federal Circuit's decision in *Halliburton Energy Services v. M-1 LLC*, 2008 WL 216294 (Fed. Cir. Jan. 25, 2008). The *Halliburton* decision does not support Freescale's position that the claim term "rounding the top edge of the opening" in the Fortin '267 patent is indefinite.

      In *Halliburton*, the patentee relied on a figure in the specification to support its position that the claim term "fragile gel" was definite. However, that figure (Figure 3) showed only the performance and response times of the claimed gel; it did not describe or depict the extent to which the claimed gel was "fragile." The Federal Circuit therefore held that "a person of ordinary skill in the art could not determine the bounds of the claims" – i.e., could not determine if a gel met or did not meet the "fragile gel" limitation – and the claims therefore were "insolubly ambiguous." Id. at *3. Here, in contrast, the specification of the Fortin patent includes a figure that illustrates exactly what the inventor meant by the "rounding" limitation. Specifically, Figure 5 of the Fortin patent is a representation of what the top edge of the opening looks like after it has been "round[ed]." Accordingly, in contrast with *Halliburton*, the Fortin patent includes a figure that describes the precise features that meet the limitation at issue, and Freescale has provided no basis for concluding that a person of ordinary skill in the art could not determine whether a process results in "rounding of the top edge of the opening" or not. This claim language, as depicted in Figure 5 of the Fortin patent, is far from "insolubly ambiguous," it is crystal clear.

      Moreover, in *Halliburton*, Figure 3 purported to show how the claimed invention was novel. But Figure 3 showed that the performance and response times resulted in the same L-shaped curve for the claimed gel as for the prior art gels, and there was nothing in the specification on which a person of ordinary skill in the art could rely to determine how the claimed invention differed from the prior art in terms of "fragileness." Id. at *5-6. The Federal Circuit held in this regard that an "evaluation of a claim's definiteness" can include "whether the patent expressly or at least clearly differentiates itself from specific prior art. Such

differentiation is an important consideration in the definiteness inquiry because in attempting to define a claim term, a person of ordinary skill is likely to conclude that the definition does not encompass that which is expressly distinguished as prior art." Id. In the Fortin patent, however, Figure 5 does not purport to distinguish the prior art based on the "rounding" feature of the claimed invention. Accordingly, the type of ambiguity created by Figure 3 in *Halliburton*, and which was "fatal" to the patent in that case, id. at *6, simply does not exist with respect to Figure 5 of the Fortin patent.

Freescale's position that a person of ordinary skill in the art would have difficulty understanding what is meant by the "rounding" limitation of the Fortin patent is further undermined by the testimony of its own process engineers. During his Rule 30(b)(6) deposition, without any prompting from the examining attorney, Freescale employee Scott Bolton gave the following testimony, demonstrating his clear understanding of the manner in which the accused RF pre-cleaning step rounds the top edges of the contact opening:

> Q: And does that [RF pre-clean] process result in any changes to the physical characteristics of the corner of that contact wall?
>
> A: In our 40 angstrom process it is a very short etch and we clean the bottom of the contact and there would likely be in a pre-, post-picture of this feature after receiving that etch some small rounding or cornering of very sharp facets. So if this is a 90 degree angle rectangle, after a RF etch, those 90 degree points are slightly rounded and that's a feature of the RF etch process.

February 4, 2008 Bolton dep. at 143.

*Halliburton* is further distinguishable because there the patentee sought to give meaning to the claim term "fragile gel" by defining it in a way that was contrary to the specification. See *Halliburton* at * 4-5 (noting that nothing in the specification required the fragile gel drilling fluid to have low or no organophilic clays). Here, as ProMOS has previously explained, its proposed construction is completely supported by and consistent with the specification and the figures contained therein. See ProMOS's Opening Claim Construction Brief (D.I. 84) at 33-35; ProMOS's Answering Claim Construction Brief (D.I. 90) at 30-32.

Finally, there is a clear and obvious difference between the claim term at issue in *Halliburton* ("fragile gel") and the claim term at issue here ("rounding the top edge of the opening"). The former is vague and ambiguous standing alone, while the latter is descriptive to both a layperson and a person skilled in the art. This plain and understandable claim language is further illustrated and defined by the drawing in Figure 5.

In its claim construction briefing and at the *Markman* hearing, ProMOS demonstrated that Freescale has failed to come forward with the clear and convincing evidence necessary to support its position that the term "rounding the top edge of the opening" is indefinite. There is nothing in the *Halliburton* decision that undermines ProMOS's position on that point.

The Honorable Joseph J. Farnan, Jr.
March 5, 2008
Page 3

                                       Respectfully,

                                       */s/ John G. Day*

                                       John G. Day

JGD: nml
188806.1
cc:    Mary B. Graham, Esquire (via electronic mail)
        Steven J. Routh, Esquire (via electronic mail)
        David L. Witcoff, Esquire (via electronic mail)