IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PROMOS TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-788 (JJF) |
| | ) | |
| FREESCALE SEMICONDUCTOR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**FREESCALE'S LETTER TO THE SPECIAL MASTER IN RESPONSE
TO PROMOS'S MARCH 14 LETTER FROM JOHN DAY (D.I. 154)**

# DM4

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
302.658.9200
mgraham@mnat.com

*Attorneys for Freescale Semiconductor, Inc.*

OF COUNSEL:

David L. Witcoff
John M. Michalik
JONES DAY
77 West Wacker
Chicago, IL 60601-1692
312.782.3939

James L. Wamsley III
F. Drexel Feeling
Thomas R. Goots
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
216.586.3939

Dated: March 17, 2008

Dear Judge Poppiti:

This letter responds to the March 14 letter of Mr. Day (D.I. 154).

During Thursday's teleconference, the Special Master required ProMOS to supplement its March 10 submission and "specifically assert those discovery deficiencies" about which it was complaining. Mr. Day's letter–which contains the substance of an earlier e-mail communication from Ms. Cook–does not appear to comply with the Special Master's direction, however. The letter instead simply identifies particular discovery requests that ProMOS believes "are most critical," but also states that "[i]t is not possible for ProMOS to know at this point the extent to which various discovery requests require supplementation and/or the implications of [sic] thereof." The letter goes on to state that the "precise number of discovery requests that require supplementation, the extent of supplementation required, and the consequences of the additional information will depend on what Freescale has withheld from discovery to date."

The most telling aspect of ProMOS's March 10 and March 14 letters is that in neither one has ProMOS moved to compel Freescale to respond to a single one of its discovery requests. Although Local Rule 7.1.2 requires that motions "clearly articulate within the body . . . the relief requested," ProMOS has purposely steered clear of that too, claiming in its March 10 letter that the "precise relief required . . . is not clear." Likewise in its March 14 letter, ProMOS is similarly unwilling to identify the specific relief it would request. Even after the Special Master directed ProMOS to identify Freescale's alleged specific discovery deficiencies, ProMOS declined to do so. Even more extraordinary is Mr. Routh's comment during the March 13 teleconference that "I'd like to have a complete disclosure of what the information is that's been withheld, and then I could formulate a more precise remedy plan." (Tr. 11:16-19.) ProMOS evidently wants to conduct a broad fishing expedition through Freescale's files, so that ProMOS can then decide what it wants. Discovery practice does not work that way, however. Freescale is aware of no rule or case that allows a party to ask the other side to disclose all the information it has so that the requesting party can pick and choose the particular tidbits it wants.

If Freescale had actually failed to provide responses to proper, unobjectionable ProMOS discovery requests, then the "precise relief required" would be perfectly clear: an order compelling Freescale to answer those requests. The reason ProMOS is not moving (and has never moved) to compel Freescale to answer requests such as ProMOS's Interrogatory No. 1 is plainly that ProMOS knows full well that its definition of "Freescale Products" is far too overbroad, just as Freescale has demonstrated in its opposition papers. If Freescale were required to answer as to all "Freescale Products," the answer would be of no use to ProMOS, because such an answer would identify thousands of products that could not possibly be accused under the Chan patents.

What ProMOS really is asking for is a discovery "inquisition," in which it hopes to ambush Freescale and effectively rewrite its discovery requests into something unobjectionable that the Special Master would require Freescale to answer. The Special Master should reject that request. Under both the Federal Rules and basic principles of fairness and justice, Freescale is entitled to reasonable notice so that it can be prepared to defend itself. Because they do not request particular relief, ProMOS's papers simply do not supply that reasonable notice.

The Honorable Vincent J. Poppiti
March 17, 2008
Page 2


   Finally, as promised during the March 13 teleconference, Freescale confirms that it has provided extensive discovery as to accused products identified by ProMOS. With the exception of inadvertent document production and the like, however, Freescale has <u>not</u> provided discovery responsive to the discovery requests listed by ProMOS in its March 14 letter for anything other than the accused products identified by ProMOS.

     Respectfully,

     */s/ Mary B. Graham*

     Mary B. Graham (#2256)


MBG/dam
cc: John G. Day, Esquire (by e-mail and hand delivery)
   Steven J. Routh, Esquire (by e-mail)
   Susan Cook, Esquire (by e-mail)
   James L. Wamsley, Esquire (by e-mail)
   David L. Witcoff, Esquire (by e-mail)
2133773