# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

March 24, 2008

VIA ELECTRONIC MAIL
AND HAND DELIVERY

The Honorable Vincent J. Poppiti
Special Master
Blank Rome LLP
Chase Manhattan Center, Suite 800
Wilmington, DE 19801-4226

**REDACTED
PUBLIC VERSION**

Re: *ProMOS Technologies, Inc. v. Freescale Semiconductor, Inc.,*
C.A. No. 06-788-JJF (DM 4)

Dear Judge Poppiti:

    We are in receipt of Mary Graham's letter of 11:00 this morning, and we want to provide our reaction to the proposal made therein in advance of this afternoon's conference call. As the record already reflects, we would welcome additional information from Freescale on the identity of all cache-containing products manufactured or sold by Freescale, as we believe that the production of such information by Freescale is long overdue. However, Freescale's proposal that it provide us with a list of products that contain already-accused cores and a list of cores "within the same families" as such already-accused cores, plus certain damages and technical documents, is insufficient to resolve the issues presently before the Special Master, particularly in light of Freescale's suggestion that its proposal "would take some time to complete."

    First, Freescale has not yet offered to provide us with complete information needed to supplement and correct the deposition testimony of Mr. Snyder regarding the identity of cache-containing products manufacture or sold by Freescale (and required by Interrogatory No. 1 nearly 10 months ago). ProMOS has sought in discovery a list of all products that contain cache memory, not just products that contain already-accused cores or other cores "within the same families." There is no logical reason to limit discovery to those cores, as Freescale proposes. Indeed, as the LG.Philips case circulated by the Special Master makes clear, the burden is on Freescale to first provide technical information about *all* of its cache-containing cores and products so that ProMOS can make an infringement determination with respect to such cores and products; the burden is not on ProMOS to identify by name the products and cores on which it desires discovery.

**REDACTED**

The Honorable Vincent J. Poppiti
March 24, 2008
Page 2

**REDACTED**     That statement suggests that Freescale may be limiting discovery in ways that are not even clear yet.

Second, Freescale's proposal does not address – and, indeed, appears designed to side-step – the issue of appropriate sanctions, which ProMOS is not in a position to evaluate or compromise until it obtains a complete list of Freescale Products that were shielded from discovery. This issue is particularly important because trial is scheduled for June 30th in this case, and ProMOS may need evidentiary sanctions to avoid undue prejudice resulting from Freescale's conduct. ProMOS also may be entitled to monetary sanctions for the wasted time, resources and energy devoted to seeking basic discovery from Freescale in this case. ProMOS will not be in a position to determine the precise relief needed to remedy Freescale's discovery misconduct until after it receives the information that Freescale has been withholding.

Third, ProMOS is troubled by Freescale's suggestion that it "would take some time to complete" even the limited production of information proposed in Freescale's letter. There is no apparent reason that Freescale cannot generate a complete (or very near-complete) list of its own products and cores that contain cache memory in short order, nor should it take much time to gather sales and technical information regarding such products and cores. It would be surprising if Freescale had not already undertaken such efforts in order to evaluate its position in this case.

As noted in ProMOS's January 11 letter, since the outset of discovery, Freescale has sought to delay this action to ensure that its case against ProMOS in the Eastern District of Texas will proceed to trial before this case. Freescale's most recent proposal – with its suggestion that any resolution of problems created by its own discovery misconduct will take "some time" – appears to be part and parcel of that effort. Judge Schell recently has advised the parties that he will not issue a Markman ruling in the Texas case until late April or May 2008, as a result of which that case is unlikely to go to trial in May, as previously scheduled. Judge Schell has yet to set a new trial date, but it seems likely that trial in the Texas case will not occur until late summer or early fall 2008. Under no circumstances should Freescale be permitted to delay the June 30th trial in this case, since that would simply reward Freescale for its own discovery misconduct. We will be prepared to discuss this matter in greater detail on this afternoon's call.

Respectfully,

*/s/ Tiffany Geyer Lydon*

Tiffany Geyer Lydon

TGL/dmf

cc:   Mary B. Graham, Esquire (via electronic mail)
      Steven J. Routh, Esquire (via electronic mail)
      David L. Witcoff, Esquire (via electronic mail)

{00203911;v1}