IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PROMOS TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-788 (JJF) |
| | ) | |
| FREESCALE SEMICONDUCTOR, INC., | ) | **REDACTED** |
| | ) | **PUBLIC VERSION** |
| Defendant. | ) | |

**FREESCALE'S MARCH 24, 2008 LETTER TO SPECIAL MASTER**

# DM4

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
302.658.9200

OF COUNSEL:                    mgraham@mnat.com

David L. Witcoff              *Attorneys for Freescale Semiconductor, Inc.*
Kevin P. Ferguson
John M. Michalik
JONES DAY
77 West Wacker
Chicago, IL 60601-1692
312.782.3939

James L. Wamsley III
F. Drexel Feeling
Thomas R. Goots
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
216.586.3939

Dated: March 24, 2008
Redacted Filing Date: March 28, 2008

Dear Judge Poppiti:

This letter responds to the Special Master's question to Freescale during the March 20 teleconference (Tr. 43) inquiring whether Freescale believed it had an obligation to supplement the testimony of Mr. Snyder relating to the ProMOS list of accused products. In keeping with its expressed desire to get discovery issues behind it, Freescale also makes a suggestion for resolving the current dispute.

At the outset, Freescale notes that it has never understood Mr. Snyder's testimony to be incomplete, false or misleading 30(b)(6) testimony, or otherwise in need of supplementation. To the contrary, Freescale has always understood that the subject of the identification of Freescale products was *not* one of the 30(b)(6) topics as actually noticed. Indeed, during the March 20 teleconference, counsel for ProMOS conceded that ProMOS chose *not* to include the topic of identification in its 30(b)(6) Notice: "We didn't say, Produce a witness that can identify every Freescale product because we would have simply had the same argument that we have been having for two months about why that's too broad." (Tr. 27.) Mr. Snyder's testimony itself also explicitly indicates that his answers reflected only his personal knowledge.[1]

---

[1] Rule 30(c)(2) requires that deposition testimony be taken "subject to any objection," and Freescale objected to the questions here as beyond the scope of the notice. When Freescale later indicated that it would make Mr. Snyder's testimony a 30(b)(6) and that he would "be allowed to testify as a 30(b)(6) under these topics," it did not create a new deposition topic where none had existed.

The Honorable Vincent J. Poppiti
March 24, 2008
Page 2

      The foregoing discovery activities would take some time to complete and place a considerable and unanticipated burden on Freescale.  As explained during the teleconference of January 17, Freescale had sought to provide everything that we understood that ProMOS was asking for by producing the documents and depositions that went forward over the last several months.  The unexpected need to retread some of the same ground again is an unwelcome side effect that Freescale would take on if it would resolve this discovery dispute.

      Freescale therefore requests that the telephonic hearing currently scheduled for today at 2:00 p.m. be converted into a teleconference in which the foregoing can be discussed informally with the goal of reaching a practical resolution of the matters raised by ProMOS in DM-4.

      Respectfully,

*/s/ Mary B. Graham*

Mary B. Graham (#2256)

MBG/dam
cc:    All counsel on service list
2165509

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

>John G. Day, Esquire
>Steven J. Balick, Esquire
>ASHBY & GEDDES

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on March 28, 2008 on the following individuals in the manner indicated:

**BY E-MAIL AND HAND DELIVERY**

John G. Day, Esquire
Steven J. Balick, Esquire
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899

**jday@ashby-geddes.com**
**sbalick@ashby-geddes.com**

**BY E-MAIL AND FEDERAL EXPRESS**

Sten A. Jensen, Esquire
HOGAN & HARTSON LLP
555 Thirteenth Street, NW
Washington, DC 20004

**sajensen@hhlaw.com**

**BY E-MAIL**

Steven J. Routh, Esquire
HOGAN & HARTSON LLP
**sjrouth@hhlaw.com**

William H. Wright, Esquire
HOGAN & HARTSON LLP
**whwright@hhlaw.com**

William C. Gooding, Esquire
GOODING & CRITTENDEN, L.L.P.
**billgooding@gooding-crittenden.com**

*/s/ James W. Parrett, Jr. (#4292)*
_____
James W. Parrett, Jr. (#4292)