# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

March 28, 2008

The Honorable Vincent J. Poppiti
Special Master
Blank Rome LLP
Chase Manhattan Center, Suite 800
Wilmington, DE 19801-4226

<u>VIA ELECTRONIC FILING
AND HAND DELIVERY</u>

Re:     *ProMOS Technologies, Inc. v. Freescale Semiconductor, Inc.,*
        <u>C.A. No. 06-788-JJF</u>

Dear Judge Poppiti:

Attached hereto for filing is ProMOS Technology, Inc.'s sealed January 11, 2008 letter to the Special Master, which was previously sent to the Special Master and counsel for Freescale Semiconductor, Inc.

Respectfully,

*/s/ Lauren E. Maguire*

Lauren E. Maguire

Attachments

cc:    Mary B. Graham, Esquire (via electronic mail)
       Steven J. Routh, Esquire (via electronic mail)
       David L. Witcoff, Esquire (via electronic mail)

{00204744;v1}

# HOGAN & HARTSON

January 11, 2008

Hogan & Hartson LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
+1.202.637.5600 Tel
+1.202.637.5910 Fax

www.hhlaw.com

**REDACTED**
**PUBLIC VERSION**

The Hon. Vincent J. Poppiti, Special Master
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:    *ProMOS Technologies, Inc. v. Freescale Semiconductor*, Inc. C.A. No. 06-788 (JJF)

ProMOS Technologies, Inc. ("ProMOS") respectfully objects to the motion of Freescale seeking a general extension of fact discovery until February 29 and a protective order regarding three depositions, because:

1. Granting the motion would reward Freescale for its discovery misconduct and give it precisely the type of delay that it has been seeking in an effort to ensure that an action it filed against ProMOS in Texas remains on a schedule ahead of this action. We will summarize below Freescale's conduct, which has resulted in Orders from Judge Farnan granting ProMOS motions to compel and imposing sanctions.

2. Neither a general extension of discovery nor a protective order is necessary. Discovery can and should be completed on the schedule set by the Court, subject to a few limited and specific exceptions that ProMOS already has accepted to accommodate the schedules of Freescale witnesses. Additional discovery beyond the current January 21 cutoff also may be needed, of course, if Freescale (or ProMOS for that matter) fails to meet other discovery obligations before that date.

## Background and Nature of this Action and the Related Texas Action

After two years of discussing a possible cross-license, on December 6, 2006, Freescale surprised ProMOS by filing a lawsuit in the United States District Court for the Eastern District of Texas (the "Texas action"). Two weeks later, on December 22, 2006, ProMOS filed a lawsuit against Freescale, but chose to bring its claims here in Delaware (the "Delaware action"). In both actions, the plaintiff claims that its opponent infringes patents that had been the subject of the pre-litigation cross-licensing discussions.

The Texas Court entered a scheduling order with a trial date set for May 2008 and a cut-off for completion of fact discovery on *the later of* December 14, 2007 *or* 37 days after the Court issues its Markman ruling. A Markman hearing was held in Texas in October, but the Texas Court has not yet issued a ruling. Accordingly, at the present time, there is no firm deadline for the close of fact discovery in the Texas action, and *the earliest* fact discovery will close in that case is now late February 2008.

Judge Farnan set firm dates both for trial of the Delaware action in June 2008 and for the close of fact discovery on January 21, 2008 (effectively January 22, as the 21st is a holiday). At the initial Scheduling Conference, Freescale's Counsel asked Judge Farnan to agree that if the schedule in Texas was delayed, then the schedule and trial date in the Delaware action would be extended. Judge Farnan specifically rejected that request and advised that the Delaware schedule would not be changed to accommodate Freescale's desire to go to trial in Texas first. Absent the extension now sought by Freescale, fact discovery in this action will now be completed well in advance of fact discovery in the Texas action.

