# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

May 13, 2008

VIA ELECTRONIC FILING and HAND DELIVERY

The Honorable Vincent J. Poppiti
Special Master
Blank Rome LLP
Chase Manhattan Center, Suite 800
Wilmington, DE 19801-4226

**REDACTED
PUBLIC VERSION**

Re: *ProMOS Technologies, Inc. v. Freescale Semiconductor, Inc.*,
C.A. No. 06-788-JJF (DM    )

Dear Judge Poppiti:

Pursuant to the Second Amended Omnibus Rule 16 Scheduling Order, plaintiff ProMOS Technologies, Inc. ("ProMOS") respectfully submits the following unresolved discovery dispute for the special master's resolution. Specifically, ProMOS seeks an Order compelling Freescale to re-produce a witness to testify about substantive changes made to his deposition answers in an errata sheet, in which he stated that his original answers were not "totally truthful." Pursuant to applicable case law, ProMOS also is entitled to its costs and fees associated with the re-opened deposition.

ProMOS served its Third Notice of Deposition on December 19, 2007. Topic 4 of the Notice required a witness capable of testifying about "the features, functionality, uses, and operation of each Freescale Product and of each product that incorporates or includes a Freescale Product, including but not limited to the processor(s), core(s), cache memory(ies), cache controller(s), ... and all other portions thereof." Ex. 1.

**REDACTED**

{00216508;v1}

The Honorable Vincent J. Poppiti
May 13, 2008
Page 2

**REDACTED**

On March 7, 2008, Freescale provided ProMOS with an errata sheet for Mr. Benzel's deposition. Ex. 3. That errata sheet stated as follows:

**REDACTED**

However, Freescale has not been willing to re-open the Mr. Benzel deposition so that ProMOS may cross-examine him regarding the statements made in his errata sheet. More recently, Freescale offered to re-open the Benzel deposition but only if ProMOS agreed to limit its additional questioning to 30 minutes. In an effort to compromise, ProMOS offered to limit the re-opened deposition of Mr. Benzel to one hour and to attempt to complete the deposition in less time, if possible. But ProMOS could not agree to a hard-and-fast 30-minute time limit because it is not clear in advance of re-opening the deposition the extent or nature of the information Mr. Benzel may have to provide or how readily such information may be adduced. In particular, if Freescale asserts privilege or other objections during the course of the deposition, 30 minutes of deposition time could be consumed before ProMOS has a chance to inquire about a number of issues that it has a right to explore.

Under the case law, ProMOS clearly has a right to cross-examine Mr. Benzel regarding substantive changes to his testimony, as reflected in the errata sheet. It is true that Rule 30(e) permits a witness to review his deposition transcript and make changes to the extent necessary. However, it also is well-settled that "[i]f changes are made, this has the effect of making the examination uncompleted, and the parties ordinarily may then examine the witness further in the

{00216508;v1}

The Honorable Vincent J. Poppiti
May 13, 2008
Page 3

light of the new answers." 8A Wright & Miller Fed. Prac. & Proc. Civ.2d § 2118. For this reason, courts routinely grant opposing parties the opportunity to re-open a deposition for the purposes of cross-examining a witness who has made substantive changes to his deposition transcript, including questions directed not only to the reason for the changes but also whether the deponent or his counsel is responsible for the changes. See, e.g., Reilly v. TXU Corp., 230 F.R.D. 486, 491 (N.D. Tex. 2005) (permitting defendants to re-open deposition to cross-examine plaintiff about "the reasons for the changes and the source of the changes, such as whether they came from Plaintiff himself or his counsel."); Erstad v. Curtis Bay Towing Co., 28 F.R.D. 583, 584 (D. Md. 1961) ("Counsel have the right to inquire, of record and under oath, as to the reasons for any change, and whether such changes originated with the deponent or with the attorney").

Courts also have found that it is appropriate to assess costs against the party responsible for making any substantive changes to a deposition transcript. See, e.g., Reilly v. TXU Corp., 230 F.R.D. 486, 490 (N.D. Tex. 2005) (noting that courts routinely assess "the costs of additional discovery necessitated by the substantive changes against the deponent").

ProMOS therefore respectfully requests the right to re-open the deposition of Mr. Benzel for the purposes of cross-examining him regarding his substantive changes to his errata sheet, and seeks any costs and fees associated with doing so. While ProMOS does not expect to need more than an hour or so to conduct the deposition, there is no basis for limiting the deposition to an unreasonably short period of time, as Freescale has attempted to do.

        Respectfully,

        /s/ *John G. Day*

        John G. Day

JGD: nml
Attachments

cc: Mary B. Graham, Esquire (via electronic mail)
   Steven J. Routh, Esquire (via electronic mail)
   David L. Witcoff, Esquire (via electronic mail)

{00216508;v1}

# EXHIBITS 1 – 4

# REDACTED IN THEIR ENTIRETY