# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

May 13, 2008

VIA ELECTRONIC FILING and HAND DELIVERY

The Honorable Vincent J. Poppiti
Special Master
Blank Rome LLP
Chase Manhattan Center, Suite 800
Wilmington, DE 19801-4226

**REDACTED
PUBLIC VERSION**

Re:     *ProMOS Technologies, Inc. v. Freescale Semiconductor, Inc.,*
        C.A. No. 06-788-JJF (DM    )

Dear Judge Poppiti:

        Pursuant to the Second Amended Omnibus Rule 16 Scheduling Order, plaintiff ProMOS
Technologies, Inc. ("ProMOS") respectfully submits the following related discovery disputes for
resolution by the Special Master. Freescale has refused to produce basic information regarding (i)
how it instructs its customers to use Freescale processors; and (ii) how those customers in fact
use Freescale processors. ProMOS has sought documents and information on those subjects in a
number of document requests (Nos. 123 – 25) as well as in Rule 30(b)(6) deposition testimony
and in Interrogatory No. 32. Freescale has failed to provide adequate responses to that discovery,
even though the information sought is central to ProMOS's claims and Freescale's defenses
regarding direct, induced, and contributory infringement.

**(i) Document Request No. 125:**

As Your Honor may recall from the discussion regarding DM4, ProMOS's Document Request
No. 125 requested production of "[a]ll documents, including but not limited to documents
provided by Freescale to its customers, that provide or contain instruction on how to use any
Freescale Product, including but not limited to reference designs, application notes and/or
specific discussions or instructions as to what types of memory should be used in conjunction
with specific Freescale Products." Ex. 1.

In responding to this request, Freescale provided a number of boilerplate objections but then
stated that it would "produce non-privileged documents responsive to this request, to the extent

The Honorable Vincent J. Poppiti
May 13, 2008
Page 2

they exist, for the products identified in Exhibit E to ProMOS's withdrawn motion to compel filed July 6, 2007 for the Chan patents [i.e., ProMOS July 2007 list]...."  Ex. 2.

Notwithstanding its commitment to produce all non-privileged documents responsive to Request No. 125 "to the extent they exist," Freescale disclosed during the April 9, 2008 meeting before the Special Master on DM4 that it had failed to search for and/or produce documents responsive to that Request, even for products on ProMOS's July 2007 list, due to its erroneous position that such documents were covered by an agreement relating to certain "location of usage" documents in the Texas case.  April 9, 2008 Transcript at 46-52, 64-65, 76-85.  As the Special Master already has acknowledged, the Texas "location of usage" agreement is unrelated to Document Request No. 125 and does not provide Freescale with a reason to withhold documents responsive to Request No. 125.  Id. at 83-85.  Because Freescale refused even to discuss Document Request No. 125 in the context of DM4 for the 160 or so products on ProMOS's July 2007 list, ProMOS agreed to address the issue by separate letter to Freescale following the resolution of DM4.  Id. at 46-52, 64-65, 76-85.

On April 17, 2008, ProMOS wrote to Freescale's counsel asking whether any documents responsive to Request No. 125 relating to the products specifically listed by ProMOS on the July 2007 list had been withheld from production, and if so, that all such documents be produced.  Ex. 3.  Despite several further communications on the subject, Ex. 4, Freescale has essentially ignored this request until yesterday, when it informed ProMOS that it would not supplement its production to include these documents.

**REDACTED**

The Honorable Vincent J. Poppiti
May 13, 2008
Page 3

**(ii) Document Request Nos. 123 and 124:**

ProMOS also has asked Freescale to also confirm whether it had produced documents responsive to Document Requests Nos. 123 and 124, which relate to a similar subject as Request No. 125, in light of the positions taken on customer communications during the DM4 meetings. Request No. 123 required Freescale to produce "[d]ocuments sufficient to identify (by part number, product name, and product family) any customer product(s) that constitute, include or incorporate any Freescale Product," and Request No. 124 required Freescale to produce "[d]ocuments sufficient to identify (by date, geographic location, dollar value and quantity) any sale(s) of customer product(s) that constitute, include or incorporate any Freescale Product." Ex. 1.

In its responses to both of these requests, Freescale provided a number of boilerplate objections but then stated that it would "produce non-privileged documents responsive to this request, to the extent they exist, for the products identified in Exhibit E to ProMOS's withdrawn motion to compel filed July 6, 2007 for the Chan patents...." Ex. 2. Notwithstanding that commitment, Freescale has failed to produce documents responsive to Request Nos. 123 and 124. During a recent discovery conference, ProMOS noted that certain marketing documents available on Freescale's website suggest that Freescale maintains documents responsive to Requests No. 123 and 124 that have not been produced in discovery. Freescale abruptly shifted its position from that set forth in its original discovery responses, stating for the first time that it did not view itself as obligated to produce documents responsive to these requests in light of the resolution of DM4.

**(iii) Deposition Testimony of Freescale Regarding Documents Provided to Customers**

ProMOS also attempted to obtain information regarding instruction materials that Freescale provides to its customers through deposition testimony. To that end, topic 8 of ProMOS's Third Notice of Deposition required Freescale to produce a witness to testify about "documents (such as communications, data sheets, promotional or marketing materials) and things (such a demonstration boards or other implementations) provided by Freescale to or used by Freescale with its customers or distributors concerning the use of each Freescale Product and/or each product that incorporates or includes a Freescale Product, including those relating to the installation, operation, structure, function, implementation and use of each Freescale Product and/or each product that incorporates or includes a Freescale Product." Ex. 5.

**REDACTED**

The Honorable Vincent J. Poppiti
May 13, 2008
Page 4

**REDACTED**

The Honorable Vincent J. Poppiti
May 13, 2008
Page 5

**REDACTED**

**(iv)  Interrogatory No. 32**

Finally, to cover all bases, ProMOS served its Interrogatory No. 32, which required Freescale to "[i]dentify all documents provided by Freescale to its customers (including documents posted on any website) concerning the use, installation, operation, structure, function or implementation of any Freescale Product." Ex. 8.

**REDACTED**

\*     \*     \*

The cumulative effect of the foregoing discovery deficiencies is that Freescale has failed to provide meaningful discovery regarding the instructions it provides its customers and the manner in which its customers use the infringing products.  These issues are relevant not only to ProMOS's claims for direct infringement, see, e.g., Bionx Implants, Inc. v. Linvatec Corp., 299 F.3d 1378, 1382-83 (Fed. Cir. 2002), but also to the claims for contributory and induced infringement.  Freescale should be required to supplement its deficient discovery responses immediately.

