IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PROMOS TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-788 (JJF) |
| | ) | |
| FREESCALE SEMICONDUCTOR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**FREESCALE'S REPLY IN SUPPORT OF LETTER TO SPECIAL MASTER SEEKING
TO COMPEL PROMOS TO RESPOND TO INTERROGATORY NO. 30**

# DM __

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | Mary B. Graham (#2256) |
|  | James W. Parrett, Jr. (#4292) |
|  | 1201 N. Market Street |
|  | P.O. Box 1347 |
|  | Wilmington, DE  19899-1347 |
|  | 302.658.9200 |
| OF COUNSEL: | mgraham@mnat.com |
|  | jparrett@mnat.com |
| David L. Witcoff |  |
| Kevin P. Ferguson | *Attorneys for Freescale Semiconductor, Inc.* |
| John M. Michalik |  |
| JONES DAY |  |
| 77 West Wacker |  |
| Chicago, IL  60601-1692 |  |
| 312.782.3939 |  |

James L. Wamsley III
F. Drexel Feeling
Thomas R. Goots
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
216.586.3939

Dated:  May 23, 2008

Dear Judge Poppiti:

      ProMOS exalts form over substance in opposing Freescale's motion to compel relating to interrogatory no. 30. The discovery that Freescale seeks through its motion is relevant and it would not unduly burden ProMOS to provide the requested information. ProMOS has not argued otherwise, but instead has crafted a highly legalistic argument that seeks to deprive Freescale of discovery based on inapposite precedent from other district courts. Contrary to ProMOS's statements, moreover, the Court need not authorize Freescale to serve 57 additional interrogatories in order to grant Freescale's motion. Freescale has requested only that ProMOS provide information on three discrete subject areas – invalidity, conception/reduction to practice and damages. As Freescale pointed out in its opening brief, this information should be counted as just three interrogatories – not 57.

      In summary, there are at least three different bases on which the Court can compel ProMOS to provide Freescale the discovery it seeks. First, the Court can simply compel ProMOS to respond to interrogatory no. 30 as requested by Freescale.[1] Second, the Court can compel ProMOS to respond based on counting interrogatory no. 30 as three interrogatories or, in the alternative, granting Freescale leave to exceed the limit of 35 by nine.[2] Finally, the Court can direct ProMOS to provide the requested information when supplementing its responses to three other interrogatories which ProMOS has already agreed to supplement.

      Contrary to ProMOS's assertion, the caselaw does not require that interrogatory no. 30 be counted as 60 interrogatories merely because it potentially applied to 60 requests for admissions ("RFAs"). Even the cases cited by ProMOS do not stand for that proposition.[3] *See, e.g., Safeco*

---

[1] ProMOS has cited no case from this District which forecloses this result based on interrogatory "counting" principles, and Freescale is aware of none. Therefore, Freescale's motion can be granted without even reaching this issue.

[2] Even using the more exacting counting method advocated by ProMOS, Freescale would at most need nine additional interrogatories over the limit of 35, since Freescale does not seek further information with respect to any requests for admissions other than nos. 25-26, 41-48 and 59-60. Moreover, courts have rejected the counting methodology that ProMOS urges this Court to employ, including courts in the cases cited by ProMOS. *See, e.g., Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.* 2002 WL 534459, at *3 (W.D. Va. Mar. 18, 2002) (applying "the more lenient *Kendall* standard"); *Stevens v. Federated Mutual Ins. Co.*, 2006 WL 2079503, at *5 (N.D. W. Va., July 25, 2006); *see also Ginn v. Gemini, Inc.*, 137 F.R.D. 320, 322 (D. Nev. 1991) (holding that, under a local rule limiting interrogatories, "interrogatory subparts are to be counted as part of but one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question.").

[3] ProMOS's citation to *Walker v. Lakewood Condominium Owner Ass'n*, 186 F.R.D. 584 (C.D. Cal. 1999), is also inapposite. ProMOS argues that *Walker* should be read to require that Freescale cannot now decide what parts of interrogatory no. 30 it wants answered. *Walker* does not even relate to an interrogatory referring to RFAs, however. In *Walker*, the party served a set of interrogatories, to which the other side served only objections. The party then served a second set, which put it over the limit. The court refused to allow the party to withdraw the first set because the opposing party had already served responses. In this case, ProMOS did not respond to interrogatory no. 30 with respect to any RFAs, and the court's reasoning in *Walker* has no application.

