IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PROMOS TECHNOLOGIES, INC., | ) | **REDACTED** |
| | ) | **PUBLIC VERSION** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-788 (JJF) |
| | ) | |
| FREESCALE SEMICONDUCTOR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PROMOS'S REPLY LETTER TO THE SPECIAL MASTER
DATED MAY 23, 2008 REGARDING BENZEL DEPOSITION**

(DM___)

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel*:

William H. Wright
Hogan & Hartson LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 785-4672

Steven J. Routh
Sten A. Jensen
Hogan & Hartson LLP
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637-6472

Dated: May 23, 2008

{00216557;v1}

Dear Judge Poppiti:

ProMOS Technologies, Inc. ("ProMOS") respectfully submits this reply in support of its request for an order compelling Freescale Semiconductor, Inc. ("Freescale") to re-produce its own Rule 30(b)(6) witness to testify about substantive changes made in an errata sheet.

In its response, Freescale asserts that it is not necessary to re-open the deposition because "Mr. Benzel has already provided the information he had in the errata sheet to his deposition." FSI Letter at 1. That assertion – which would deny ProMOS its right to cross-examine the witness regarding the reasons given in the errata for making the changes - is contrary to law. Lockheed Martin Corp. v. L-3 Comm'ns Corp., 2007 WL 2209250, *8 (M.D. Fla. July 29, 2007) (rejecting argument that an errata sheet can take the place of a party's right to cross-examine the witness); see also Receivables Purchasing Co., Inc. v. Engineering and Professional, 2006 WL 1096365, *1 (W.D. Ark. Apr. 25, 2006) ("Further, defendant may move to reopen the deposition to give defendant a chance to impeach plaintiff with his contradictory answers"). If it were true that a party could avoid re-opening a deposition merely by arguing that the witness already provided all of the information in his possession in the errata sheet, witnesses would have a perverse incentive to change deposition testimony after the fact so that they could avoid cross-examination on critical issues. Cf. Foutz v. Town of Vinton, 211 F.R.D. 293, 295 (W.D. Va. 2002) (noting that "the deposition must be reopened to give the defendants the opportunity to impeach Fautz with his contradictory answers").

Freescale also argues that ProMOS has failed to prove that the changes made in the errata sheet are so substantial as to render the deposition incomplete. FSI Response at 1, citing Lugtig v. Thomas, 89 F.R.D. 639 (N.D. Ill. 1981). But in Lugtig, the court *did* permit the re-opening of the deposition, and it did so based on changes that were similar to those presented here. Id. at 641 ("an answer of 'yes' was changed to 'no' or an answer of 'no' was changed to 'yes'"). The other case cited by Freescale on this point, Allen & Co. v. Occidental Petroleum Corp., 49 F.R.D. 337, 341 (S.D.N.Y. 1970), is easily distinguishable because it involved "the witness' changing his testimony in one place so as to be consistent with his testimony at another place in the same deposition." The Court premised its holding on the fact that the deposing party "already had an opportunity to cross-examine the witness on both the original answer and the answer as changed, such that further cross-examination is not called for." Id.[1]

**REDACTED**

---

[1] In addition, the witness changed one answer regarding the whereabouts of a particular person from "I think he was in where, Baida" to "I think he was in Tripoli or Baida." The court specifically noted that this was not a contradiction on a point that was vital to the case. Id. at 341. This type of change bears no relationship to the type of change made by Mr. Benzel.

{00219215;v1}

**REDACTED**

Freescale also argues that ProMOS's questioning of Mr. Benzel should be limited in time and scope. With regard to time, while ProMOS would have been willing to limit Mr. Benzel's deposition to one hour for the sake of compromise and to avoid the need to involve the Special Master, Freescale did not accept that offer.

**REDACTED**

With regard to scope, ProMOS does not wish to re-tread old ground with Mr. Benzel, but it is entitled to ask Mr. Benzel about the reasons for his original answer, the reasons for his changes, whether those changes originated with counsel or on his own, and any other questions "made necessary" by the changed answers. Lugtig v. Thomas, 89 F.R.D. 639, 642 (N.D. Ill. 1981) ("Deposing counsel can ask questions which were made necessary by the changed answers, questions about the reasons the changes were made, and questions about where the changes originated, whether with the deponent or with his attorney.") (case cited by Freescale).

**REDACTED**

ProMOS therefore is entitled to explore that issue, as well as ask follow-up questions that it would have asked in the first deposition had Mr. Benzel's original answer been "yes" rather than "no." See, e.g., Reilly v. TXU Corp., 230 F.R.D. 486, 491 (N.D. Tex. 2005).

Finally, Freescale suggests that it should not be required to pay ProMOS's costs in connection with the re-deposition because Freescale eventually was willing to agree to re-open the deposition for a limited scope and limited time. That argument misses the mark – the assessment of costs against the party responsible for making the changes would have applied even if Freescale had re-opened the deposition voluntarily – it is intended as a mechanism for ensuring that parties do not abuse the right to make substantive changes in errata sheets. Reilly, 230 F.R.D. at 490 (party responsible for making changes is automatically assessed "the costs of additional discovery necessitated by the substantive changes against the deponent"). As noted in a case cited by Freescale, "[s]ince it is defendant's actions which necessitate reopening the examination of defendant, the costs and attorneys fees connected with the continued deposition will be borne by defendant." Lugtig v. Thomas, 89 F.R.D. at 642.

Finally, it is worth correcting the record on one point. Although Freescale complains that ProMOS has "again misrepresented the record" by referring to Mr. Benzel's original testimony as not "totally truthful," FSI Letter at 2 n.4,

**REDACTED**

>Respectfully submitted,
>
>*/s/ Lauren E. Maguire*
>
>Lauren E. Maguire

LEM/dmf

cc:   Mary B. Graham, Esquire (via electronic mail)
      Steven J. Routh, Esquire (via electronic mail)
      David L. Witcoff, Esquire (via electronic mail)

{00219215;v1}