IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PROMOS TECHNOLOGIES, INC., | ) | REDACTED |
| | ) | PUBLIC VERSION |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-788 (JJF) |
| | ) | |
| FREESCALE SEMICONDUCTOR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**LETTER TO THE SPECIAL MASTER REGARDING THE DESIGNATION OF
(1) CHAN PATENT CLAIMS AND (2) REPRESENTATIVE
PRODUCTS FOR PRESENTATION AT TRIAL**

(DM___)

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel*:

William H. Wright
Hogan & Hartson LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 785-4672

Steven J. Routh
Sten A. Jensen
Hogan & Hartson LLP
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637-6472

Dated: June 6, 2008

June 6, 2008

The Hon. Vincent J. Poppiti, Special Master
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801

Re: *ProMOS Technologies, Inc. v. Freescale Semiconductor*, Inc. C.A. No. 06-788 (JJF)

Plaintiff ProMOS Technologies, Inc. ("ProMOS") respectfully submits this letter regarding the designation of (1) Chan patent claims and (2) representative products for presentation at trial.

1. **ProMOS's Designation of 15 Chan Patent Claims for Trial**

The Complaint in this action asserts 106 claims in 3 patents, the Fortin '267 patent, the Chan '709 patent, and the Chan '241 patent. To streamline this case for trial, ProMOS recently dropped all claims of the Fortin patent, and it has now designated a total of 15 claims of the Chan patents to be presented at trial: claims 1, 2, 8, 9, 12, 14, 17, 21, 22, 25 of the '709 patent, and claims 1, 5, 16, 25 & 26 of the '241 patent. For the reasons set forth below, ProMOS submits that these 15 Chan patent claims are a manageable number in moving forward to trial. Moreover, to the extent any further narrowing is to be done by ProMOS, it would make most sense and be most fair for it to occur after ProMOS has (1) reviewed Freescale's updated invalidity positions, (2) completed its analysis of Freescale's representative products, including those for the recently completed "paragraph 4" products, and (3) received and evaluated the Court's Markman ruling.

   a. **The 15 Claims Designated by ProMOS Will Permit Efficient, Manageable, and Fair Proceedings Going Forward In This Case**

When the current Scheduling Order was being set for a 5-day trial, Freescale asked the Special Master to require ProMOS to narrow its claims to a total of 10 or fewer claims for presentation at trial. See, e.g., Freescale's April 25, 2008 submission to Special Master. Now that ProMOS has reduced the number of asserted claims to 15, Freescale suggests that ProMOS should be limited to asserting a total of 5-6 claims at this stage of the case. Both Freescale positions are unnecessarily restrictive and would unfairly prejudice ProMOS. ProMOS has carefully selected the above-referenced 15 claims with an eye toward: (1) permitting an efficient and complete presentation of evidence during the course of the scheduled 5-day trial, and (2) retaining claims that include important limitations for purposes of infringement and validity analysis.

The 15 claims identified by ProMOS provide a manageable set of patent claims for presentation at trial. Of the '709 patent claims, only claims 1, 17, and 22 are independent, and claim 14 depends from a separate independent claim 13. Of the '241 patent claims, only claim 1 and 16 are independent. All 4 of the independent claims of the '709 patent, however, share common limitations, with claims 13, 17, and 22 adding or removing only a few discrete limitations from those in claim 1. For example: claim 13 adds a limitation not found in claim 1 that input data is

The Honorable Vincent J. Poppiti
June 6, 2008
Page 2

provided to the RAM "at the same time" output data is provided to the system port (while claim 1 provides that memory accesses at the host port are "decoupled" from memory accesses at the system port), but is otherwise nearly identical to claim 1; claim 17 contains many of the same limitations of claim 13, but it claims a broader "memory write register" and includes a "memory update register" of dependent claim 9; and claim 22 adds a bypass path for passing data between the host port and the system port. Accordingly, once the proof regarding claim 1 and its asserted dependent claims has been presented, only limited additional testimony and evidence will be required to present each of the other asserted independent claims at trial.

Similarly, each of the asserted dependent claims introduce only one or two additional limitations, albeit limitations that are important to to either ProMOS's infringement or validity positions. For example, claims 2, 8, 9 and 12 of the '709 patent depend from claim 1, and each adds a discrete limitation that can readily be explained once the limitations of claim 1 have been presented. These additional limitations are important from an infringement and validity standpoint (e.g., claim 2 adds a "read hold register" and claim 9 adds a "memory update register," both of which can readily be explained and are found in Freescale's products, but not in much of the prior art). Similarly with respect to the asserted dependent claims of the '241 patent, dependent claim 5 of the '241 patent adds only a single (but important) element to independent claim 1. In short, the number of claims alone is not as important as the amount of time it will take to present them at trial. Because many of the claims designated by ProMOS share similar limitations, without being redundant, they can be presented efficiently at trial. ProMOS therefore believes that its designation of 15 claims is both reasonable and appropriate.

    **b.    Any Further Narrowing Of Claims Should Be Deferred Until ProMOS Has More Complete Information On Which To Base Decisions**

To the extent any additional narrowing of the claims is desirable, ProMOS will be in a better position to evaluate which claims should be dropped after it receives the Markman ruling from Judge Farnan and Freescale's amended invalidity contentions. Freescale has asserted that many of the remaining asserted claims are invalid. If Judge Farnan were to agree with Freescale as to one or more claims, then they would not need to be addressed at trial. Moreover, after receiving Freescale's amended invalidity contentions, ProMOS will be in a better position than it is now to determine whether the claims could be narrowed by a few more claims, and how to go about doing so. Finally, ProMOS is still analyzing some of the "paragraph 4" products for which Freescale has only recently provided discovery, and it will be in a better position to assess the importance of some of the asserted claims after that process is complete.

**REDACTED**

The Honorable Vincent J. Poppiti
June 6, 2008
Page 3

**REDACTED**

The Honorable Vincent J. Poppiti
June 6, 2008
Page 4

**REDACTED**

The Honorable Vincent J. Poppiti
June 6, 2008
Page 5

**REDACTED**

\* \* \*

ProMOS looks forward to discussing these issues further with the Special Master during the June 9, 2008 conference call.

The Honorable Vincent J. Poppiti
June 6, 2008
Page 6

                              Respectfully,

                              /s/ *Lauren E. Maguire*

                              Lauren E. Maguire

LEM: nml
Attachments

cc:    Mary B. Graham, Esquire (via electronic mail; w/attachments)
        Steven J. Routh, Esquire (via electronic mail; w/attachments)
        David L. Witcoff, Esquire (via electronic mail; w/attachments)

# EXHIBITS 1 – 3

# REDACTED IN THEIR ENTIRETY