## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PROMOS TECHNOLOGIES, INC., | ) | REDACTED |
| | ) | PUBLIC VERSION |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-788 (JJF) |
| | ) | |
| FREESCALE SEMICONDUCTOR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**LETTER TO THE SPECIAL MASTER FOLLOWING UP ON THE DESIGNATION OF
(1) CHAN PATENT CLAIMS AND (2) REPRESENTATIVE
PRODUCTS FOR PRESENTATION AT TRIAL**

**(DM___)**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel*:

William H. Wright
Hogan & Hartson LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 785-4672

Steven J. Routh
Sten A. Jensen
Hogan & Hartson LLP
555 Thirteenth Street, NW
Washington, DC  20004
(202) 637-6472

Dated:  June 11, 2008

June 11, 2008

**CONFIDENTIAL – OUTSIDE COUNSEL ONLY**

The Hon. Vincent J. Poppiti, Special Master
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801

**Re:**   ***ProMOS Technologies, Inc. v. Freescale Semiconductor*, Inc. C.A. No. 06-788 (JJF)**

Dear Judge Poppiti:

This letter will respond to the request made by the Special Master during the June 10 conference call for a report back by close of business today on whether the parties have reached agreement on (1) the Chan patent claims to be asserted at trial, and (2) designated representative products. We also wish to alert Your Honor to a number of additional issues under discussion that may require your involvement in the coming days.

**1.     Chan Patent Claims to be Asserted at Trial**

On Monday, Your Honor directed the parties to make further efforts to reduce the number of Chan patent claims to be asserted at trial. Pursuant to that direction, we spent yesterday (as well as much of last night, which comprised business hours in Taiwan) reviewing the large volume of supplemented discovery responses served by Freescale late Monday night and internally considering how to reduce the number of asserted claims. As a result, ProMOS is prepared to narrow the asserted Chan patent claims for trial to the following: '709 patent claims 2, 8, 12, 14, 22 & 25; and '241 patent claims 1, 16 & 26. This further narrowing of asserted claims has been difficult, because it necessitates dropping a number of strong and useful claims. But ProMOS has agreed to take this step, consistent with Your Honor's direction of Monday.

Not only is narrowing ProMOS's case to 6 claims of the '709 patent and 3 claims of the '241 patent consistent with Your Honor's direction of Monday (see 6/9/08 Tr. at 7), but the assertion of 9 total Chan patent claims also is within the range that Freescale itself said would be acceptable in its April 25 submittal in connection with the scheduling of a 5-day trial on the Chan patents (urging that the asserted Chan patent claims be reduced to 6-10 claims). Finally, by agreeing to reduce to 9 the total number of asserted claims, ProMOS has gone further than Judge Farnan required any of the parties to go in any of the exemplary cases relied on by Freescale in its submittal to Your Honor of last Friday. See Freescale's June 6, 2008 submittal, Exhibit A at 7 (Opinion in <u>Fenster v. Siemens</u> directing reduction to 10 asserted claims for a "typical patent litigation"); Exhibits B at 5-6, C & D (pretrial conference and Order in <u>Affymetrix v. Illumina</u> directing reduction to 12 asserted claims for 5-day trial, with all 12 claims presented to jury).[1]

---

[1]  The other cases cited in Exhibit D to Freescale's June 6 submittal are not relevant, because they may merely reflect the limited number of patent claims available to plaintiffs, as opposed to court-directed limitation.

The Honorable Vincent J. Poppiti
June 11, 2008
Page 2

ProMOS thus has now done what it was asked to do. When we discussed with Freescale's counsel this morning the above-listed Chan patent claims that ProMOS will assert at trial, Mr. Wamsley indicated that he needed additional time before responding. We informed him that we would not object to a request to Your Honor for an additional day in which Freescale could submit its position on the report that you ordered us to make today. But, in light of the above reduction of asserted claims and related information, as well as the explanation provided in our June 6 submittal concerning how the remaining asserted claims could be efficiently presented at trial, we see no reasonable basis for Freescale to seek a further, compelled narrowing of the Chan patent claims to be presented at trial.

**REDACTED**

The Honorable Vincent J. Poppiti
June 11, 2008
Page 3

**REDACTED**

Respectfully,

/s/ *Lauren E. Maguire*

Lauren E. Maguire

{00223076;v1}

The Honorable Vincent J. Poppiti
June 11, 2008
Page 4


cc:     Mary B. Graham, Esquire (via electronic mail)
        Steven J. Routh, Esquire (via electronic mail)
        David L. Witcoff, Esquire (via electronic mail)