IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PROMOS TECHNOLOGIES, INC., | ) | |
| | ) | **REDACTED PUBLIC** |
| Plaintiff, | ) | **VERSION** |
| | ) | |
| v. | ) | C.A. No. 06-788 (JJF) |
| | ) | |
| FREESCALE SEMICONDUCTOR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**FREESCALE'S MAY 20, 2008 LETTER TO SPECIAL MASTER
REGARDING BENZEL DEPOSITION**

# DM \_\_\_

                                                MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                                Mary B. Graham (#2256)
                                                James W. Parrett, Jr. (#4292)
                                                1201 N. Market Street
                                                P.O. Box 1347
                                                Wilmington, DE 19899-1347
                                                302.658.9200

OF COUNSEL:                                mgraham@mnat.com

                                                *Attorneys for Freescale Semiconductor, Inc.*

David L. Witcoff
Kevin P. Ferguson
John M. Michalik
JONES DAY
77 West Wacker
Chicago, IL 60601-1692
312.782.3939

James L. Wamsley III
F. Drexel Feeling
Thomas R. Goots
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
216.586.3939

Dated: May 20, 2008
Redacted Filing Date: July 1, 2008

Dear Judge Poppiti:

ProMOS's request to reopen the deposition of Mr. Benzel is pointless and unnecessary, because Mr. Benzel has already provided the information he had in the errata sheet to his deposition. Notwithstanding that fact and notwithstanding the further fact that ProMOS has not shown that the errata sheet change Mr. Benzel made renders his deposition "incomplete or useless without further testimony," Freescale offered to compromise this dispute by producing him for 30 minutes with a scope limited to: (i) the reasons for the correction in his errata sheet and (ii) the circumstances regarding the preparation of that sheet. ProMOS refused to compromise, insisting that it needed an hour, even though the entire original Benzel deposition on nineteen 30(b)(6) topics lasted only 45 minutes. ProMOS's request is unreasonable, and Freescale cross-moves for a protective order limiting the scope and length of the deposition as proposed above.

In his deposition, Mr. Benzel provided 30(b)(6) testimony on nineteen topics concerning the ▒▒▒▒▒▒▒▒▒▒ cores that Freescale purchases from ▒▒▒. ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒ Because these components are purchased from ARM, Freescale's knowledge of their inner workings is limited. Benzel Tr. at 11:6-23:18.[1]

In his errata sheet, Mr. Benzel corrected his answer to a question on whether Freescale's knowledge of the internal structure of the ▒▒▒▒▒▒ went beyond the description in the ▒▒▒ Technical Reference Manual ("TRM"). *See* Benzel errata sheet.[2] He had originally answered "No." Tr. at 23. In his errata sheet, he noted that at the time of his deposition, he had forgotten that another design group had modified the ▒▒▒▒▒▒. *See* ProMOS Ex. 3. Mr. Benzel stated that because the modified design was used with a different processor, he was unsure whether any knowledge of the L210 resulted. *See id*. Although the entire original deposition lasted only 45 minutes, ProMOS was unwilling to limit itself to 30 minutes of deposition time with respect to this one change.

Absent Freescale's offer to produce Mr. Benzel for 30 minutes as a compromise, ProMOS would have trouble meeting the standard for re-opening Mr. Benzel's deposition. In order to re-open, the deposing party must show that the changes "were so substantial as to cause the deposition to become incomplete or useless without further testimony." *See Lugtig v. Thomas*, 89 F.R.D. 639, 642 (N.D. Ill. 1981). In its letter, ProMOS fails to make that showing."[3]

---

[1]  The Benzel Transcript is attached as Ex. 2 to ProMOS's letter.

[2]  The Benzel Errata Sheet is attached as Ex. 3 to ProMOS's letter.

