IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PROMOS TECHNOLOGIES, INC., | ) | REDACTED PUBLIC VERSION |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 06-788 (JJF) |
| FREESCALE SEMICONDUCTOR, INC., | ) | |
| Defendant. | ) | |

**FREESCALE'S RESPONSE TO FOURTH OF FOUR PROMOS DISCOVERY
<u>LETTERS DATED MAY 13, 2008</u>**

# DM ___

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
302.658.9200
mgraham@mnat.com

OF COUNSEL:

*Attorneys for Freescale Semiconductor, Inc.*

David L. Witcoff
Kevin P. Ferguson
John M. Michalik
JONES DAY
77 West Wacker
Chicago, IL  60601-1692
312.782.3939

James L. Wamsley III
F. Drexel Feeling
Thomas R. Goots
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
216.586.3939

Dated:  May 20, 2008
Redacted Filing Date: July 1, 2008

Dear Judge Poppiti:

This letter responds to the fourth of four ProMOS discovery letters filed May 13, on the issue of damages-related discovery and possible products. This fourth letter serves no purpose other than to harass Freescale, providing further evidence of ProMOS's unreasonable approach to discovery. As ProMOS itself admits, the motion was filed notwithstanding an agreement by Freescale to provide the very information that its motion requests. ProMOS violated the Special Master's procedures in filing this fourth letter.[1]

ProMOS concedes in its opening paragraph that Freescale agreed to provide available responsive information with respect to both issues raised. Indeed, the parties reached agreement on how to resolve these issues during a series of meet-and-confer sessions and follow-up emails. Notwithstanding that fact, ProMOS chose to file its fourth discovery letter—which does not ask for an order to compel Freescale to provide any information—but rather seeks to "reserve its rights to seek further relief on each of these two issues." No such "reservation of rights" was necessary or appropriate, and with the filing of the letter, ProMOS has needlessly burdened the Court and Freescale with yet another set of papers to review and, in Freescale's case, to respond to. Because no discovery dispute is properly before the Special Master, the fourth ProMOS letter should be dismissed.

**1**.    **Request for Damage-Related Discovery**

ProMOS asked Freescale to provide manufacturing information for eight products and assembly data for twenty products. To put this request in proper context, Freescale has already provided manufacturing and assembly data for over 8,000 products. Freescale has been diligently looking for additional information for the specific products identified by ProMOS. Indeed, the day before ProMOS filed its fourth letter brief, Freescale counsel advised ProMOS:

> "I have now conferred with Leo Agozzino on the damages discovery issue raised in item 3.a. of your May 1 email to me. Leo indicates that we are attempting to find 'missing' manufacturing and assembly data for a small number of products identified in Martin Price's April 28 letter. We are experiencing delays because the person who put together the initial schedules has since left Freescale. We will produce the manufacturing and assembly information we are able to track down relating to those identified products.
>
> I understand that this resolves the issue you have raised under item 3.a. of your email."[2]

---

[1]    ProMOS's fourth discovery letter—like the other three—was not accompanied by a certification of the communications between the parties attempting to resolve the discovery dispute, including the results thereof, notwithstanding the requirement for such a certification in the Special Master's procedures (and in Fed.R.Civ.P. 37(a)(1)). Indeed, given that Freescale had agreed to provide the requested information, no suitable certification complying with that requirement could have been made.

[2]    *See* Ex. 1, May 12, 2008 email from J. Wamsley to S. Cook.

The Honorable Vincent J. Poppiti
May 20, 2008
Page 2

Rather than respond to this email to raise any additional issues and, despite Freescale's agreement, ProMOS proceeded to file its fourth discovery letter.

Freescale has completed its investigation and has produced the additional requested information that is available to it.[3] There is nothing more to do. Accordingly, this aspect of ProMOS' fourth discovery letter should be dismissed.

**2.    ProMOS' Request for Product Information**

Freescale provided an identification of additional products containing a data cache consistent with its obligations under the Agreement on Discovery Issues Related to DM4 on April 23 and 25. A week later, Freescale received a list of "possible products" from ProMOS set forth on a list found at para. 6.j. of a May 1 e-mail. The email inquired about the items listed, and whether they contained data caches.[4]

Based on Freescale's investigation in April, none of the products listed in Ms. Cook's e-mail were included in the paragraph 2 or paragraph 4 lists submitted by Freescale pursuant to the agreement on DM4. Freescale's counsel stated this fact in an e-mail to Ms. Cook on May 19. Later that day, ProMOS responded by requesting that Freescale further investigate two specific parts ▮▮▮▮▮ and the corresponding evaluation board), which ProMOS stated were available on the Freescale website. Freescale has now completed its investigation for those

---

[3]    The results of Freescale's investigation are contained in spreadsheets bearing Bates Nos. FSI Del 336807 and FSI Del 336810. As previously explained to ProMOS, there is no manufacturing or assembly data for ▮▮▮▮▮. ProMOS also now has manufacturing data for the other seven products. Further, there is also no assembly data available for ▮▮▮▮▮▮▮▮▮▮ Assembly data for the remaining products ▮▮▮▮▮ ▮▮▮▮▮ has now been produced.