In the Texas action, ProMOS has met its discovery obligations. Although Freescale filed a scatter-shot motion to compel, Magistrate Judge Bush overruled most of the motion, ruling, *inter alia*, that Freescale's discovery requests were "patently overbroad," "illusive," and would require "an absurd waste of resources and time," and that its motion was "nothing more than patent hyperbole" that "left the Court to guess on what

The Hon. Vincent J. Poppiti, Special Master
January 11, 2008
Page 2

matters are in dispute between the parties." See Ex. 1. [1]

In the Delaware action, by contrast, Freescale has stonewalled discovery repeatedly, which has resulted in two Orders by Judge Farnan compelling production of documents and/or a deposition witness and imposing monetary sanctions. Judge Farnan further has expressly reserved decision on ProMOS's request for further attorneys' fees and costs "pending the Court's further review of [Freescale's] conduct." Given the complexity of the issues, Judge Farnan has referred future discovery motions to the Special Master, along with Freescale's motion to extend the fact discovery deadline.

<u>Overview of ProMOS's Claims Against Freescale</u>

ProMOS's Complaint alleges that Freescale infringes three ProMOS patents: U.S. Patent No. 5,488,709 ("the '709 patent"), U.S. Patent No. 5,732,241 ("the '241 patent"), and U.S. Patent No. 6,670,267 ("the '267 patent"). The '709 and '241 patents involve "cache" memory, a form of high-speed computer memory that stores frequently-used data so that the CPU can have faster access to it (these two patents are referred to collectively as the "Chan" patents, as Alfred Chan is the inventor on both). The parties' discovery disputes have focused primarily on Freescale products accused of infringing the Chan patents.

REDACTED

<u>Overview of the History of Discovery in this Action</u>

1.    **Judge Farnan's October 31 Order compelling Freescale to produce complete "RTL document-ation" as well as circuit diagrams and a 30(b)(6) deponent on technical documents**

Early in the case, ProMOS served document requests seeking the basic technical documents necessary to present its infringement case at trial, including circuit diagrams or schematics, specifications, manufacturing drawings, and microarchitectural documents relating to the products accused of infringing the cache memory patents. For months, Freescale dragged its feet on producing documents reflecting the design or layout of its accused products. Accordingly, in late June, ProMOS told Freescale that it wanted a Rule 30(b)(6) deposition to obtain basic information on the technical documentation maintained by Freescale. ProMOS then served a notice on July 3, 2007 setting a deposition for July 20. On July 16, 2007, Freescale notified ProMOS that it would not produce any witnesses on July 20. It also refused to provide alternate dates anytime during the month of July, asserting that it intended to identify up to 20 different witnesses in response to the notice. It further refused to provide any witness in Delaware, even though Freescale had filed counterclaims in Delaware and ProMOS had noticed the deposition for Delaware.

REDACTED

---

[1] At a December 13, 2007 hearing before Judge Farnan, Freescale's counsel argued that the lack of "balance" it perceived between discovery in this action and in the Texas action somehow justifies a different approach to the discovery required of Freescale in this action. Ex. 2 at 139, 141-42. There is no basis for that argument.

The Hon. Vincent J. Poppiti, Special Master
January 11, 2008
Page 3

## REDACTED

In late August, after ProMOS had filed its motion to compel, Freescale offered to make available for inspection the "RTL code" for certain of its products. However, Freescale insisted that the RTL would be available to ProMOS only on a single laptop computer at the offices of Freescale's counsel in Cleveland. Moreover, Freescale would not allow ProMOS to print any documents. As a ProMOS expert explained, that arrangement denied ProMOS meaningful access to the RTL. See Ex. 3, Wedig Declaration. ProMOS also asked for discovery disputes to be referred to a Magistrate or Special Master to expedite their resolution, but Freescale opposed that request.

## REDACTED

On October 31, 2007, Judge Farnan granted ProMOS's motion to compel, finding that "Defendant's responses have been insufficient with regard to all issues presented by plaintiff" and rejecting all of Freescale's arguments. See Ex. 5. The Court ordered that by November 20 Freescale must (a) generate and produce the requested circuit diagrams to plaintiff, and (b) provide plaintiff electronic copies of the RTL documentation. Id. Judge Farnan also ordered Freescale to "produce a Rule 30(b)(6) witness for deposition as noticed by plaintiff in the District of Delaware," and he reserved decision on whether to grant ProMOS's request for costs and attorneys' fees as a sanction for Freescale's discovery misconduct. Id.