Respectfully,

/s/ Lauren E. Maguire

Lauren E. Maguire

LEM: nml
Attachments

cc:  Mary B. Graham, Esquire (via electronic mail)
      Steven J. Routh, Esquire (via electronic mail)
      David L. Witcoff, Esquire (via electronic mail)

{00216555;v1}

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PROMOS TECHNOLOGIES, INC.,                )
                                          )
                    Plaintiff,            )        C.A. No. 06-788-JJF
                                          )
        v.                                )
                                          )
FREESCALE SEMICONDUCTOR, INC.,            )
                                          )
                    Defendant.            )

**PLAINTIFF PROMOS TECHNOLOGIES, INC.'S
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS
FROM DEFENDANT FREESCALE SEMICONDUCTOR, INC. (No. 118-125)**

Pursuant to Rules 34 and 26 of the Federal Rules of Civil Procedure, Plaintiff

ProMOS Technologies, Inc. ("ProMOS") hereby requests that defendant Freescale

Semiconductor, Inc. ("Freescale") produce for inspection and/or copying the following

documents and things at the offices of Hogan & Hartson, LLP, Columbia Square, 555 13th Street,

N.W., Washington, D.C., 20004, or such other mutually agreed upon location, within thirty (30)

days of the date of service of these requests.

## DEFINITIONS

1.      The terms "Plaintiff" and "ProMOS" refer to ProMOS Technologies, Inc., and its

officers, agents, employees, and representatives.

2.      The terms "Defendant," "you," "your," and "Freescale" refer to Defendant

Freescale Semiconductor, Inc., including but not limited to its divisions, subsidiaries, directors,

agents, representatives, attorneys and employees, and any predecessor in interest.

3.      The term "Complaint" means the Complaint and any amended Complaints filed by

Plaintiff in this action.

4.    The term "Answer" means the Answer and Affirmative Defenses, or any amendments thereto, filed by Defendant in this action.  Whenever a request refers to or quotes from the Answer, all words in the request have the same meaning as in the Answer.

5.    The term "Counterclaims" means the Counterclaims, or any amendments thereto, filed by Defendant in this action.  Whenever a request refers to or quotes from the Counterclaims, all words in the request have the same meaning as in the Counterclaims.

6.    The term "document" as used herein is employed in the broadest possible sense under Rule 34 and includes, but is not limited to, any printed, written, recorded, taped, electronic (including e-mail and deleted electronic media that is recoverable in any form), graphic, or other tangible matter from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received or neither, including the original, all amendments and addenda and any non-identical copy (whether different from the original because of notes made on or attached to such copy or otherwise ) of any and all writings, correspondence, letters, telegraphs, telex communicants, cables, notes, notations, papers, newsletters, memoranda, interoffice communications, e-mails, releases, agreements, contracts, books, pamphlets, studies, minutes of meetings, recordings or other memorials of any type of personal or telephone conversations, meetings or conferences, reports, analyses, test results, examinations, evaluations, estimates, projections, forecasts, receipts, statements, accounts, books of account, diaries, calendars, desk pads, appointment books, stenographer's notebooks, transcripts, ledgers, registers, worksheets, journals, statistical records, cost sheets, summaries, lists, tabulations, digests, canceled or uncanceled checks or drafts, vouchers, charge slips, invoices, purchase orders, hotel charges, accountant's reports, financial statements, newspapers, periodicals or magazine materials, and any materials underlying, supporting, or used in the preparation of any

documents. The term "document(s)" also specifically includes any records stored on computer tape or computer disk or otherwise stored by or in a computer, including telephone voice mail or electronic mail, whether or not a hard copy (i.e., paper copy) of the document is or was at any time in existence. A document includes all documents appended thereto. The documents requested shall include all marked copies. A "marked copy" is any document containing any writing or any markings of any kind in the text, in the margins, or on the reverse side of the document.

7.    The term "person(s)" includes any natural person, corporation, partnership, association, joint venture, sole proprietorship, firm, business enterprise, governmental or quasi-governmental body or agency, or legal entity of any type, and includes both the singular and plural.

8.    The term "communications" means all oral, visual, or other sensory means of transmitting information, messages, or statements, including but not limited to correspondence, letters, memoranda, e-mails (with any attachment(s)), meeting minutes, transcripts of telephone conversations, and presentations.

9.    The terms or phrases "relating to," "relate(s)," or "related to" includes, but is not limited to, constituting, comprising, consisting of, containing, setting forth, describing, discussing, citing, regarding, pertaining to, mentioning, proposing, showing, disclosing, containing, analyzing, explaining, summarizing, supporting, evidencing, authorizing, concerning, embodying, reflecting, identifying, incorporating, considering, recommending, continuing, enumerating, dealing with, commenting on, referring to directly or indirectly, dealing with, responding to, or in any way logically or factually relevant to the matter described in the request.

10.    The term "date" means the exact day, month and year, if ascertainable, or, if not, the best available approximation, including relationship to other events.

11.    The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents that otherwise would be construed to be outside their scope.

12.    The terms "ProMOS patents," "ProMOS patents-in-suit," and "patents-in-suit," mean United States Letters Patent No. 5,488,709 ("the '709 patent") entitled "Cache Including Decoupling Register Circuits;" United States Letters Patent No. 5,732,241 ("the '241 patent") entitled "Random Access Cache Memory Controller and System;" and United States Letters Patent No. 6,670,267 ("the '267 patent") entitled "Formation of Tungsten-Based Interconnect Using Thin Physically Vapor Deposited Titanium Nitride Layer."

13.    With respect to the '709 patent and the '241 patent, the term "inventor" shall mean Alfred K. Chan.  With respect to the '267 patent, the term "inventor" shall mean Vincent Fortin.  The term "inventors" shall mean Messrs. Chan and Fortin together.

14.    The term "infringement" shall be defined broadly to include direct, contributory and induced infringement under the applicable laws.

15.    The term "market," as a verb, shall mean to sell, lease, license, exhibit or distribute; or to offer to sell, lease, license, exhibit or distribute.

16.    The term "sale" means and refers to any exchange of goods, services or other property for value and includes transferring goods to another party on a consignment basis, regardless of whether title has passed.