The Honorable Vincent J. Poppiti
May 23, 2008
Page 2

of *Am. v. Rawstrom*, 181 F.R.D. 441, 446 (C.D. Cal. 1998) ("In principle, the requests for admissions must be examined and the relationship among them must be determined.") and *Stevens v. Federated Mut. Ins. Co.*, 2006 WL 2079503 (N.D. W. Va. July 25, 2006) (citing *Safeco*).

In the *American Chiropractic* case cited by ProMOS, the interrogatory sought discovery on a number of RFAs. 2002 WL 534459 at *3. One party had served eight RFAs and received an unqualified admission in response to only one. *Id.* Though the court did not order the party opposing discovery to respond to that interrogatory, it did allow the party seeking discovery to exceed the limit and required the opposing party to respond to parts of another interrogatory. *Id.* at *3-4. The court so ruled notwithstanding the objection "that the additional interrogatories relate to the questions raised by [defendant's] requests for admission and would not have been propounded otherwise." *Id.* at *4. *American Chiropractic* thus confirms that courts will not allow a party to shirk its discovery responsibilities based on technicalities. In the end the court reasoned that the discovery was necessary and would "supply the plaintiffs with any relevant information needed to prevent surprise in the preparation of the case for trial . . ." *Id.* This Court can and should reach the same result in this case.

ProMOS's other argument – "that requests for admissions are not a permissible method of obtaining fact discovery" – is equally unpersuasive. *In re Olympia Holding Corp.,* 189 B.R. 846, 853 (Bankr. N.D. Fla. 1995), cited by ProMOS, involved an attempt to compel the defendant to explain the reasons for the denials of RFAs in its responses to those RFAs. Freescale has moved to compel a response to an interrogatory rather than the RFAs, and the *Olympia Holding* case therefore has no application here.

Finally, it is not premature or impermissible to direct that ProMOS provide the information Freescale has requested in its supplemental interrogatory responses, as ProMOS contends. Freescale has a legitimate concern that ProMOS will not provide the requested information when it supplements its responses to interrogatory nos. 4, 9, and 21 because ProMOS has never stated that it would. If ProMOS had done so – as Freescale did with respect to the two items raised in ProMOS's fourth discovery letter – then Freescale would not pursue this motion. Freescale is aware of no authority – and ProMOS cites none – which supports the notion that the Court cannot or should not direct ProMOS to provide the requested information in its supplemental interrogatory responses. Freescale should not have to wait and see how ProMOS responds when ProMOS has at every juncture refused to provide the discovery in question and has provided no assurance that it will do so in the future.

In sum, Freescale needs the discovery ProMOS is withholding. The information requested is unquestionably relevant to the issues in this litigation and there is no other means by which Freescale can obtain it. As shown above and in its opening brief, there are at least three ways in which the Court can provide Freescale the relief it requests. ProMOS should be compelled to provide the requested discovery under any of these alternative grounds.

Respectfully,

*/s/ Mary B. Graham*

Mary B. Graham (#2256)

MBG/nlm
cc:   All counsel on service list

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 23, 2008, the foregoing was caused to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

In addition, the undersigned hereby certifies that on May 23, 2008 true and correct copies of the foregoing were caused to be served upon the following parties in the manner indicated:

**BY HAND DELIVERY (in triplicate):**

Vincent J. Poppiti, Esq.
BLANK ROME LLP
1201 North Market Street, Suite 800
Wilmington, DE  19801-4226

**BY E-MAIL:**

Vincent J. Poppiti, Esq.
**poppiti@blankrome.com**
BLANK ROME LLP

WITH A COPY TO:

Elizabeth Oestreich
**oestreich@blankrome.com**
Mary Levan
**levan@blankrome.com**
Carrie David
**david-c@blankrome.com**
BLANK ROME LLP

**BY E-MAIL AND HAND DELIVERY**

John G. Day, Esq.
Steven J. Balick, Esquire
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE  19899

**jday@ashby-geddes.com**
**sbalick@ashby-geddes.com**

**BY E-MAIL AND FEDERAL EXPRESS**

Sten A. Jensen, Esq.
HOGAN & HARTSON LLP
555 Thirteenth Street, NW
Washington, DC  20004

**sajensen@hhlaw.com**

**BY E-MAIL:**

Steven J. Routh, Esq.
**sjrouth@hhlaw.com**
William H. Wright, Esq.
**whwright@hhlaw.com**
HOGAN & HARTSON LLP

William C. Gooding, Esq.
**billgooding@gooding-crittenden.com**
GOODING & CRITTENDEN, L.L.P.

*/s/ Mary B. Graham*

───────────────────────────────
Mary B. Graham (#2256)

1383169