[3]  That the change in Mr. Benzel's errata sheet is not substantial is demonstrated by the cases on Rule 30(e). *See, e.g., Medina v. Horseshoe Entertainment*, No. 05-0097, 2006 U.S. Dist. Lexis 49137 at *2, 10-11 (W.D. La. July 19, 2006) (26 changes; some contradictory); *Reilly v. TXU Corp.*, 230 F.R.D. 486 (N.D. Tex. 2005) (107 of 111 changes listed only "clarification" as reason); *Perkasie Indus. Corp. v. Advance Transformer, Inc.*, No. 90-7359, 1992 WL 166042 at *4 (E.D. Pa. June 11, 1992) (contradicted original testimony on "an important aspect of plaintiff's case"); *Tingley Systems, Inc. v. CSC Consulting, Inc*., 152 F. Supp. 2d 95, 119, 121 (D. Mass. 2001) (22 changes materially altering testimony while listing only "clarification" as reason); *Lugtig*,

The Honorable Vincent J. Poppiti
May 20, 2008
Page 2


*See Allen & Co. v. Occidental Petroleum Corp.*, 49 F.R.D. 337, 341 (S.D.N.Y. 1970) ("Defendant has failed to show that this change was so direct a contradiction of prior testimony on a vital point as to warrant further cross-examination.").

   Moreover, Mr. Benzel's errata sheet has already provided ProMOS virtually all the information it would learn in a reopened deposition. When allowing a deposition to be re-opened based on changes in an errata sheet, courts generally restrict both time and scope, allow re-opening "for the limited purpose of inquiring into [1] the reasons for the changed answers and [2] where the changes originated." *See, e.g., Tingley Systems, Inc. v. CSC Consulting, Inc.*, 152 F. Supp.2d 95, 121 (D. Mass. 2001). Mr. Benzel's errata sheet describes in detail both the reasons he changed his answer and where the change originated. *See* ProMOS Ex. 3.

   Mr. Benzel's testimony and his errata sheet demonstrate that he has no further testimony to provide. While some courts mandate that "[n]o deposition shall extend beyond the subject matter of the reasons for the changes and the origination of the changes," *e.g., Tingley*, 152 F. Supp.2d at 121, other courts do allow "follow-up questions to the changed responses." *E.g., Reilly*, 230 F.R.D. at 491. Mr. Benzel's testimony (*see* ProMOS Ex. 2) reflects that his understanding of the internal structure of the ▒▒▒▒▒▒ is limited to the description in ▒▒▒▒ TRM, and his errata sheet reflects that he doesn't know the knowledge in the group that developed the ▒▒▒▒ (*see* ProMOS Ex. 3). With respect to any follow-on questions concerning the ▒▒▒▒, Freescale has separately agreed to provide a witness who can testify about the use of the ▒▒▒▒▒▒▒▒▒▒▒▒ processor.

   In sum, ProMOS's insistence on re-opening Mr. Benzel's deposition is a waste of time. Any re-opening is narrow in scope and "does not permit [ProMOS] to begin the entire deposition anew or to inquire into subject areas unaffected by [Mr. Benzel's] corrections." *See Medina,* 2006 U.S. Dist. Lexis 49137 at *2. In light of the appropriate scope limits established in the caselaw and the above discussion concerning the errata sheet,[4] ProMOS's statement that it cannot agree to a 30-minute time limit because "it is not clear in advance of the of re-opening the deposition the extent and nature of the information Mr. Benzel may have to provide or how readily such information may be adduced" lacks merit.

---

   89 F.R.D. at 641 (69 changes including 'yes' to 'no' or vice versa, '6 feet' to '8 to 10 feet' and '3 minutes' to '10-20 seconds', as well as 30 changes where response retracted).

[4] During the meet-and-confers on this topic, Freescale made the point that, despite Mr. Benzel's choice of words in his errata sheet, the substance of the change makes it clear that at the time of his deposition, the answer he provided was in fact "truthful." In spite of this fact, and in spite of the fact that Mr. Benzel's stated, "I don't believe the answer 'No' to this question to be totally truthful," only with respect to his answer to a single question, ProMOS has taken the liberty of changing Mr. Benzel's statement from the singular to the plural in an unwarranted effort to suggest that he made "substantive changes" to his "deposition answers" and that his "original answers were not 'totally truthful.'" PM letter at 1. In doing so, ProMOS has again misrepresented the record in a further attempt to build an unwarranted case for discovery sanctions against Freescale.