[4]    The May 1, 2008 list demonstrates yet again ProMOS's approach of laying in wait, rather than bringing up issues in a timely manner. The parties first held a meet-and-confer on this subject on Monday, May 12. ProMOS's counsel promised to identify whatever information it had identifying the supposed "products" on the May 1 list. ProMOS did not provide the alleged information to Freescale until five days later – at 8:00 in the evening on Friday, May 17. ProMOS then requested a response by the following Monday afternoon. The Freescale documents cited by ProMOS at that time were documents that ProMOS has had in its possession prior to sending its May 1 list. Yet ProMOS chose not to identify those documents in the May 1 email which asked Freescale to investigate that list. Moreover, each of those documents had been in ProMOS's possession for over three months and were in ProMOS's possession before it took the depositions of Freescale's technical witnesses. Rather than raise the issue of the "possible products" during discovery when it had the opportunity to do so, ProMOS chose to wait until after discovery had closed to raise it and Freescale had provided its lists under paragraphs 2 and 4 of the discovery agreement resolving DM4.

The Honorable Vincent J. Poppiti
May 20, 2008
Page 3

two items (which contain a previously accused core) and will be reporting total sales of $749 for them.[5]

       Freescale has no additional information to provide with respect to any other parts. Accordingly, this aspect of ProMOS' letter brief should be dismissed as well.

       For the foregoing reasons, ProMOS's fourth May 13 discovery letter should be dismissed.

                                     Respectfully,

                                     */s/ Mary B. Graham*

                                   Mary B. Graham (#2256)

MBG/lmc
cc:    All counsel on service list
2337785

---

[5] Freescale understands that, while samples of these parts are available, the parts will not be manufactured in production quantities until early 2009.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 1, 2008, the foregoing was caused to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

In addition, the undersigned hereby certifies that on July 1, 2008 true and correct copies of the foregoing were caused to be served upon the following parties in the manner indicated:

**BY HAND DELIVERY:**

Vincent J. Poppiti, Esq.
BLANK ROME LLP
1201 North Market Street, Suite 800
Wilmington, DE 19801-4226

**BY E-MAIL:**

Vincent J. Poppiti, Esq.
**poppiti@blankrome.com**
BLANK ROME LLP

WITH A COPY TO:

Elizabeth Oestreich
**oestreich@blankrome.com**
Mary Levan
**levan@blankrome.com**
Carrie David
**david-c@blankrome.com**
BLANK ROME LLP

**BY E-MAIL**

John G. Day, Esq.
Steven J. Balick, Esquire
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899

**jday@ashby-geddes.com**
**sbalick@ashby-geddes.com**

**BY E-MAIL**

Sten A. Jensen, Esq.
HOGAN & HARTSON LLP
555 Thirteenth Street, NW
Washington, DC 20004

**sajensen@hhlaw.com**

**BY E-MAIL:**

Steven J. Routh, Esq.
**sjrouth@hhlaw.com**
William H. Wright, Esq.
**whwright@hhlaw.com**
HOGAN & HARTSON LLP

William C. Gooding, Esq.
**billgooding@gooding-crittenden.com**
GOODING & CRITTENDEN, L.L.P.

*/s/ James W. Parrett, Jr.*
_____
James W. Parrett (#4292)

1383169

# EXHIBIT 1



| | | |
|---|---|---|
| **James L. Wamsley III/JonesDay**<br>Extension 67251<br>Outside: Dial 216-586-7251<br>05/12/2008 06:33 PM | To<br>cc<br>bcc<br>Subject | "Cook, Susan M." <SMCook@HHLAW.com><br>"Jensen, Sten A." <SAJensen@HHLAW.com>, "Routh, Steven J." <SJRouth@HHLAW.com>, "Thomas R. Goots" <trgoots@JonesDay.com>, "Wright, William H."<br>James L. Wamsley III/JonesDay<br>ProMOS v. Freescale Damages Info (Item 3.a) |

Susan--

I have now conferred with Leo Agozzino on the damages discovery issue raised in item 3.a. of your May 1 email to me. Leo indicates that we are attempting to find "missing" manufacturing and assembly data for a small number of products identified in Martin Price's April 28 letter. We are experiencing delays because the person who put together the initial schedules has since left Freescale. We will produce the manufacturing and assembly information we are able to track down relating to those identified products.

I understand that this resolves the issue you have raised under item 3.a. of your email.

--Jim

James L. Wamsley
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio   44114
Ph:  216-586-7251
Fax:  216-579-0212
Email:  jlwamsleyiii@jonesday.com

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========