2. **Freescale's continued failure to provide technical documents or an adequate 30(b)(6) deposition**

   a. **Freescale's belated production of RTL but continued failure to produce documents needed to meaningfully use the RTL or an adequate 30(b)(6) deposition to identify technical documents**

## REDACTED

The Hon. Vincent J. Poppiti, Special Master
January 11, 2008
Page 4

REDACTED

**b.  ProMOS's second motion to compel an adequate 30(b)(6) deposition**

REDACTED

**c.  Assurances Offered by Freescale's Counsel at the December 13 Hearing**

On December 13,  following a Markman hearing, Judge Farnan heard oral argument on ProMOS's discovery motion.  Ex. 2.  At the hearing, Freescale's counsel made the following representations to Judge Farnan that are relevant to the ongoing discovery disputes:

REDACTED

The Hon. Vincent J. Poppiti, Special Master
January 11, 2008
Page 5

**REDACTED**

3.    **Judge Farnan's Order Sanctioning Freescale for failing to provide an adequate 30(b)(6) deposition**

On December 20, having reviewed both the transcript and DVD of the first Snyder deposition on the Rule 30(b)(6) topics regarding Freescale's technical documents, Judge Farnan entered an Order finding that "Defendants's counsel obstructed the questioning of Mr. Snyder by the improper assertion of work product privilege and interposing numerous objections unsupported by the rules of evidence," and noting that "the inappropriateness of the objections is plain from a reading of the deposition transcript." Ex. 13 at 2. Accordingly, Judge Farnan ordered Freescale to make Mr. Snyder available for another deposition and ordered Freescale to pay costs and attorneys' fees associated with the November 30 deposition and a second deposition.  Id.

4.    **Recent discovery – including a deposition and documents received this week – confirm that Freescale has continued to withhold technical documents critical to ProMOS's claims**

    a.  **ProMOS's December 20 e-mail identifying specific holes in Freescale's document production**

**REDACTED**

    b.  **Freescale's January 8 production of new circuit schematics and microarchitectural documents**

**REDACTED**

The Hon. Vincent J. Poppiti, Special Master
January 11, 2008
Page 6

**REDACTED**

   **c.  The second Rule 30(b)(6) deposition of on technical documents withheld from production**

**REDACTED**

**5.**     **The current status of outstanding discovery, including depositions recently noticed and scheduled by the parties**

**REDACTED**

Respectfully submitted,

Steven J. Routh

The Hon. Vincent J. Poppiti, Special Master
January 11, 2008
Page 7


cc:    Counsel for Freescale

# EXHIBIT 1

# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **FREESCALE SEMICONDUCTOR, INC.** | § | |
| | § | **Case No.  4:06cv491** |
| **vs.** | § | **(Judge Schell)** |
| | § | |
| **PROMOS TECHNOLOGIES** | § | |

## ORDER

Before the Court is Freescale Semiconductor, Inc.'s Motion to Compel Discovery (Dkt. No. 68).  The Court has reviewed the Motion and replies.  The Court believes a few  matters are best reserved for a hearing but that most matters may be disposed of without the necessity of a hearing.

The Court notes that Freescale's Motion is no model of clarity in the relief it seeks.  Motions that are overly broad and general should receive the like consideration.  Freescale's Motion is so general that the Court is left to guess on what  matters are in dispute between the parties. Reading between the lines and in an effort to end the incessant squabbling, the Court enters the following order.

The accused instrumentalities DDR2, SDRAM, Mobile SDRAM, DDR, SDRAM and DDR2SDRAM - Freescale states that the GDS electronic data files have not been produced for the products.  ProMOS responds that all GDS files have been produced by UMI.   The only GDS file not produced is that of Hynix.  Hynix is a third party and has not authorized the release of those files.  Freescale served  interrogatories on Hynix but apparently did not request this information. The Court finds that ProMOS has complied with its discovery obligations as to the GDS files.