17.    As used herein, "prior art" includes any reference or subject matter set forth in or relevant under 35 U.S.C. § 102 and 35 U.S.C. § 103.

18.     The term "Freescale Product(s)" includes:  microcontrollers, microprocessors, processors, digital signal processors, controller cores, processor cores and all other components or goods you manufacture or market for sale or sell in any way that use, incorporate, work with or rely on cache memory; systems, components, products and goods that use, incorporate work with or rely on microcontrollers, microprocessors, processors, digital signal processors, controller cores, processor cores or other components or goods that use, incorporate, work with or rely on cache memory; and integrated circuits and semiconductor products that incorporate one or more conductors that includes a layer of tungsten overlying a layer of titanium nitride, such conductors including, but not limited to, those formed using Damascene and dual Damascene processes.

## INSTRUCTIONS

1.     In responding to these requests, you shall furnish all documents that are in your possession, custody, or control; or are within the possession, custody, or control of your officers, directors, employees, agents, representatives, present or former contractors, consultants, investigators, or attorneys; or otherwise available to you, regardless of whether documents are possessed directly by you, or any parent, subsidiary or affiliated corporation, or any of such entity's officers, directors, employees, agents, representatives, present or former contractors, consultants, investigators or attorneys.

2.     Organize and label each document or set of documents, indicating by number the request to which the document(s) relates.  In your written response, provide the document production (i.e. "Bates") number(s) for document(s) responsive to each request.

3.     Electronic and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering of the materials intelligible.

4.    If any document responding to all or any part of this Request is not currently available, include a statement to that effect and furnish whatever documents are available. Include in your statement when such documents were most recently in your possession or subject to your control and what disposition was made of them, identifying the name, job title, and the last known address of each person currently in possession or control of such documents. If any of such documents were destroyed, identify the name, job title and the last known business address of each person who directed that the documents be destroyed, and state the reasons the documents were destroyed. If you do not have a document responsive to a request, but you know of person(s) or organization(s) who may have all or any portion of the document, then all such information, including names, addresses, and telephone numbers, shall be disclosed in your written response.

5.    If any document or portion of any document covered by this Request for Production is withheld from production due to a claim of privilege, protection, or other grounds for non-disclosure, furnish a list of all such documents withheld that provides the following information: (a) the "Bates" number(s); (b) the identity of the person(s) who prepared or authorized the preparation of the document and, if applicable, the person(s), addresses, and organization  to whom the document was sent or shown; (c) the date (or your best approximation thereof) on which the document was prepared; (d) a description of the type of document (e.g., letter, ledger, etc.); (e) the subject matter of the document; (f) a brief reason why the document is claimed to be privileged, protected, or subject to non-disclosure; and (g) the paragraph(s) of this Request to which the document responds.

6.    This Request is continuing and requires, to the extent authorized by Rule 26(e) of the Federal Rules of Civil Procedure, production of any additional responsive documents that

may be located or acquired by you or your employees after the date of your original production.

7.     Unless otherwise indicated in a particular request, the relevant time period for each Request shall be from January 1, 2000, to the present.

## SPECIFIC REQUESTS FOR PRODUCTION

**REQUEST NO. 118:**

Documents sufficient to correlate the product name, product, product number, part number, product family, process flow, circuit group or family, and circuit name for each Freescale Product.

**REQUEST NO. 119:**

Documents sufficient to determine the total unit and dollar volumes of Freescale Products manufactured in whole or in part within the United States for each quarter beginning in the calendar year 2000 and continuing through projections for calendar year 2012.

**REQUEST NO. 120:**

Documents sufficient to determine the total unit and dollar volumes of Freescale Products that are manufactured outside of the United States and subsequently sold into, shipped into, transferred into, located in and/or used in the United States for each quarter beginning in the calendar year 2000 and continuing through projections for calendar year 2012. Include in your response any Freescale Products that have been incorporated into any other product that is, will be, or has been sold into, shipped into, transferred into, located in and/or used in the United States by any person besides Freescale.

**REQUEST NO. 121:**

All communications, agreements, and other documents referring or relating to any Freescale Product that is or has been manufactured outside of the United States and that is, will be, or has been sold into, shipped into, transferred into, located in and/or used in the United

States by any person besides Freescale, including any Freescale Product that has been incorporated into any other product.

**REQUEST NO. 122:**

All documents referring or relating to Freescale's liability for or obligation to indemnify any person for claims or charges of patent infringement related to any Freescale Product, including any Freescale Product that has been incorporated into any other product.

**REQUEST NO. 123:**

Documents sufficient to identify (by part number, product name, and product family) any customer product(s) that constitute, include or incorporate any Freescale Product.

**REQUEST NO. 124:**

Documents sufficient to identify (by date, geographic location, dollar value and quantity) any sales(s) of customer product(s) that constitute, include or incorporate any Freescale Product.

**REQUEST NO. 125:**

All documents, including but not limited to documents provided by Freescale to its customers, that provide or contain instruction on how to use any Freescale Product, including but not limited to reference designs, application notes and/or specific discussions or instructions as to what types of memory should be used in conjunction with specific Freescale Products.

ASHBY & GEDDES

*/s/ John G. Day*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*
*ProMOS Technologies, Inc.*

*Of Counsel:*

William H. Wright
HOGAN & HARTSON LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600

Steven J. Routh
Sten A. Jensen
HOGAN & HARTSON LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

Dated: July 12, 2007
182268.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July, 2007, the attached **PLAINTIFF PROMOS TECHNOLOGIES, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS FROM DEFENDANT FREESCALE SEMICONDUCTOR, INC. (No. 118-125)** was served upon the below-named counsel of record at the address and in the manner indicated:

Mary B. Graham, Esquire                                    <u>VIA ELECTRONIC MAIL</u>
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347

Stacey L. Garrett, Esquire                                  <u>VIA ELECTRONIC MAIL</u>
Jones Day
2727 North Harwood Street
Dallas, TX  75201-1515

Kevin P. Ferguson, Esquire                                VIA ELECTRONIC MAIL
Jones Day                                                        <u>and FEDERAL EXPRESS</u>
77 West Wacker
Chicago, IL  60601-1692

F. Drexel Feeling, Esquire                                 <u>VIA ELECTRONIC MAIL</u>
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190