The Honorable Vincent J. Poppiti
May 20, 2008
Page 3

      ProMOS's request for costs and fees under these circumstances should also be rejected as not supported by the caselaw.  In determining whether to award costs or fees, courts evaluate which of the parties' actions necessitate re-opening the deposition for further testimony. *See, e.g., Lugtig,* 89 F.R.D. at 641 (noting that the "number and type of changes … justify allowing plaintiff to reopen the deposition," and awarding costs and fees "[s]ince it is defendant's actions which necessitate reopening the examination of defendant").  Because ProMOS has not demonstrated (and in fact made no attempt to demonstrate in its letter brief) that the single change Mr. Benzel made was so significant as to necessitate re-opening his deposition, there is no basis for requiring Freescale to bear the costs.  *See id.*

      In addition, although Mr. Benzel's errata sheet far exceeds the requirements of Rule 30(e), as an offer of compromise, Freescale has agreed to re-open his deposition for a limited time and with a limited scope.  To assess ProMOS's fees and costs against Freescale in this situation would be unfair, particularly where ProMOS can conduct the other deposition to which Freescale has agreed on the same day.

      ProMOS's motion is wrong on the law and wrong on the facts.  Mr. Benzel's original deposition, which encompassed nineteen separate topics concerning three cores, lasted 45 minutes.  In moving to compel Freescale to make Mr. Benzel available for 60 minutes regarding a change to one single deposition answer, ProMOS is significantly overreaching.

      Because ProMOS has refused to accept the reasonable time and scope limits that Freescale has proposed for the re-opened deposition, Freescale hereby moves for a protective order under Rule 26(c).  Pursuant to the applicable caselaw and Rule 26(c)(1)(D), Freescale requests that the Court limit the scope of the questioning to:

      (1)  the reasons for the changes, and
      (2)  the source of the changes.

And pursuant to applicable caselaw and Rule 26(c)(1)(B), Freescale requests that the Court limit Mr. Benzel's deposition to no more than 30 minutes, which should provide ProMOS more than enough time to inquire as to (1) and (2).

      As demonstrated by the foregoing discussion, Freescale's motion for a protective order is fully supported by the relevant caselaw.  Freescale respectfully requests that it be granted, and that ProMOS's first May 13 discovery letter be denied.

                                     Respectfully,

                                      */s/ Mary B. Graham*

                                      Mary B. Graham (#2256)

MBG/lmc
cc:    All counsel on service list
2337686

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 1, 2008, the foregoing was caused to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

In addition, the undersigned hereby certifies that on July 1, 2008 true and correct copies of the foregoing were caused to be served upon the following parties in the manner indicated:

| | |
|---|---|
| **BY HAND DELIVERY:** | **BY E-MAIL** |
| Vincent J. Poppiti, Esq.<br>BLANK ROME LLP<br>1201 North Market Street, Suite 800<br>Wilmington, DE 19801-4226 | John G. Day, Esq.<br>Steven J. Balick, Esquire<br>ASHBY & GEDDES<br>500 Delaware Avenue, 8th Floor<br>Wilmington, DE 19899<br><br>**jday@ashby-geddes.com**<br>**sbalick@ashby-geddes.com** |
| **BY E-MAIL:**<br>Vincent J. Poppiti, Esq.<br>**poppiti@blankrome.com**<br>BLANK ROME LLP | **BY E-MAIL**<br>Sten A. Jensen, Esq.<br>HOGAN & HARTSON LLP<br>555 Thirteenth Street, NW<br>Washington, DC 20004<br><br>**sajensen@hhlaw.com** |
| WITH A COPY TO:<br><br>Elizabeth Oestreich<br>**oestreich@blankrome.com**<br>Mary Levan<br>**levan@blankrome.com**<br>Carrie David<br>**david-c@blankrome.com**<br>BLANK ROME LLP | **BY E-MAIL:**<br>Steven J. Routh, Esq.<br>**sjrouth@hhlaw.com**<br>William H. Wright, Esq.<br>**whwright@hhlaw.com**<br>HOGAN & HARTSON LLP<br><br>William C. Gooding, Esq.<br>**billgooding@gooding-crittenden.com**<br>GOODING & CRITTENDEN, L.L.P. |

*/s/ James W. Parrett, Jr.*
_____
James W. Parrett (#4292)

1383169