Freescale also requests documents related to any simulation of the Accused Instrumentalities.

1

By affidavit Gower has testified that for each product designed by ProMOS, UMI produced the entire database of files, which includes both standard schematics and simulation schematics. Freescale in its reply takes issue with this statement particularly as to Hynix. For the reasons noted above, ProMOS need not produce as to Hynix. The Court finds that ProMOS has complied on this issue. As to the simulation schematics noted on page 6 of its Motion (f.n. 18), the Court finds that the affidavit of Gower demonstrates that P8A/V8B design has been produced. The Court further finds that the V7F design has been produced. ProMOS contends that it has produced all simulation schematics for V6C which was designed by Infineon. The Court is satisfied with this compliance.

Left for resolution at the hearing as to schematic designs are the following and no more: P6B, SD9AA, and SD9DA.

Freescale's request that ProMOS produce all technical documents required by Patent Rule 3-4 and document requests 67-73 is patently overbroad and no assistance is provided to the Court as to what in the "patent world" Freescale is referring. Request denied.

Freescale contends that circuit schematics and data sheets have not been produced for "HUNDREDS OF ACCUSED INSTRUMENTALITIES." Of course none of these instrumentalities are identified, not even by group or category. The Court declines to speculate on this matter. This is nothing more than patent hyperbole and the Court won't consider such a broad and illusive request, i.e. be specific or be silent.

As to Process flows, ProMOS raises several issues as to whether discovery is appropriate as to the 12 developmental flows. However, the Court directs that ProMOS produce relevant flow information as to the following and only the following representing the five highest sales: P3H, P4I, P4L, P6E, and P6M. The Court is satisfied that ProMOS has complied as to other process

flows.

As to Process recipes, Freescale states that ProMOS has gone back on its word and refused to produce process recipes for those processes noted in footnote 39 at page 10. ProMOS has produced evidence that it substantially complied prior to the Motion and has since complied with the remaining production. Freescale's request as to these documents is moot.

The Court denies Freescale's request for additional details as to ProMOS's noninfringement contentions. Freescale states that it has produced documents as well as relayed facts in licensing negotiations which demonstrate why there is no infringement. The Court finds that ProMOS has sufficiently identified the process and basis for its claim. Freescale cannot claim surprise by any evidence which supports this position.

The Court finds that Freescale has complied with producing information related to the "design around." Therefore the issue is moot.

Freescale also seeks wafer samples from processes used before ProMOS changed its manufacturing to use a new etch procedure. ProMOS contends that there was no request for production of wafers in the document requests and, in any event, it did not preserve the old wafers and therefore could not pull from the manufacturing process in the three locations sought by Freescale. Freescale argues that ProMOS's actions amount to spoilation. Freescale is free to take that up with the District Judge. However as to the Motion to Compel, ProMOS cannot produce what it no longer has and, in any event, the Court finds that the initial request does not specifically require the production of wafers. Request denied.

Freescale next seeks production of location of use documents. Request for Production 64 seeks "documents concerning the actual or intended usage and /or the actual or intended location

of usage of each Accused Instrumentalities sold, shipped or otherwise transferred to any person on or after December 8, 2000." ProMOS contends this is over broad but agreed to produce some representative documents. Freescale objects. The Court notes that Freescale has identified hundreds of Accused instrumentalities. To produce all correspondence for a six-year period is an absurd waste of resources and time. To resolve this matter, the Court orders that Freescale produce documents for each year noted in the Request for each of its three largest customers limited to three months which will run consecutively starting in December 2000 and that the production of documents are limited to this simple request: all documents which reflect the ultimate location of place of shipment to the United States. If the United States is not mentioned as the place of ultimate or potential site of shipment, then the document need not be produced. For clarity, in that all patent lawyers need clarity, for 2000, documents will be produced for December 2000 and January to February 2001. 2002 production is for March, April and May and so forth until the end of the relevant cutoff period.