Clyde M. Siebman, Esquire                               <u>VIA ELECTRONIC MAIL</u>
Siebman, Reynolds, Burg & Phillips, LLP
Federal Courthouse Square
300 North Travis Street
Sherman, TX  75090


                                                 /s/ *John G. Day*
                                                 _____
                                                 John G. Day

177267.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PROMOS TECHNOLOGIES, INC.,                    )
              Plaintiff,                    )      C.A. No. 06-788-JJF
                           )
     v.                    )
                           )
FREESCALE SEMICONDUCTOR, INC.,                    )
             Defendant.                    )

## NOTICE OF SERVICE

The undersigned hereby certifies that on the 12th day of July, 2007, **PLAINTIFF PROMOS TECHNOLOGIES, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS FROM DEFENDANT FREESCALE SEMICONDUCTOR, INC. (No. 118-125)** was served upon the following counsel of record at the address and in the manner indicated:

Mary B. Graham, Esquire              <u>VIA ELECTRONIC MAIL</u>
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE 19899-1347

Kevin P. Ferguson, Esquire           <u>VIA ELECTRONIC MAIL</u>
Jones Day                            <u>and FEDERAL EXPRESS</u>
77 West Wacker
Chicago, IL 60601-1692

F. Drexel Feeling, Esquire            <u>VIA ELECTRONIC MAIL</u>
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*
*ProMOS Technologies, Inc.*

*Of Counsel*:

William H. Wright
HOGAN & HARTSON LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600

Steven J. Routh
Sten A. Jensen
HOGAN & HARTSON LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

Dated: July 12, 2007
177270.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July, 2007, the attached **NOTICE OF SERVICE** was served upon the below-named counsel of record at the address and in the manner indicated:

Mary B. Graham, Esquire                                          <u>VIA ELECTRONIC MAIL</u>
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347

Kevin P. Ferguson, Esquire                                      <u>VIA ELECTRONIC MAIL</u>
Jones Day                                                       <u>and FEDERAL EXPRESS</u>
77 West Wacker
Chicago, IL  60601-1692

F. Drexel Feeling, Esquire                                      <u>VIA ELECTRONIC MAIL</u>
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190

*/s/ John G. Day*
—————————————————
John G. Day

## Discovery Documents

1:06-cv-00788-JJF Promos Technologies Inc. v. Freescale Semiconductor Inc.
PATENT, PaperDocuments

**U.S. District Court**

**District of Delaware**

## Notice of Electronic Filing

The following transaction was entered by Day, John on 7/12/2007 at 4:29 PM EDT and filed on
7/12/2007
**Case Name:**        Promos Technologies Inc. v. Freescale Semiconductor Inc.
**Case Number:**      1:06-cv-788
**Filer:**            Promos Technologies Inc.
**Document Number:** 30

**Docket Text:**
NOTICE OF SERVICE of Second Set of Requests for Production of Documents and Things from
Defendant Freescale Semiconductor, Inc. (No. 118-125) by Promos Technologies Inc..(Day, John)

**1:06-cv-788 Notice has been electronically mailed to:**

Steven J. Balick    sbalick@ashby-geddes.com, dfioravanti@ashby-geddes.com, jday@ashby-
geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com,
rgamory@ashby-geddes.com, tlydon@ashby-geddes.com

John G. Day    jday@ashby-geddes.com, dfioravanti@ashby-geddes.com, dharker@ashby-geddes.com,
lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com,
rgamory@ashby-geddes.com, sbalick@ashby-geddes.com, tlydon@ashby-geddes.com

Mary B. Graham    dmyers@mnat.com, mbgefiling@mnat.com

**1:06-cv-788 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=7/12/2007] [FileNumber=414451-0]
[c746c01f02b260cb16e163a532834224434f93379a035cfc37b0b31fa1ae2b7642d8
69584e5d8fcae66e9111c24a31447caa91a2a516fabf2ab7b8b328be1eb2]]

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PROMOS TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-788 (JJF) |
| | ) | |
| FREESCALE SEMICONDUCTOR, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT FREESCALE'S RESPONSE TO PLAINTIFF
PROMOS TECHNOLOGIES INC.'S SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS
FROM DEFENDANT FREESCALE SEMICONDUCTOR INC. (NOS. 118-125)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Freescale Semiconductor, Inc. ("Freescale") responds as follows to Plaintiff ProMOS Technologies, Inc.'s Second Set Of Requests For Production Of Documents And Things From Defendant Freescale Semiconductor, Inc. (Nos. 118-125), served by ProMOS Technologies, Inc. ("ProMOS").

**GENERAL OBJECTIONS**

Freescale hereby repeats and incorporates by reference its General Objections set forth in its Defendant Freescale's Response To Plaintiff ProMOS Technologies, Inc.'s First Set Of Requests For Production Of Documents And Things From Defendant Freescale Semiconductor Inc. (Nos. 1-117).

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST NO. 118:**

Documents sufficient to correlate the product name, product, product number, part number, product family, process flow, circuit group or family, and circuit name for each Freescale Product.

**RESPONSE:**

In addition to its General Objections, Freescale objects to this document request because the term "Freescale Product" is vague, overly broad, and seeks information neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence to the extent it is not properly limited in time with respect to any products accused of infringing the Fortin patent, which did not issue until December 30, 2003, and to the extent the term "Freescale Product" is not meaningfully limited to the subject matter of the asserted claims of the Patents-in-Suit.

Without waiving any and subject to all of the foregoing General and Specific Objections, Freescale will produce non-privileged, responsive documents to the extent they exist.

**REQUEST NO. 119:**

Documents sufficient to determine the total unit and dollar volumes of Freescale Products manufactured in whole or in part within the United States for each quarter beginning in the calendar year 2000 and continuing through projections for calendar year 2012.

**RESPONSE:**

In addition to its General Objections, Freescale objects to this document request because the term "Freescale Product" is vague, overly broad, and seeks information neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence to the extent it is not properly limited in time with respect to any products accused of infringing the Fortin patent, which did not issue until December 30, 2003, and to the extent the term "Freescale Product" is not meaningfully limited to the subject matter of the asserted claims of the Patents-in-Suit.