Except as to the few matters reserved in this order, the Motion is **DENIED** in most part and **GRANTED** in part as ordered. The parties are expressly prohibited from raising any new issues or rehashing any issues already ruled upon.

**SO ORDERED.**

**SIGNED this 5th day of December, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

4

# EXHIBIT 2

# REDACTED

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PROMOS TECHNOLOGIES, INC.,          :
                                    :
          Plaintiff,                :
                                    :
     v.                             :    Civil Action No. 06-788 JJF
                                    :
FREESCALE SEMICONDUCTOR, INC.,      :
                                    :
          Defendant.                :

### O R D E R

Whereas, Plaintiff filed a Motion To Compel Defendant, Freescale Semiconductor, Inc. to Produce Technical and Damages Documents Relating to Accused Products and to Appear for Document-Related Deposition (D.I. 55);

Whereas, the Court has considered the positions of the parties and finds that Defendant's responses have been insufficient with regard to all issues presented by Plaintiff.

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion To Compel (D.I. 55) is **GRANTED**.

IT IS FURTHER ORDERED that:

1) Within twenty (20) days, Defendant shall:

    a.  generate and produce the requested circuit diagrams to Plaintiff;

    b.  provide Plaintiff electronic copies of the RTL documentation.  (The Court concludes that Paragraph 4 of the Protective Order does not apply to said documentation);

c.  produce to Plaintiff pricing information and
cost data for the accused products;

2)  Defendant shall produce a Rule 30 (b)(6) Witness
for Deposition as noticed by Plaintiff in the District of
Delaware.

3)  Decision is **RESERVED** on Plaintiff's request for
attorneys' fees and cost pending the Court's further review of
Defendant's conduct.

October 31, 2007
_____
DATE

_____
UNITED STATES DISTRICT JUDGE

**MKipp**

**From:** ded_nefreply@ded.uscourts.gov
**Sent:** Thursday, November 01, 2007 9:27 AM
**To:** ded_ecf@ded.uscourts.gov
**Subject:** Activity in Case 1:06-cv-00788-JJF Promos Technologies Inc. v. Freescale Semiconductor Inc. Order on Motion to Compel

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

**U.S. District Court**

**District of Delaware**

**Notice of Electronic Filing**

The following transaction was entered on 11/1/2007 at 9:26 AM EDT and filed on 10/31/2007
**Case Name:**        Promos Technologies Inc. v. Freescale Semiconductor Inc.
**Case Number:**      1:06-cv-788
**Filer:**
**Document Number:** 82

**Docket Text:**
ORDER - granting [55] Motion to Compel. Defendant shall produce w/in 20-days: requested circuit diagrams, electronic copies of RTL documentation, pricing information, and a Rule 30(b)(6) witness for deposition. Decision is reserved regarding Plaintiff's request for attorney fees and costs.. Signed by Judge Joseph J. Farnan, Jr. on 10/31/07. (rwc)


**1:06-cv-788 Notice has been electronically mailed to:**
John G. Day jday@ashby-geddes.com, dfioravanti@ashby-geddes.com, dharker@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, sbalick@ashby-geddes.com, tlydon@ashby-geddes.com
Steven J. Balick sbalick@ashby-geddes.com, dfioravanti@ashby-geddes.com, jday@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, tlydon@ashby-geddes.com
Mary B. Graham dmyers@mnat.com, mbgefiling@mnat.com
James Walter Parrett, Jr jparrett@mnat.com

**1:06-cv-788 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=11/1/2007] [FileNumber=468591-0]
[00340c1373f24a0af4dd2bcc514c59921a18914208ef8f3e30c77a0198d0733c90e6
ce38f105de9c5bd0e762cbe2b9458a276cc94e5b474c1daeb34882fe62e0]]