Without waiving any and subject to all of the foregoing General and Specific Objections, Freescale states that to the extent it understands this request it is not aware of the existence of responsive documents for future quarters by product for the products identified in

Exhibit E to ProMOS's withdrawn motion to compel filed July 6, 2007 for the Chan patents and

for products made by Freescale's HiP7 and HiP8 processes for the Fortin patent. Freescale will

produce non-privileged documents responsive to this request for past quarters. In addition,

Freescale has already produced forecasts by business group through 2010.

**REQUEST NO. 120:**

        Documents sufficient to determine the total unit and dollar volumes of Freescale
Products that are manufactured outside of the United States and subsequently sold in, shipped
into, transferred into, located in and/or used in the United States for each quarter beginning in the
calendar year 2000 and continuing through projections for calendar year 2012. Include in your
response any Freescale Products that have been incorporated into any other product that is, will
be, or has been sold into, shipped into, transferred into, located in and/or used in the United
States by any person besides Freescale.

**RESPONSE:**

        In addition to its General Objections, Freescale objects to this document request

because the term "Freescale Product" is vague, overly broad, and seeks information neither

relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of

admissible evidence to the extent it is not properly limited in time with respect to any products

accused of infringing the Fortin patent, which did not issue until December 30, 2003, and to the

extent the term "Freescale Product" is not meaningfully limited to the subject matter of the

asserted claims of the Patents-in-Suit. Freescale objects to this request to the extent it requests

documents and things not in Freescale's possession, custody, or control.

        Without waiving any and subject to all of the foregoing General and Specific

Objections, Freescale states that to the extent it understands this request it is not aware of the

existence of responsive documents for future quarters by product for the products identified in

Exhibit E to ProMOS's withdrawn motion to compel filed July 6, 2007 for the Chan patents and

for products made by Freescale's HiP7 and HiP8 processes for the Fortin patent. Freescale will

produce non-privileged documents responsive to this request for past quarters. In addition, Freescale has already produced forecasts by business group through 2010.

**REQUEST NO. 121:**

All communications, agreements, and other documents referring or relating to any Freescale Product that is or has been manufactured outside of the United States and that is, will be, or has been sold into, shipped into, transferred into, located in and/or used in the United States by any person besides Freescale, including any Freescale Product that has been incorporated into any other product.

**RESPONSE:**

In addition to its General Objections, Freescale objects to this document request because the term "Freescale Product" is vague, overly broad, and seeks information neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence to the extent it is not properly limited in time with respect to any products accused of infringing the Fortin patent, which did not issue until December 30, 2003, and to the extent the term "Freescale Product" is not meaningfully limited to the subject matter of the asserted claims of the Patents-in-Suit. Freescale also objects to this request to the extent it seeks "all" documents "referring or relating" to the requested topic without in any way limiting the request to the subject matter of the asserted claims of the Patents-in-Suit or the claims or defenses raised in the lawsuit by either party. Freescale objects to this request to the extent it requests documents and things not in Freescale's possession, custody, or control.

Without waiving any and subject to all of the foregoing General and Specific Objections, Freescale will produce non-privileged documents responsive to this request, to the extent they exist, for the products identified in Exhibit E to ProMOS's withdrawn motion to compel filed July 6, 2007 for the Chan patents and for products made by Freescale's HiP7 and HiP8 processes for the Fortin patent.

**REQUEST NO. 122:**

All documents referring or relating to Freescale's liability for or obligation to indemnify any person for claims or charges of patent infringement related to any Freescale Product, including any Freescale Product that has been incorporated into any other product.

**RESPONSE:**

In addition to its General Objections, Freescale objects to this document request because the term "Freescale Product" is vague, overly broad, and seeks information neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence to the extent it is not properly limited in time with respect to any products accused of infringing the Fortin patent, which did not issue until December 30, 2003, and to the extent the term "Freescale Product" is not meaningfully limited to the subject matter of the asserted claims of the Patents-in-Suit. Freescale also objects to this request to the extent it seeks "all" documents "referring or relating" to the requested topic without in any way limiting the request to the subject matter of the asserted claims of the Patents-in-Suit or the claims or defenses raised in the lawsuit by either party.

Without waiving any and subject to all of the foregoing General and Specific Objections, Freescale will produce non-privileged documents responsive to this request, to the extent they exist, for the products identified in Exhibit E to ProMOS's withdrawn motion to compel filed July 6, 2007 for the Chan patents and for products made by Freescale's HiP7 and HiP8 processes for the Fortin patent.

**REQUEST NO. 123:**

Documents sufficient to identify (by part number, product name, and product family) any customer product(s) that constitute, include or incorporate any Freescale Product.

**RESPONSE:**

      In addition to its General Objections, Freescale objects to this document request because the term "Freescale Product" is vague, overly broad, and seeks information neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence to the extent it is not properly limited in time with respect to any products accused of infringing the Fortin patent, which did not issue until December 30, 2003, and to the extent the term "Freescale Product" is not meaningfully limited to the subject matter of the asserted claims of the Patents-in-Suit. Freescale also objects to this request to the extent it requests documents and things not in Freescale's possession, custody, or control.

      Without waiving any and subject to all of the foregoing General and Specific Objections, Freescale will produce non-privileged documents responsive to this request, to the extent they exist, for the products identified in Exhibit E to ProMOS's withdrawn motion to compel filed July 6, 2007 for the Chan patents and for products made by Freescale's HiP7 and HiP8 processes for the Fortin patent.

**REQUEST NO. 124:**

      Documents sufficient to identify (by date, geographic location, dollar value and quantity) any sales(s) of customer product(s) that constitute, include or incorporate any Freescale Product.

**RESPONSE:**

      In addition to its General Objections, Freescale objects to this document request because the term "Freescale Product" is vague, overly broad, and seeks information neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence to the extent it is not properly limited in time with respect to any products accused of infringing the Fortin patent, which did not issue until December 30, 2003, and to the extent the term "Freescale Product" is not meaningfully limited to the subject matter of the

asserted claims of the Patents-in-Suit. Freescale also objects to this request to the extent it

requests documents and things not in Freescale's possession, custody, or control.

      Without waiving any and subject to all of the foregoing General and Specific

Objections, Freescale will produce non-privileged, responsive documents to the extent they exist.

**REQUEST NO. 125:**

      All documents, including but not limited to documents provided by Freescale to
its customers, that provide or contain instruction on how to use any Freescale Product, including
but not limited to reference designs, application notes and/or specific discussions or instructions
as to what types of memory should be used in conjunction with specific Freescale Products.