11/1/2007

# EXHIBIT 4

# REDACTED

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PROMOS TECHNOLOGIES, INC.,          :
                                    :
                                    :
          Plaintiff,                :
                                    :
     v.                             :     Civil Action No. 06-788-JJF
                                    :
FREESCALE SEMICONDUCTOR, INC.,      :
                                    :
          Defendant.                :

## MEMORANDUM OPINION and ORDER

     Plaintiff, Promos Technologies, Inc., noticed a Rule
30(b)(6) deposition to depose Defendant, Freescale Semiconductor,
Inc.'s, designee on topics related to the accused products.
After some strained negotiations over topics and location, a
videotape deposition was held on Friday, November 30, 2007 in
Wilmington, Delaware ("the November 30th deposition").  Defendant
produced an employee, Michael Dean Snyder ("Mr. Snyder"), as its
designee in response to Plaintiff's notice.

     Pursuant to the Court's discovery dispute procedure,
Plaintiff has requested the Court to compel Defendant to re-
produce Mr. Snyder and require him to respond to questions
Plaintiff attempted at the November 30th deposition.  Defendant
opposes Plaintiff's application, contending the assertion of a
work product privilege was appropriate.[1]  Further, Defendant

-------------------

     [1]Defendant has cited Sporck v. Piel, 759 F.2d 312, 316 (3d
Cir. 1985), as support for counsel's work product privilege
assertion.  The Sporck case facts are clearly distinguishable
from the facts here, specifically with regard to the questions

argues that it has provided Plaintiff with all the technical information Plaintiff is entitled to in the context of Plaintiff's infringement claims.  Defendant contends Plaintiff should be focused only on the core of the accused products in seeking infringement discovery. The Court held a hearing on Thursday, December 13, 2007 ("the December 13th hearing"), and heard the arguments of counsel.  Subsequent to the hearing, the Court reviewed the transcript and videotape of the November 30th deposition.

After reading the November 30th deposition transcript and viewing the videotape, the Court finds that Defendant's counsel obstructed the questioning of Mr. Synder by the improper assertion of work product privilege and interposing numerous objections unsupported by the rules of evidence.  The Court need not list the errors of Defendant's counsel to demonstrate the conduct of counsel, because the inappropriateness of the objections is plain from a reading of the deposition transcript.[2]

For the reasons detailed above, the Court will order the following relief for Plaintiff: (1) all costs and attorneys' fees for the November 30th deposition and the re-deposition will be paid by Defendant's counsel; (2) a second deposition of Mr.

---

asked, information sought and the fact that the deponent was a 30(b)(6) witness, not a party.

[2]For example, see pages 14, 15, 17, 18, 21, 22, 23, and 25.

1

Snyder will be held at a time and place designated by Plaintiff. This second deposition will not be charged to Plaintiff's allocation of depositions; (3) the topics of the second deposition will be as noticed and explained by Plaintiff at the November 30 deposition.  In ordering the relief provided in item 3 above, the Court accepts the assertions made by Plaintiff at the December 13th hearing and the testimony of Mr. Snyder at the November 30th deposition. (Tr. p. 29).

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.    All costs and attorneys' fees for the November 30, 2007 deposition of Mr. Snyder, and the re-deposition shall be paid by Defendant's counsel.

2.    A second 30(b)(6) deposition of Mr. Snyder shall be held at a time and place designated by Plaintiff.  This second deposition will not be charged to Plaintiff.

3.    The topics of the second deposition shall be as noticed and explained by Plaintiff at the November 30, 2007 deposition and the December 13, 2007 hearing.


December 20, 2007
DATE

UNITED STATES DISTRICT JUDGE

# EXHIBIT 6

# REDACTED

# EXHIBIT 7

**REDACTED**

# EXHIBIT 8

# REDACTED

# EXHIBIT 9

# REDACTED

# EXHIBIT 10

**REDACTED**

# EXHIBIT 11

**REDACTED**

# EXHIBIT 12

# REDACTED

# EXHIBIT 13

**REDACTED**

# EXHIBIT 14

# REDACTED

# EXHIBIT 15

**REDACTED**

# EXHIBIT 16

**REDACTED**