**RESPONSE:**

      In addition to its General Objections, Freescale objects to this document request

because the term "Freescale Product" is vague, overly broad, and seeks information neither

relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of

admissible evidence to the extent it is not properly limited in time with respect to any products

accused of infringing the Fortin patent, which did not issue until December 30, 2003, and to the

extent the term "Freescale Product" is not meaningfully limited to the subject matter of the

asserted claims of the Patents-in-Suit. Freescale objects to this request to the extent it seeks "all"

documents "referring or relating" to the requested topic without in any way limiting the request

to the subject matter of the asserted claims of the Patents-in-Suit or the claims or defenses raised

in the lawsuit by either party.

      Without waiving any and subject to all of the foregoing General and Specific

Objections, Freescale states that responsive documents, to the extent they exist, can be obtained

at www.Freescale.com. Freescale states that it will produce non-privileged documents

responsive to this request, to the extent they exist, for the products identified in Exhibit E to

ProMOS's withdrawn motion to compel filed July 6, 2007 for the Chan patents and for products

made by Freescale's HiP7 and HiP8 processes for the Fortin patent.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
302.658.9200

*Attorneys for Freescale Semiconductor, Inc.*

OF COUNSEL:

David L. Witcoff
Kevin P. Ferguson
John M. Michalik
JONES DAY
77 West Wacker
Chicago, IL 60601-1692
312.782.3939

F. Drexel Feeling
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
216.586.3939

Dated: August 13, 2007

1210351

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2007, true and correct copies of the foregoing were caused to be served upon the following individuals in the manner indicated:

**BY E-MAIL AND HAND DELIVERY**

John G. Day, Esquire
Steven J. Balick, Esquire
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899

jday@ashby-geddes.com
sbalick@ashby-geddes.com

**BY E-MAIL**

Steven J. Routh, Esquire
HOGAN & HARTSON LLP
sjrouth@hhlaw.com

William H. Wright, Esquire
HOGAN & HARTSON LLP
whwright@hhlaw.com

William C. Gooding, Esquire
GOODING & CRITTENDEN, L.L.P.
billgooding@gooding-crittenden.com

Sten A. Jensen, Esquire
HOGAN & HARTSON LLP
sajensen@hhlaw.com

James W. Parrett, Jr. (#4292)

794652

# EXHIBIT 3

# HOGAN & HARTSON

April 17, 2008

Hogan & Hartson LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
+1.202.637.5600 Tel
+1.202.637.5910 Fax

www.hhlaw.com

**BY ELECTRONIC MAIL**

James Wamsley
Jones Day
North Point
901 Lakeside Avenue
Cleveland Ohio 44114

RE:    <u>ProMOS Techs., Inc. v. Freescale Semiconductor Inc.</u> (D. Del. Case No. 06-7888)

Dear Jim:

During our meetings with the Special Master over the past two weeks, Freescale took positions based on its stated understanding of an Order entered last fall by Judge Bush in the E.D. Texas case (the "location-of-use Order") and the parties' agreement to apply some of the limits from that Order to certain discovery in the D. Delaware case (the "location-of-use Agreement"). In connection with those meetings, and in particular during our discussions on April 9, it became apparent that Freescale has misread the location-of-use Order and related Agreement to somehow limit its obligations to search for and produce customer communications called for by ProMOS's Document Request No. 125 in the Delaware case. For reasons we explained, and as the Special Master acknowledged, the location-of-use Order and Agreement do not apply to ProMOS's Document Request No. 125, because that discovery request addresses communications with customers on how products are to be used, as opposed to the location where products are to be sold or shipped.

During our meeting on April 9, you declined to answer Steve's questions on whether Freescale in fact has failed to search for and/or has withheld documents responsive to ProMOS's Request No. 125 based on its stated understanding of the location-of-use Order and Agreement. However, from a review of the documents produced by Freescale in discovery with respect to the 160-or-so products that ProMOS listed during the last six months of 2007 (the production of which Freescale supposedly completed at the end of February 2008), combined with your statements during the Special Master meetings, we believe that Freescale has failed to search for and/or to produce documents relating to the above-referenced 160-or-so products that are responsive to ProMOS's Request No. 125. Please let us know by the close of business Monday April 21 whether Freescale has indeed searched for and produced to ProMOS all documents responsive to Request No. 125. If Freescale has limited its search for or production of documents responsive to ProMOS's Request No. 125, then please let us know if Freescale will now agree to produce documents responsive to that request for the above-referenced 160-or-so products.

Per my email of the other day, we also are waiting to hear back from you regarding the matter of Mr. Benzel's errata sheet, and specifically whether Freescale is willing to produce a witness to cover each of the three topics identified in Steve's email to you of March 12, 2008.

We would like to have a final meet and confer on these issues at your earliest convenience. Please let me know your availability.

Sincerely yours,

Susan Cook

# EXHIBIT 4

-----Original Message-----
From: Cook, Susan M.
Sent: Friday, April 18, 2008 7:32 PM
To: James L. Wamsley III; David L. Witcoff; Leozino Agozzino
Cc: Wright, William H.; Routh, Steven J.; Jensen, Sten A.
Subject:

Jim,

Please see the attached letter.  We also would appreciate a response on the issues raised
in my letter of yesterday and my email of earlier in the week.

Susan

"EMF <HHLAW.COM>" made the following annotations.
-------------------------------------------------------------------------------
This electronic message transmission contains information from this law firm which may be
confidential or privileged. The information is intended to be for the use of the
individual or entity named above. If you are not the intended recipient, be aware that any
disclosure, copying, distribution or use of the contents of this information is
prohibited.

If you have received this electronic transmission in error, please notify us by telephone
(+1-202-637-5600) or by electronic mail (PostMaster@HHLAW.COM) immediately.

# EXHIBIT 5

# REDACTED

# EXHIBIT 6

# REDACTED

# EXHIBIT 7

**REDACTED**

# EXHIBIT 8

12-21

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PROMOS TECHNOLOGIES, INC., | ) | |
| Plaintiff, | ) | C.A. No. 06-788-JJF |
| v. | ) | |
| FREESCALE SEMICONDUCTOR, INC., | ) | |
| Defendant. | ) | |

**PLAINTIFF PROMOS TECHNOLOGIES, INC.'S
FIFTH SET OF INTERROGATORIES TO DEFENDANT
FREESCALE SEMICONDUCTOR, INC. (Nos. 21-35)**

Pursuant to Rules 33 and 26 of the Federal Rules of Civil Procedure, Plaintiff

ProMOS Technologies, Inc. ("ProMOS") hereby requests that Freescale Semiconductor, Inc.

("Freescale") answer the following interrogatories within thirty (30) days of the date of service

of these requests upon you.

**DEFINITIONS**

ProMOS hereby incorporates by reference the definitions set forth in its First Set

of Document Requests to Defendant Freescale.

**INSTRUCTIONS**

1.     You should answer each and every interrogatory separately and fully, including

each subdivision thereof, unless it is objected to, in which event the reason for all objections

shall be specifically and separately stated. When a complete answer to an interrogatory is not

possible, the interrogatory shall be answered to the extent possible and a statement shall be made

indicating why only a partial answer is given.

2.     In the event that any information or document or part thereof subject to this

request is withheld on the basis of claim of privilege, you shall furnish to ProMOS a list

- 1 -

identifying each document withheld, together with the following information:  (a) the "Bates" number(s) of any document; (b) the identity of the person(s), including job title and present address, who has received or otherwise had access to the information or document involved or copies thereof, or with whom the information or document was discussed, and the capacity in which the person had access thereto, or in which it was discussed; (c) the date (or your best approximation thereof) on which the information or document was prepared; (d) the name, job title, and address of the present custodian of the information or document; (e) the subject matter of the information or document requested; (f) a brief reason why the information or document is claimed to be privileged, protected, or subject to non-disclosure; and (g) the paragraph(s) of this Request to which the document responds.

   3.  If any "communication," "conversation," or "statement" is withheld under a claim of privilege, please furnish a list signed by the person supervising your response identifying each such communication, conversation, or statement for which the privilege is claimed together with the following information: (a) the date of such conversation, communication, or statement; (b) the place at which it occurred and the medium involved; (c) the identity of each person involved, together with his or her job title at the time of the communication; (d) the subject matter and nature of the conversation, communication, or statement; (e) a brief reason why the information is claimed to be privileged, protected, or subject to non-disclosure; and (f) whether any non-privileged matter was contained in the conversation, communication, or statement.

   4.  These interrogatories shall be deemed continuing, to the extent authorized by Rule 26(e) of the Federal Rules of Civil Procedure, so as to require the requested information as of the date of service of Defendant's answers thereto and also as to require prompt supplemental answers if Defendant obtains further information relative thereto, after the

answers are served, or learn that the answers served are not full, complete and/or correct.

5.    Unless otherwise indicated in a particular request, the relevant time period for each Request shall be from January 1, 2000, to the present.

## INTERROGATORIES

**INTERROGATORY NO. 21:**

Separately for each process used at each Freescale fabrication facility from January 1, 2004 to the present (as identified in Exhibit 6 to the Scott Bolton deposition) state the date each process was first tested, the date each process was first used to manufacture a commercial product, the date of first sale of such commercial product, and the date each process was first publicly disclosed.

**INTERROGATORY NO. 22:**

Separately for each Freescale process on which Freescale intends to rely for any invalidity defense, state the date each process was first tested, the date each process was first used to manufacture a commercial product, the date of first sale of such commercial product, and the date each process was first publicly disclosed.

**INTERROGATORY NO. 23:**

Identify each fact witness you expect to call or may call at trial and for each such witness that was not identified in your Initial Disclosures or your answer to Interrogatory No. 14 state the reason for that omission.

**INTERROGATORY NO. 24:**

Identify and describe any industry standard royalty rates or expected ranges of royalty rates in the markets for DRAMs, on the one hand, and microprocessors and processors, on the other hand, and describe how those rates relate to each other.

**INTERROGATORY NO. 25:**

Identify and describe all communications you have had with any of your customers regarding the infringement claims made by ProMOS in this case, including any communications relating to requests for or offers to provide indemnification.

**INTERROGATORY NO. 26:**

Identify and describe each type of document created, maintained, or used by Freescale relating to the design, layout, manufacture, testing, or functionality of the Freescale Products or any portions thereof, including in your answer the identification (by title, Bates Label and product or processor) of any such documents produced in litigation.

**INTERROGATORY NO. 27:**

Identify any products that Freescale asserts practice(d) the claims of the '709 or '241 patents and state the date(s) on which such products were first sold, first offered for sale, first used, first publicly disclosed, and first publicly used and by whom.

**INTERROGATORY NO. 28:**

Identify each product designed, manufactured, or sold by Freescale that contains, uses, or works with cache memory, including those currently under development.

**INTERROGATORY NO. 29:**

Identify (by customer, product name, product number, date, quantity, sales price, shipping location, billing location, and any other information available to Freescale) all sales of Freescale Products that were (a) shipped to; and/or (b) billed to; and/or (c) sold pursuant to an agreement where title was transferred in; and/or (c) used in locations within the United States.

**INTERROGATORY NO. 30:**

Describe in detail how you market Freescale Products, including but not limited to any differences between how you market different Freescale Products.

**INTERROGATORY NO. 31:**

Separately for each year from 2000 to the present, identify your competitors with respect to the sale of Freescale Products, identify your market share, identify the market shares of each of your competitors, and identify the size of the pertinent market(s).

**INTERROGATORY NO. 32:**

Identify all documents provided by Freescale to its customers (including documents posted on any website) concerning the use, installation, operation, structure, function or implementation of any Freescale Product.

**INTERROGATORY NO. 33:**

State the profits Freescale has made and/or will make from the production, manufacture, distribution and/or sale of each Freescale Product, beginning with the first month of sale and continuing through the date of your response.

**INTERROGATORY NO. 34:**

Identify all of Freescale's customers who have purchased any of the Freescale Products since January 2000, including in your answer each customer's name, headquarters, points of contact, billing address, shipping address, products purchased, status as OEM, distributor, foundry or other, and quantity and dollar amount of sales per product on a monthly basis from January 2000 through the present.

**INTERROGATORY NO. 35:**

For each Freescale Product, identify all of the manufacturing, testing, assembly,

and packaging location(s) for such product, including in your answer the address, products at

issue, and whether it is possible for Freescale to tie such locations to specific sales of products

(i.e., whether Freescale can track manufacturing, testing, assembly, and packaging data for

specific sales, including but not limited to sales to specific customers or billed or shipped to

specific locations).

ASHBY & GEDDES

/s/ Lauren E. Maguire

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Telecopier: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*
*ProMOS Technologies, Inc.*

*Of Counsel*:

William H. Wright
Hogan & Hartson LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4672

Steven J. Routh
Sten A. Jensen
Hogan & Hartson LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-6472

Dated: December 21, 2007
186860.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of December, 2007, the attached **PLAINTIFF**

**PROMOS TECHNOLOGIES, INC.'S FIFTH SET OF INTERROGATORIES TO**

**DEFENDANT FREESCALE SEMICONDUCTOR, INC.** (Nos. 21-35) was served upon the

below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Mary B. Graham, Esquire<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347 | **VIA ELECTRONIC MAIL** |
| Stacey L. Garrett, Esquire<br>Jones Day<br>2727 North Harwood Street<br>Dallas, TX 75201-1515 | **VIA ELECTRONIC MAIL** |
| Kevin P. Ferguson, Esquire<br>Jones Day<br>77 West Wacker<br>Chicago, IL 60601-1692 | **VIA ELECTRONIC MAIL<br>and FEDERAL EXPRESS** |
| F. Drexel Feeling, Esquire<br>Jones Day<br>North Point<br>901 Lakeside Avenue<br>Cleveland, OH 44114-1190 | **VIA ELECTRONIC MAIL** |
| Clyde M. Siebman, Esquire<br>Siebman, Reynolds, Burg & Phillips, LLP<br>Federal Courthouse Square<br>300 North Travis Street<br>Sherman, TX 75090 | **VIA ELECTRONIC MAIL** |

*/s/ Lauren E. Maguire*

_____

Lauren E. Maguire

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PROMOS TECHNOLOGIES, INC.,          )
           Plaintiff,          )          C.A. No. 06-788-JJF
    v.          )
FREESCALE SEMICONDUCTOR, INC.,          )
           Defendant.          )

## NOTICE OF SERVICE

The undersigned hereby certifies that on the 21st day of December, 2007, **PLAINTIFF**

**PROMOS TECHNOLOGIES, INC.'S FIFTH SET OF INTERROGATORIES TO**

**DEFENDANT FREESCALE SEMICONDUCTOR, INC. (Nos. 21-35)** was served upon the

following counsel of record at the address and in the manner indicated:

Mary B. Graham, Esquire          **VIA ELECTRONIC MAIL**
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Stacey L. Garrett, Esquire          **VIA ELECTRONIC MAIL**
Jones Day
2727 North Harwood Street
Dallas, TX 75201-1515

Kevin P. Ferguson, Esquire          **VIA ELECTRONIC MAIL**
Jones Day          **and FEDERAL EXPRESS**
77 West Wacker
Chicago, IL 60601-1692

F. Drexel Feeling, Esquire          **VIA ELECTRONIC MAIL**
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

Clyde M. Siebman, Esquire                    <u>VIA ELECTRONIC MAIL</u>
Siebman, Reynolds, Burg & Phillips, LLP
Federal Courthouse Square
300 North Travis Street
Sherman, TX  75090


ASHBY & GEDDES

/s/ *Lauren E. Maguire*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*ProMOS Technologies, Inc.*

*Of Counsel*:

William H. Wright
HOGAN & HARTSON LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA  90067
Telephone:  (310) 785-4600

Steven J. Routh
Sten A. Jensen
HOGAN & HARTSON LLP
555 Thirteenth Street, NW
Washington, DC  20004
Telephone:  (202) 637-5600
Facsimile:  (202) 637-5910

Dated: December 21, 2007
177270.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of December, 2007, the attached **NOTICE OF**

**SERVICE** was served upon the below-named counsel of record at the address and in the manner

indicated:


Mary B. Graham, Esquire            **VIA ELECTRONIC MAIL**
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347


Stacey L. Garrett, Esquire            **VIA ELECTRONIC MAIL**
Jones Day
2727 North Harwood Street
Dallas, TX 75201-1515


Kevin P. Ferguson, Esquire            **VIA ELECTRONIC MAIL**
Jones Day                                      **and FEDERAL EXPRESS**
77 West Wacker
Chicago, IL 60601-1692


F. Drexel Feeling, Esquire            **VIA ELECTRONIC MAIL**
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190


Clyde M. Siebman, Esquire            **VIA ELECTRONIC MAIL**
Siebman, Reynolds, Burg & Phillips, LLP
Federal Courthouse Square
300 North Travis Street
Sherman, TX 75090


/s/ *Lauren E. Maguire*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Lauren E. Maguire

## Discovery Documents

1:06-cv-00788-JJF Promos Technologies Inc. v. Freescale Semiconductor Inc.
PATENT, PaperDocuments

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Maguire, Lauren on 12/21/2007 at 5:16 PM EST and filed on
12/21/2007
**Case Name:**       Promos Technologies Inc. v. Freescale Semiconductor Inc.
**Case Number:**     1:06-cv-788
**Filer:**           Promos Technologies Inc.
**Document Number:** 106

**Docket Text:**
NOTICE OF SERVICE of Fifth Set of Interrogatories (Nos. 21-35) by Promos Technologies Inc..
(Maguire, Lauren)

**1:06-cv-788 Notice has been electronically mailed to:**

Steven J. Balick    sbalick@ashby-geddes.com, dfioravanti@ashby-geddes.com, jday@ashby-
geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com,
rgamory@ashby-geddes.com, tlydon@ashby-geddes.com

John G. Day    jday@ashby-geddes.com, dfioravanti@ashby-geddes.com, dharker@ashby-geddes.com,
lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com,
rgamory@ashby-geddes.com, sbalick@ashby-geddes.com, tlydon@ashby-geddes.com

Kevin P. Ferguson    kpferguson@jonesday.com

Mary B. Graham    dmyers@mnat.com, mbgefiling@mnat.com

James Walter Parrett , Jr    jparrett@mnat.com

David L. Witcoff    dlwitcoff@jonesday.com, edoehring@jonesday.com

**1:06-cv-788 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**

[STAMP dcecfStamp_ID=1079733196 [Date=12/21/2007] [FileNumber=494527-0
] [afb22e15c312184d09d4d7e21870188e9d52e6373d3f59407134ebad79b7fd1327d
c2e77dcfa840b88e6399c17d66739f6550eb1e3a0f82fe711c809c8f51622]]

# EXHIBIT 9

# REDACTED